IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TY CLEVENGER,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIATION, and NATIONAL SECURITY AGENCY,<br><br>Defendants | KUNTZ, J.<br>BLOOM, M.J.<br><br>Case No. CV 18 - 1568<br><br>RECEIVED<br>MAR 14 2018<br>PRO SE OFFICE |

## ORIGINAL COMPLAINT

Plaintiff Ty Clevenger ("Plaintiff") brings this action against Defendant U.S. Department of Justice, Defendant Federal Bureau of Investigation, and Defendant National Security Agency (collectively "Defendants") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, the Plaintiff alleges as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction under 5 U.S.C. § 552 (a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district because the Plaintiff resides in Kings County, New York.

### Parties

3. Plaintiff Ty Clevenger is an attorney licensed to practice in Texas and California. He resides in Brooklyn, New York.

4. Defendant U.S. Department of Justice ("DOJ") is an agency of the United States Government. It has possession, custody, and control of records to which Plaintiff seeks access.

Defendant is headquartered at 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

5. Defendant Federal Bureau of Investigation ("FBI") is an agency of the United States Government within DOJ. It has possession, custody, and control of records to which Plaintiff seeks access. Defendant is headquartered at 935 Pennsylvania Avenue, NW, Washington, D.C. 20535-0001.

6. Defendant National Security Agency ("NSA") is an agency of the United States Government. It has possession, custody, and control of records to which Plaintiff seeks access. Defendant is headquartered at 9800 Savage Rd., Suite 6272, Ft. George G. Meade, MD 20755-6000.

### Statement of Facts

7. On September 1, 2017, the Plaintiff submitted a FOIA request to DOJ and FBI that read as follows:

> I request the opportunity to view all records and correspondence pertaining to Seth Conrad Rich (DOB: January 3, 1989), who was murdered in the District of Columbia on or about July 10, 2016. This request includes, but is not limited to, any records or correspondence resulting from any investigation of his murder.

The Plaintiff submitted the FOIA request electronically and/or via facsimile to the following specific components of DOJ: the FBI, the Executive Office for U.S. Attorneys ("EOUSA"), the Criminal Division, and the Office of Information Policy ("OIP").

7. In a September 13, 2017 letter, the EOUSA indicated that it would not release records without proof of Mr. Rich's death. The Plaintiff immediately filed an administrative appeal, and OIP reversed EOUSA's decision on October 2, 2017, directing EOUSA to search for responsive records. As of the date of this Complaint, however, EOUSA has failed to: (1) produce the requested records or demonstrate that the requested records are lawfully exempt from production; or (2) notify the Plaintiff of the scope of any responsive records EOUSA intends to

produce or withhold and the reasons for any withholdings.

8. In a September 19, 2017 letter, the FBI indicated that its search produced no responsive records:

> Based on the information you provided, we conducted a search of the Central Records System. We were unable to identify main file records responsive to the FOIA. If you have additional information pertaining to the subject that you believe was of investigative interest to the Bureau, please provide us the details and we will conduct an additional search.

9. On September 30, 2017, the Plaintiff filed an electronic appeal of the FBI's decision with OPI, writing as follows:

> The September 19, 2017 letter that I received from the FBI indicates that it only searched the "Central Records System" and that it was unable to identify "main file records" responsive to the FOIA. My request was not limited to the Central Records System nor to main file records. Any responsive records likely would be found in emails, hard copy documents, and other files in the FBI's Washington Field Office. In my experience, the FBI often does not search email accounts in response to FOIA requests, and it appears that it did not search email records in this instance. The FBI should be directed to conduct a thorough search, to include emails and other records in the Washington Field Office.

The administrative appeal was denied on November 9, 2017. As of the date of this Complaint, other DOJ components have not responded to the Plaintiff's FOIA request.

