IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| TY CLEVENGER, | \| |
| *Plaintiff*, | \| |
| v. | \| |
| U.S. DEPARTMENT OF JUSTICE, *et al.*, | \| Civil Action No. 18-1568 (WFK-LB) |
| *Defendants*. | \| |

## DECLARATION OF GAIL BRODFUEHRER

I, Gail Brodfuehrer, declare the following to be true and correct:

1.      I am an Attorney in the Freedom of Information Act ("FOIA")/Privacy Act ("PA") Unit of the Office of Enforcement Operations in the Criminal Division of the United States Department of Justice (the "Criminal Division"). I have held this position since November of 2013. Prior to that time I was employed as an Attorney with the Criminal Appeals and Tax Enforcement Policy Section of the Tax Division of the United States Department of Justice from 1986 to 1994. I am a member of the bar of the State of Virginia.

2.      The FOIA/PA Unit is responsible for processing FOIA/PA requests seeking records from within the Criminal Division.[1] FOIA/PA Unit staff determine whether the Criminal

---

[1] The Criminal Division is comprised of seventeen sections: the Office of the Assistant Attorney General, the Appellate Section, the Computer Crime and Intellectual Property Section, the Capital Case Section, the Child Exploitation and Obscenity Section, the Fraud Section, the Human Rights and Special Prosecutions Section, the International Criminal Investigative Training Assistance Program, the Money Laundering and Asset Recovery Section, the Narcotic and Dangerous Drug Section, the Organized Crime and Gang Section, the Office of Enforcement Operations, the Office of International Affairs, the Office of Overseas Prosecutorial Development, Assistance and Training, the Office of Policy and Legislation, the Office of Administration, and the Public Integrity Section.

Division maintains records responsive to FOIA/PA requests, and if so, whether they can be released in accordance with the FOIA. In processing such requests, the FOIA/PA Unit consults with personnel in the Criminal Division sections where potentially responsive records may be maintained and, when appropriate, with other components within the Department of Justice ("DOJ"), as well as with other Executive Branch agencies.

3.      In my capacity as an Attorney in the FOIA/PA Unit, and in conjunction with the Chief and Deputy Chief of the FOIA/PA Unit, I assist in supervising the handling of FOIA and PA requests processed by the Criminal Division FOIA/PA Unit. I also am responsible for providing litigation support and assistance to Assistant United States Attorneys and Civil Division Trial Attorneys who represent the Criminal Division in lawsuits filed in federal court under the FOIA, 5 U.S.C. § 552, and/or the PA, 5 U.S.C. § 552a, stemming from requests for Criminal Division records.

4.      In providing such support and assistance, I review and process files compiled in response to FOIA/PA requests received by the Criminal Division to determine whether searches were properly conducted and whether decisions to withhold or release Criminal Division records are in accordance with the FOIA, the PA, and DOJ regulations at 28 C.F.R. §§ 16.1 *et seq*. and §§ 16.40 *et seq*. If searches are incomplete and/or records have not been processed, I ensure that searches are completed, and/or records are processed. Then, I take the lead in the completion of any pending searches or processing of Criminal Division documents. I regularly consult with the Chief and Deputy Chief of the FOIA/PA Unit, Government Information Specialists, and other members of the Unit about the Criminal Division's searches and processing of FOIA/PA requests. I also consult with officials and employees in Criminal Division Sections where

responsive records are located and in other DOJ components that have equities in responsive records.

5.       Due to the nature of my official duties, I am familiar with the procedures followed by the Criminal Division in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the PA, 5 U.S.C. § 552a. Specifically, I am familiar with the FOIA request submitted by Plaintiff, Ty Clevenger, to the Criminal Division, and the Criminal Division's response to that request.

6.       The statements that follow are made on the basis of my review of the Criminal Division's official files and records, my personal knowledge, and on information I acquired in the course of performing my official duties in the FOIA/PA Unit.

### Plaintiff's FOIA Request

7.       By letter dated March 7, 2016 (the FOIA request was erroneously dated 2016; it should have been dated March 7, 2017), plaintiff, Ty Clevenger, submitted a FOIA/PA request to the Criminal Division. The request also was submitted to additional Department of Justice offices: the Executive Office for United States Attorneys, the Federal Bureau of Investigation, the Office of Information Policy, the Office of Legislative Affairs, and the Office of the Inspector General. Plaintiff's request sought access to certain records pertaining to the investigation of Hilary Rodham Clinton's emails or email system. A true and accurate copy of plaintiff's request is attached as Exhibit A.

8.       The Criminal Division acknowledged receipt of plaintiff's request in a letter dated March 29, 2017, and assigned the request file number CRM-300588018. A true and accurate copy of the acknowledgment letter is attached as Exhibit B.