10. In response to an unrelated FOIA request submitted by the Plaintiff, the FBI produced documents on January 12, 2018 indicating that Peter Baker, the former general counsel for the FBI, attempted to hide certain records from FOIA requestors. In that request, the Plaintiff sought records concerning laptop computers examined by the FBI as part of its investigation of former Secretary of State Hillary Clinton. According to the records produced on January 12, 2018, the FBI agreed to take custody of the laptops from two lawyers for purposes of the investigation, but it further agreed to deny that it had custody of the devices for purposes of FOIA requests. *See* Ty Clevenger, January 12, 2018, "Document dump provides more evidence that FBI was playing politics," http://lawflog.com/?p=1832. Also during Mr. Baker's tenure, the

FBI withheld records sought by another agency until that agency signed a non-disclosure agreement to prevent the records from being released to Congress. *See* September 25, 2017 Letter from Senator Charles Grassley to FBI Director Christopher Wray, https://www.grassley.senate.gov/news/news-releases/watchdog-agency-made-sign-non-disclosure-agreements-get-information-fbi.

11. With respect to Mr. Rich's murder, the Plaintiff is reliably informed that FBI agents assisted the District of Columbia's Metropolitan Police Department in its investigation, specifically assisting the local police as they sought information from Mr. Rich's electronic devices. Given the FBI's history of trying to conceal information from FOIA requestors and Congress, the Plaintiff must wonder whether the FBI entered an agreement with the Metropolitan Police to withhold records related to Mr. Rich's murder.

12. On October 10, 2017, the Plaintiff filed a FOIA request with NSA that sought, among other things, the following:

> All correspondence received from or sent to any member of Congress (or anyone representing a member of Congress or Congressional committee) regarding Seth Rich, Julian Assange, Wikileaks, Kim Dotcom, Aaron Rich, Shawn Lucas, Kelsey Mulka, Imran Awan, Abid Awan, Jamal Awan, Hina Alvi, and/or Rao Abbas.

13. In a letter dated February 14, 2018, the NSA indicated that it searched for responsive records but was still reviewing the records to determine whether to release them. As of the date of this Complaint, NSA has failed to: (1) produce the requested records or demonstrate that the requested records are lawfully exempt from production; or (2) notify the Plaintiff of the scope of any responsive records EOUSA intends to produce or withhold and the reasons for any withholdings.

## Count 1

### (Violation of FOIA, 5 U.S.C. § 552)

14. All prior paragraphs are incorporated herein by reference.

15. The Plaintiff is being irreparably harmed by the Defendants' violations of FOIA, and the Plaintiff will continue to be irreparably harmed unless the Defendants are compelled to comply with FOIA.

### Request for Relief

16. The Plaintiff respectfully requests that the Court: (1) order the Defendants to conduct a search for any and all records responsive to the Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the Plaintiff's FOIA request; (2) order the Defendants to produce, by a date certain, any and all non-exempt records responsive to the Plaintiff's FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin the Defendants from continuing to withhold any and all non-exempt records responsive to the Plaintiff's FOIA requests; (4) grant the Plaintiff an award of litigation costs reasonably incurred in this action pursuant to 5 U.S.C. §552(a)(4)(E); and (5) grant the Plaintiff such other relief as the Court deems just and proper.

Respectfully submitted,

_____ 3/14/18
Ty Clevenger
Texas Bar No. 24034380
P.O. Box 20753
Brooklyn, New York 11202-0753
(979) 985-5289
(979) 530-9523 (fax)
*tyclevenger@yahoo.com*

PLAINTIFF PRO SE

**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

KUNTZ, J.

TY CLEVENGER,

    Plaintiff,

BLOOM, M.J.

vs.

Case No. CV 18 - 1568

U.S. DEPARTMENT OF JUSTICE,
FEDERAL BUREAU OF
INVESTIATION, and NATIONAL
SECURITY AGENCY,

    Defendants



RECEIVED MAR 14 2018 PRO SE OFFICE

## MOTION TO PERMIT ECF FILING

Plaintiff Ty Clevenger moves the Court to grant him permission to use the Court's ECF system for purposes of this case. The Plaintiff is an active member of the State Bar of Texas, an inactive member of the State Bar of California, and a member of various federal court bars. The Plaintiff has used ECF systems in the federal district courts of Texas, the Western District of Tennessee, the Northern District of California, and the District Columbia, as well as in the Fifth Circuit, Ninth Circuit, and D.C. Circuit. As witnessed by his signature below, the Plaintiff declares under penalty of perjury under the laws of the United States that his statements in this motion are true and correct.

Respectfully submitted, 3/14/18

Ty Clevenger
Texas Bar No. 24034380
P.O. Box 20753
Brooklyn, New York 11202-0753
*tyclevenger@yahoo.com*

PLAINTIFF PRO SE