9.       As it pertains to records maintained by the Criminal Division, plaintiff's request sought "All other documents and correspondence exchanged between (1) DOJ or any component

(including the FBI) and (2) Beth Wilkinson (or any other attorney or agent working with her) regarding Cheryl Mills and Heather Samuelson." See Clevenger v. U.S. Department of Justice, et al., No. 18-cv-1568, Docket No. 15 at pages 1-3 (Defendants' August 22, 2018, status report to Magistrate Judge Lois Bloom).

10.     With respect to any records maintained by the Criminal Division that are responsive to plaintiff's request, plaintiff agreed on July 30, 2018, to accept those records that were located in searches conducted for similar but broader FOIA requests from other requesters that were being processed by the FOIA/PA Unit. See Docket No. 15 at page 3.

11.     On October 11, 2018, the Criminal Division sent its final response to plaintiff, notifying him that it had located seven pages of records that were appropriate for release in part pursuant to 5 U.S.C. § 552(b)(6), which concerns material the release of which would constitute a clearly unwarranted invasion of the personal privacy of third parties; and 5 U.S.C. § 552(b)(7)(C), which concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties. A true and accurate copy of the final response letter is attached as Exhibit C.

12.     The final response letter also notified plaintiff that the Criminal Division had located three pages of responsive records that originated with the National Security Division (NSD) and that, in accordance with 28 C.F.R. § 16.4(d) (2018), this Office was referring that material to NSD.

13.     Also on October 11, 2018, the FOIA/PA Unit sent the three-page record on referral to NSD for processing and direct response to plaintiff.

14.     Plaintiff filed a Complaint on March 14, 2018, against the U.S. Department of

Justice, the Federal Bureau of Investigation, and the National Security Agency in the United

States District Court for the Eastern District of New York. (See Clevenger v. U.S. Department of

Justice, et al., No. 18-cv-1568, Docket No. 1.) A First Amended Complaint was filed on June 6,

2018. (See Clevenger v. U.S. Department of Justice, et al., No. 18-cv-1568, Docket No. 9.)

## The Criminal Division Properly Withheld Exempt Information

### Exemptions (b)(6) and (b)(7)(C)

### I. Personal Privacy Interests Under FOIA Exemptions (b)(6) and (b)(7)

15.     The Criminal Division based its non-disclosure of certain information in the

records on Exemptions 6 and 7(C). The FOIA exempts from disclosure information related to

third parties if release of the information could be expected to constitute an unwarranted invasion

of personal privacy. Specifically, 5 U.S.C. § 552(b)(6) exempts from disclosure "personnel and

medical files and similar files when the disclosure of such information would constitute a clearly

unwarranted invasion of personal privacy." And 5 U.S.C. § 552(b)(7)(C) exempts from

disclosure "records or information compiled for law enforcement purposes, but only to the extent

that the production of such law enforcement records or information…could reasonably be

expected to constitute an unwarranted invasion of personal privacy." The practice of the

Criminal Division is to assert Exemption 6 in conjunction with Exemption 7(C) where, as in this

case, the release of certain information contained in law enforcement records would constitute a

clearly unwarranted invasion of personal privacy, in violation of Section 552(b)(6), and could

reasonably be expected to constitute an unwarranted invasion of personal privacy, in violation of

Section 552(b)(7)(C).

## II. Exemption (b)(7) Threshold

16.     Exemption 7 of the FOIA protects from mandatory disclosure records or

information compiled for law enforcement purposes, but only to the extent that disclosure could

reasonably be expected to cause one of the harms enumerated in the subpart of the exemption.

See 5 U.S.C. § 552(b)(7). In this case, the harm that could reasonably be expected to result from

disclosure concerns invasion of personal privacy (5 U.S.C. § 552(b)(7)(C)).

17.     Before an agency can invoke any of the harms enumerated in Exemption 7(C), it

first must demonstrate that the records or information at issue were compiled for law

enforcement purposes. Law enforcement components such as the Criminal Division of the

Department of Justice must demonstrate that the records at issue are related to the enforcement

of federal laws and that the enforcement activity is within the law enforcement duties of that

agency. The records at issue in this case were created by or at the behest of the Criminal Division

as part of an investigation being conducted by the United States Department of Justice.

Accordingly, the FOIA/PA Unit determined that the records at issue here meet the threshold

requirement of FOIA Exemption 7.

## III. FOIA Privacy Rights

18.     The Criminal Division has withheld the email address, telephone and cell phone

numbers and other personal information of Assistant Attorney General Leslie Caldwell; the

names and email addresses of attorneys from the National Security Division; the name, email

address and telephone number of a Criminal Division administrative employee; the cell phone

number of an attorney from a private law firm; the name and email address of a different

attorney from the same private law firm; and the phone number of a Washington Post reporter.

This is personal information protected by Exemptions 6 and 7(C). The government employees

and other private, non-nongovernmental third parties named in the records have a measurable

privacy interest in the nondisclosure of their names and other identifying information.

Accordingly, the Criminal Division determined that the privacy rights of those individuals are

more than de minimis, thereby requiring it to balance the privacy interest against the public

interest to determine whether disclosure is required under the FOIA.

## IV. FOIA Public Interest

19.     Where, as in this case, the government is relying on Exemptions 6 and 7(C) to

protect the privacy rights of both governmental third parties and private, non-governmental third

parties, the meaning of "public interest" is specifically limited to the FOIA's basic purpose of

opening agency action to the light of public scrutiny and thereby furthering the citizens' right to

be informed about what their government is up to. The Criminal Division has not identified any

cognizable public interest in disclosure of the information protected in this case. Revealing such

information is unlikely to add to the public's understanding of how the Criminal Division works

or how well any of the government employees perform their statutory duties.

## V. Balancing FOIA Public Interest in Disclosure with Third Party Privacy Interests

20.     Exemptions 6 and 7(C) each require a balancing of the individual's right to

personal privacy against the public's interest in shedding light on an agency's performance of its

statutory duties. In this case, the Criminal Division has withheld certain identifying and personal

information of governmental third parties such as DOJ Attorneys and administrative personnel,

and of private, non-governmental, third parties. Revealing the information of DOJ government

employees may limit their effectiveness in conducting future investigations or expose them to

annoyance or harassment. Releasing the information of private, non-governmental individuals to

the public could subject the individuals to harassment or embarrassment, as well as undue public

attention. In addition, revealing such information is unlikely to add to the public's understanding of how the Criminal Division or any government agency works or how well it performs its statutory duties. Names, phone numbers, and email addresses are not likely to give the public any insight into the operations and activities of any government agencies. Thus, the substantial privacy interests protected by withholding this information outweigh the non-existent public interest that might be served by its release.

21.      Accordingly, the Criminal Division determined that release of this information regarding government employees and other private, non-governmental third parties named in the records would constitute a clearly unwarranted invasion of their personal privacy pursuant to FOIA Exemption 6, and could reasonably be expected to constitute an unwarranted invasion of their personal privacy pursuant to FOIA Exemption 7(C).

22.      Every effort has been made to release all segregable information to plaintiff without invading the privacy interests of individuals mentioned in the records.

I declare under penalty of perjury that the foregoing is true and correct.


Executed this ___6th___ day of May, 2019.


Gail Brodfuehrer

# Exhibit A

# TY CLEVENGER

*telephone:*
*facsimile:*

March 7, 2016

U.S. Department of Justice
FOIA/PA Mail Referral Unit
*MRUFOIA.Requests@usdoj.gov*

Executive Offices of the U.S. Attorneys
U.S. Department of Justice
*usaeo.foia.requests@usdoj.gov*

Federal Bureau of Investigation
Records Management Division
Fax: (540) 868-4997

Office of Information Policy
U.S. Department of Justice
Fax: (202) 514-1009

Criminal Division
U.S. Department of Justice
*crm.foia@usdoj.gov*

Office of Legislative Affairs
U.S. Department of Justice
Fax: (202) 514-1009

Office of the Inspector General
U.S. Department of Justice
*oigfoia@usdoj.gov*

Re:     Freedom of Information Act requests

To Whom It May Concern:

On October 5, 2017, four Congressional committee chairmen sent a letter to then-Attorney General Loretta Lynch regarding correspondence between attorney Beth Wilkinson and the Department of Justice. I have attached a copy of that letter. As permitted by the Freedom of Information Act, I request an opportunity to view the June 10, 2016 letters described in the attached letter. I also request an opportunity to view the following:

· All other documents and correspondence exchanged between (1) the Department of Justice or any component (including the FBI) and (2) Beth Wilkinson (or any

other attorney or agent working with her) regarding Cheryl Mills and Heather Samuelson.

All documents and correspondence that were exchanged between (1) the Department of Justice or any component (including the FBI) and (2) Congress (or any of its committees) regarding any investigation Hillary Rodham Clinton's emails or email system. This request includes, but is not limited to, documents and correspondence exchanged between the Department and Congress regarding whether David Kendall, Cheryl Mills, and/or Heather Samuelson mishandled or destroyed Mrs. Clinton's emails.

All internal Department of Justice correspondence (including FBI correspondence) regarding my previous requests for information about Ms. Wilkinson (sometimes incorrectly identified as "Beth Wilkerson"), Ms. Mills, and Ms. Samuelson, particularly the requests identified as DOJ-2017-002113 and EMRUFOIA122116-1, as well as FBI Tracking No. 1365424-000.

Documents or correspondence indicating whether the Department's Office of Inspector General was or is investigating the FBI's or the Department's handling of (1) the investigation of Cheryl Mills's and/or Heather Samuelson's laptop computers and/or (2) their respective immunity agreements. I further request all documents and correspondence resulting from any such investigation by the Office of Inspector General.

All documents or correspondence resulting from the September 6, 2016 referral from Chairman Jason Chaffetz to U.S. Attorney Channing Phillips of the District of Columbia (a true and correct copy of that referral can be found at https://oversight.house.gov/wp-content/uploads/2016/09/US-Attorney-for-District-of-Columbia-Letter.pdf). This request includes, but is not limited to, (1) any evidence gathered by the FBI or other investigators working for the Department, and (2) any correspondence or records indicating whether the referral is still under investigation.

Each of the foregoing requests should be treated as separate requests, and if there is grounds for denying any part of those requests, the remaining documents should be produced. The term "documents" and "correspondence" include papers, emails, texts, and all other retrievable information, regardless of format (*e.g.*, electronic, optical, or paper). All of the foregoing requests are directed to all components of the Department of Justice, including the FBI.

Thank you in advance for your attention to these matters.

Sincerely,

Ty Clevenger

# Congress of the United States

## Washington, DC 20515

October 5, 2016

The Honorable Loretta E. Lynch
Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue N.W.
Washington, D.C. 20530

Dear Madam Attorney General:

Last week your staff made available, for an *in camera* review by our committees, two letters to the Department of Justice (DOJ) from attorney Beth Wilkinson, on behalf of her clients Cheryl Mills and Heather Samuelson (the Wilkinson letters). The Wilkinson letters—both dated June 10, 2016—were incorporated by reference into the immunity agreements for Ms. Mills and Ms. Samuelson related to the Federal Bureau of Investigation's (FBI) criminal investigation into former Secretary Hillary Clinton's email server. The letters set out the precise manner in which the Department and the FBI would access and use federal records and other information stored on .PST and .OST email archives from Ms. Mills' and Ms. Samuelson's laptops. We understand Ms. Wilkinson and lawyers from the Justice Department drafted the Wilkinson letters jointly before Ms. Wilkinson sent them to DOJ.[1]

We write to express our concerns about the process by which Congress was allowed to view the Wilkinson letters, that the letters inappropriately restrict the scope of the FBI's investigation, and that the FBI inexplicably agreed to destroy the laptops knowing that the contents were the subject of Congressional subpoenas and preservation letters.[2]

With respect to the viewing restrictions imposed on the Committees, as a condition of cooperating voluntarily, the Department limited access to the letters to only Members of certain committees and one or two staff, prohibited Members and staff from "tak[ing] notes or photos, or otherwise seek[ing] to record the information contained in the memos," and redacted the names of all DOJ and FBI personnel on the documents.[3] These onerous restrictions are not consistent with the high degree of transparency you and Director Comey promised to Congress.[4] Further, in previous *in camera* reviews these restrictions were not imposed, which calls into question why the Wilkinson letters were given special treatment. These extraordinary restrictions interfere with our constitutional obligation to conduct oversight of this matter. Thus far, the Department has not explained its rationale for imposing these restrictions.

---

[1] Briefing by Dep't of Justice staff to Committee staff (Sept. 29, 2016).
[2] *E.g., Oversight of the Federal Bureau of Investigation: Hearing before the H. Comm. on the Judiciary,* 114th Cong. (2016); *Fifteen Years after 9/11: Hearing before the S. Comm. on Homeland Sec. & Gov't Affairs,* 114th Cong. (2016).
[3] Email from Dep't of Justice staff to Committee staff (Sept. 29, 2016).
[4] *E.g., Oversight of the State Department: Hearing before the H. Comm. on Oversight and Government Reform,* 114th Cong. (2016).

The Honorable Loretta E. Lynch
October 5, 2016
Page 2

In his statements before Congress, Director Comey repeatedly assured us that the FBI investigated whether charges of obstruction of justice and intentional destruction of records were merited. The facts of this investigation call those assertions into question. For example, the Wilkinson letters only permitted the FBI to review email archives from Platte River Networks created after June 1, 2014, and before February 1, 2015, that included emails sent or received from Secretary Clinton's four email addresses during her tenure as Secretary of State. These limitations would necessarily have excluded, for example, any emails from Cheryl Mills to Paul Combetta in late 2014 or early 2015 directing the destruction or concealment of federal records. Similarly, these limitations would have excluded any email sent or received by Secretary Clinton if it was not sent or received by one of the four email addresses listed, or the email address was altered. Notably, in December 2014, Mr. Combetta deleted all Clinton emails older than 60 days, which was in effect all of Secretary Clinton's emails from January 2009 to October 2014. He admitted this "change in retention policy" during his second FBI interview in February 2016.

In addition, in March 2015, Mr. Combetta had two conference calls with David Kendall, attorney for Secretary Clinton, and Ms. Mills. Mr. Combetta admitted to the FBI in his third interview in May 2016 that after the second conference call on March 31, 2015, he used BleachBit to destroy any remaining copies of Clinton's emails and .PST files that he was able to locate. Per the agreement with Ms. Wilkinson, emails from around the time of the conference calls (and subsequent deletion of records) would not have been covered by the FBI's review of Ms. Mills' and Ms. Samuelson's laptops. Importantly, before the FBI agreed to the Wilkinson letters in June 2016, it already knew of the conference calls between Secretary Clinton's attorneys and Mr. Combetta, his use of BleachBit, and the resulting deletions, further casting doubt on why the FBI would enter into such a limited evidentiary scope of review with respect to the laptops.

The Wilkinson letters went on to provide that *the FBI would destroy* any records which it retrieved that were not turned over to the investigatory team, meaning the FBI might proceed to delete such an email, after determining it should not be sent to the investigatory team. Further, the Wilkinson letters memorialized the *FBI's agreement to destroy the laptops.* This is simply astonishing given the likelihood that evidence on the laptops would be of interest to congressional investigators.

The Wilkinson letters raise serious questions about why DOJ would consent to such substantial limitations on the scope of its investigation, and how Director Comey's statements on the scope of the investigation comport with the reality of what the FBI was permitted to investigate. So we can better understand the Department's basis for agreeing to these restrictions, please respond to the following questions as soon as possible, but no later than October 19, 2016:

1. What is the basis for the FBI's legal authority—in any circumstance—to destroy records which are subject to a congressional investigation or subpoena?

2. Why did the FBI agree to terms that allowed it to destroy both laptops?

3. Has the FBI, in fact, destroyed any evidence acquired from the laptops or the laptops themselves?

The Honorable Loretta E. Lynch
October 5, 2016
Page 3

4. Is there any circumstance in which an email from Ms. Mills to Mr. Combetta (and only Mr. Combetta) in December of 2014 or March of 2015 discovered on Ms. Mills' laptop or Ms. Samuelson's laptop would have been turned over to the investigative team under the terms of the Wilkinson letters? If so, please explain.

5. Given that the range of emails the FBI could view under the terms of the Wilkinson letters were only those sent or received while Secretary Clinton was Secretary of State, how did the FBI intend to investigate the laptop files for evidence of possible intentional destruction of records or obstruction of evidence given the fact many of those emails were out of the allowed date range?

6. Did the filter team identify any emails that were otherwise responsive but were not turned over to the investigative team because they were privileged? Did anyone create a privilege log for such emails?

7. How many total documents were reviewed by the filter team from both laptops? Of those, how many were deemed privileged? Of the total, how many were sent to the investigative team?

8. How many total documents were withheld from the investigative team because they fell out of the date range imposed by the June 10, 2016 agreements?

9. How many of the documents acquired by the FBI from both laptops were classified? Please list each document, the classification level, and the classifying agency.

10. The Wilkinson letters apparently provided for different treatment of email fragments from Secretary Clinton's email addresses on the "clintonemail.com" domain versus her email addresses on the "blackberry.net" domain. Specifically, email fragments without a date sent to or received by either of the clintonemail.com addresses were included, while email fragments without a date that were sent to or received by either of the blackberry.net addresses were excluded. Please explain the difference in treatment of these email addresses.

11. The Wilkinson letters included a caveat that the FBI was not assuming custody, control, or ownership of the laptops for the purpose of any request under the Freedom of Information Act (FOIA).

    a. How does that statement square with the reality that the FBI had both laptops in its possession?

    b. Has DOJ ever used that statement or a similar statement to avoid compliance with FOIA?

Please provide the Committees with unredacted copies of: the Wilkinson letters; the two immunity agreements for Mr. Bryan Pagliano; the immunity agreement for Mr. Paul Combetta;

The Honorable Loretta E. Lynch
October 5, 2016
Page 4

the immunity agreement for Mr. John Bentel; the immunity agreement for Ms. Cheryl Mills; and
the immunity agreement for Ms. Heather Samuelson.

We understand from your staff that neither the DOJ nor the FBI plans to destroy any
information obtained in the course of this investigation.[5] To ensure the integrity of the
Committees' investigations, we request that you continue to preserve all documents that can
reasonably be anticipated to be subject to a request for production from the Committee(s) related
to their investigations. For the purposes of this request, "preserve" means taking reasonable
steps to prevent the partial or full destruction, alteration, testing, deletion, shredding,
incineration, wiping, relocation, migration, theft, or mutation of electronic records, as well as
negligent or intentional handling that would make such records incomplete or inaccessible.

Thank you for your attention to this important matter. Please contact our staff with any
questions about this request.

Sincerely,

Jason Chaffetz
Chairman
House Committee on Oversight and
Government Reform

Bob Goodlatte
Chairman
House Committee on the Judiciary

Charles E. Grassley
Chairman
Senate Committee on the Judiciary

Devin Nunes
Chairman
House Permanent Select Committee on
Intelligence

cc:  The Honorable Elijah E. Cummings, Ranking Minority Member
House Committee on Oversight and Government Reform

The Honorable John Conyers, Jr., Ranking Minority Member
House Committee on the Judiciary

The Honorable Patrick J. Leahy, Ranking Minority Member
Senate Committee on the Judiciary

The Honorable Adam Schiff, Ranking Minority Member
House Permanent Select Committee on Intelligence

[5] Briefing by Dep't of Justice staff to Committee staff (Sept. 29, 2016).

# Exhibit B



**U.S. Department of Justice**

Criminal Division

---

*Office of Enforcement Operations*                    *Washington, D.C. 20530*

**VIA Electronic Mail**                               March 29, 2017

Mr. Ty Clevenger                                      Request No. CRM-300588018

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮                                       Subject: Department of Justice documents
                                                             and correspondence relating to Clinton
                                                             investigation into email system

Dear Mr. Clevenger:

     This acknowledges receipt of your Freedom of Information Act request dated March 7, 2017 seeking records maintained by the Criminal Division concerning the above-mentioned subject. Your request was received in this Office on March 8, 2017. The request number listed above has been assigned to your request. Please use this number in all correspondence concerning your request.

☒    Your request has been received by the Freedom of Information Act/Privacy Act Unit and we are searching the section(s) most likely to maintain responsive records.

☒    Because your request presents "unusual circumstances" (See 5 U.S.C. § 552(a)(6)(B)(i)-(iii)), we are extending the time limit to respond to your request an additional ten days as provided by the statute.

☐    We have not yet made a decision on your request for a fee waiver. We will do so after we determine whether the processing of your request will result in any assessable fees.

☐    We have not yet made a decision on your request for preferred fee status. We will do so after we determine whether the processing of your request will result in any assessable fees.

☐    Your request for expedited treatment has been:

      ☐    Granted. Accordingly, your request has been assigned to a Government Information Specialist in this Office and we will respond to your request as soon as practicable.

      ☐    Denied. You have not established that your request fits within any of the four U.S. Department of Justice standards for expedited treatment. If you are not satisfied with my response to this request, you may administratively appeal by

writing to the Director, Office of Information Policy (OIP), U.S. Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's FOIA online portal by creating an account on the following website: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically transmitted within 60 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

I assure you that your request will be processed as soon as possible. If you have any questions or wish to discuss reformulation or an alternative time frame for the processing of your request, you may contact me by telephone at (202) 616-0307, by email at crm.foia@usdoj.gov, or by mail at the Criminal Division, U.S. Department of Justice, Suite 1127, Keeney Building, NW, Washington, DC 20530-0001.

You may contact our FOIA Public Liaison at the telephone number listed above for any further assistance and to discuss any aspect of your request. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

Amanda Marchand Jones
Chief
FOIA/PA Unit

# Exhibit C



**U.S. Department of Justice**

Criminal Division

---

*Office of Enforcement Operations*                    *Washington, D.C. 20530*

**VIA Electronic Mail**                               October 11, 2018

Mr. Ty Clevenger



                                                      Clevenger v. DOJ, et al., No. 18-cv-1568
                                                      (E.D.N.Y.)

Dear Mr. Clevenger:

     This responds to your Freedom of Information Act request dated March 7, [2017], for certain correspondence exchanged between Beth Wilkinson and the Criminal Division relating to the investigation of the private email system used by Hilary Clinton while U.S. Secretary of State. Your request is currently in litigation, Clevenger v. DOJ, et al., No. 18-cv-1568 (E.D.N.Y.). You should refer to this number in any future correspondence with this Office.

     Please be advised that searches have been conducted in the appropriate sections, and seven pages of records were located that are appropriate for release in part, with certain information protected pursuant to:

     5 U.S.C. § 552(b)(6), which concerns material the release of which would constitute a clearly unwarranted invasion of the personal privacy of third parties; and

     5 U.S.C. § 552(b)(7)(C), which concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties.

     In addition, we have located three pages of responsive records which originated with the National Security Division. In accordance with 28 C.F.R. § 16.4(d) (2018), this Office has referred that material to NSD for processing and direct response to you. If you have any questions regarding these referrals, you may contact NSD at the following:

     Arnetta Mallory
     FOIA Initiatives Coordinator
     National Security Division
     Department of Justice
     Room 10702
     600 E Street, NW
     Washington, DC  20530-0001
     nsdfoia@usdoj.gov

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. See 5 U.S.C. § 552(c). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You may contact Assistant United States Attorney Kathleen A. Mahoney by phone at (718) 254-6026, by email at kathleen.mahoney@usdoj.gov, or by mail at the United States Attorney's Office for the Eastern District of New York, 271-A Cadman Plaza East, 7th Floor, Brooklyn, New York, 11201, for any further assistance and to discuss any aspect of your request.

Although your request is the subject of litigation, I am required by statute to inform you that if you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Amanda Marchand Jones
Chief
FOIA/PA Unit


cc:  Kathleen A. Mahoney
     Assistant United States Attorney
     Eastern District of New York
     271-A Cadman Plaza East, 7th Floor
     Brooklyn, New York   11201
     kathleen.mahoney@usdoj.gov


Enclosures

| | |
|---|---|
| From: | Beth Wilkinson <bwilkinson@wilkinsonwalsh.com> |
| To: | Caldwell, Leslie R </o=usdoj/ou=exchange administrative group (b)(6). 7(C) Per CRM |
| Cc: | |
| Bcc: | (b)(6). 7(C) Per CRM |
| Subject: | Fwd: Call: Matt Zapotasky (Washington Post) (b)(6). 7(C) Per CRM (5/6/2016 @ 3:02 p.m.) Doing a story on Cheryl Mills walking out of a FBI interview. |
| Date: | Fri May 06 2016 16:50:12 EDT |
| Attachments: | |

Beth A. Wilkinson | Founding Partner

WILKINSON WALSH + ESKOVITZ LLP

1900 M Street NW, Suite 800, Washington, DC 20036
Direct: (202) 847-4010 | Fax: (202) 847-4005

bwilkinson@wilkinsonwalsh.com

www.wilkinsonwalsh.com

Begin forwarded message:

From: Beth Wilkinson <bwilkinson@wilkinsonwalsh.com>
Date: May 6, 2016 at 4:39:13 PM EDT
To: (b) (6), (b) (7)(C) @usdoj.gov>, (b) (6), (b) (7)(C) @usdoj.gov" (b) (6), (b) (7)(C) (b) (6), (b) (7)(C) @usdoj.gov>
Cc: Alexandra Walsh <awalsh@wilkinsonwalsh.com>, "David E. Kendall Esq." <dkendall@wc.com>,
Hal Brewster <hbrewster@wilkinsonwalsh.com>
Subject: Fwd: Call: Matt Zapotasky (Washington Post) (b) (6), (b) (7)(C) (5/6/2016 @ 3:02 p.m.) Doing a
story on Cheryl Mills walking out of a FBI interview.

Beth A. Wilkinson | Founding Partner

WILKINSON WALSH + ESKOVITZ LLP

1900 M Street NW, Suite 800, Washington, DC 20036
Direct: (202) 847-4010 | Fax: (202) 847-4005

bwilkinson@wilkinsonwalsh.com

www.wilkinsonwalsh.com


Begin forwarded message:


From: (b) (6), (b) (7)(C)                @wilkinsonwalsh.com>
Date: May 6, 2016 at 3:04:21 PM EDT
To: Beth Wilkinson <bwilkinson@wilkinsonwalsh.com>
Subject: Call: Matt Zapotasky (Washington Post) (b) (6), (b) (7)(C) (5/6/2016 @ 3:02 p.m.) Doing a story
on Cheryl Mills walking out of a FBI interview.

The information contained in this communication is confidential, may be attorney-client privileged and
constitute protected work product, may constitute inside information, and is intended only for the use of
the addressee. It is the property of Wilkinson Walsh + Eskovitz, LLP. Unauthorized use, disclosure or
copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have
received this communication in error, please notify us immediately by return email and destroy this
communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged and
constitute protected work product, may constitute inside information, and is intended only for the use of
the addressee. It is the property of Wilkinson Walsh + Eskovitz, LLP. Unauthorized use, disclosure or
copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have
received this communication in error, please notify us immediately by return email and destroy this
communication and all copies thereof, including all attachments.

| | |
|---|---|
| From: | Caldwell, Leslie R </o=usdoj/ou=exchange administrative group<br>(b)(6), 7(C) Per CRM |
| To: | Beth Wilkinson<br><bwilkinson@wilkinsonwalsh.com> |
| Cc: | |
| Bcc: | |
| Subject: | RE: Work matter |
| Date: | Mon May 09 2016 17:14:20 EDT |
| Attachments: | |

Beth:

I obviously received your messages.  Feel free to call me to discuss.   Direct dial is (b) (6), (b) (7)(C).

Leslie

-----Original Message-----
From: Beth Wilkinson [mailto:bwilkinson@wilkinsonwalsh.com]
Sent: Friday, May 6, 2016 4:50 PM
To: Caldwell, Leslie R (b) (6), (b) (7)(C) @CRM.USDOJ.GOV>
Subject: Work matter

Leslie:

I am sorry to bother you on a Friday afternoon but we have an issue in the Clinton email security investigation regarding leaks to the press. As you may know, I represent, among others, Cheryl Mills.

Leaks have been a constant problem in this investigation.  I have raised the issue in the past to the FBI and the NSD folks but there has been no change, and the leaks are happening again.  I will send you the messages I received from reporters, and the note I wrote to the prosecutors.

This investigation has political ramifications even if no one is charged.  The leaking of information, especially incorrect information, puts my client in jeopardy and takes away our ability to make decisions without unfair political pressure.

I am happy to raise this with the Deputy Attorney General but I thought the best place to start was with you.

If you need to reach me, I am available on my cell, (b) (6), (b) (7)(C)

Beth

The information contained in this communication is confidential, may be attorney-client privileged and constitute protected work product, may constitute inside information, and is intended only for the use of the addressee. It is the property of Wilkinson Walsh + Eskovitz, LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email and destroy this communication and all copies thereof, including all attachments.

| | |
|---|---|
| From: | (b)(6), 7(C) Per CRM |
| To: | Caldwell, Leslie R </o=usdoj/ou=exchange administrative group (b)(6), 7(C) Per CRM |
| Cc: | |
| Bcc: | |
| Subject: | Telephone Message:  Beth Wilkinson at (b) (6), (b) (7)(C) (cell phone), please call. |
| Date: | Fri May 13 2016 13:13:37 EDT |
| Attachments: | |

(b) (6), (b) (7)(C)

Office of the Assistant Attorney General

Criminal Division

(b) (6), (b) (7)(C)

| From: | (b)(6), 7(C) Per CRM |
| To: | Caldwell, Leslie R </o=usdoj/ou=exchange administrative group (b)(6), 7(C) Per CRM |
| Cc: | |
| Bcc: | |
| Subject: | Telephone Message from Beth Wilkinson at (b) (6), (b) (7)(C) (cell phone, please call) |
| Date: | Thu May 19 2016 12:44:05 EDT |
| Attachments: | |

(b) (6), (b) (7)(C)

Office of the Assistant Attorney General

Criminal Division

(b) (6), (b) (7)(C)

| | |
|---|---|
| From: | Beth Wilkinson <bwilkinson@wilkinsonwalsh.com> |
| To: | Caldwell, Leslie R </o=usdoj/ou=exchange administrative group (b)(6), 7(C) Per CRM |
| Cc: | |
| Bcc: | |
| Subject: | Re: Trying to reach you |
| Date: | Sat May 21 2016 09:59:13 EDT |
| Attachments: | |

Thanks.  Is there a time this weekend that works for you?

Beth A. Wilkinson | Founding Partner

WILKINSON WALSH + ESKOVITZ LLP

1900 M Street NW, Suite 800, Washington, DC 20036
Direct: (202) 847-4010 | Fax: (202) 847-4005

bwilkinson@wilkinsonwalsh.com

www.wilkinsonwalsh.com

On May 20, 2016, at 6:32 PM, Caldwell, Leslie R <(b) (6), (b) (7)(C) @usdoj.gov> wrote:

Beth:  sorry we have missed each other.  Just landed from Argentina and (b)(6)
today.  I can talk over weekend but, bottom line, this is an NSD case rather than CRM so might make
more sense to reach out to DAG.  I Won't be in DC next week--attending Second Circuit Judicial
Conference.  Cell is (b) (6), (b) (7)(C).

Sent from my iPhone

On May 20, 2016, at 5:41 PM, Beth Wilkinson <bwilkinson@wilkinsonwalsh.com<mailto:
bwilkinson@wilkinsonwalsh.com>> wrote:

To set up a meeting.  The folks in NSD tell me time is of the essence.  Are you in DC next week?  Is
there any chance of arranging an in-person meeting?


[cid:image001.png@01D18C10.BE0FFFE0]<http://www.wilkinsonwalsh.com/>

Beth A. Wilkinson | Founding Partner
WILKINSON WALSH + ESKOVITZ LLP
1900 M Street NW, Suite 800<x-apple-data-detectors://1/0>, <x-apple-data-detectors://1/0>
Washington, DC 20036<x-apple-data-detectors://1/0>
Direct: (202) 847-4010<tel:(202)%20847-4010> | Fax: (202) 847-4005<tel:(202)%20847-4005>
bwilkinson@wilkinsonwalsh.com<mailto:bwilkinson@wilkinsonwalsh.com>
www.wilkinsonwalsh.com<http://www.wilkinsonwalsh.com/>

The information contained in this communication is confidential, may be attorney-client privileged and constitute protected work product, may constitute inside information, and is intended only for the use of the addressee. It is the property of Wilkinson Walsh + Eskovitz, LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email and destroy this communication and all copies thereof, including all attachments.


The information contained in this communication is confidential, may be attorney-client privileged and constitute protected work product, may constitute inside information, and is intended only for the use of the addressee. It is the property of Wilkinson Walsh + Eskovitz, LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email and destroy this communication and all copies thereof, including all attachments.