UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TY CLEVENGER,                     )
                                  )
        Plaintiff,                )
                                  )
        v.                        )     Civ. A. No. 1:18-cv-01568-WFK-LB
                                  )
UNITED STATES DEPARTMENT OF       )
JUSTICE, *ET AL.,*                )
                                  )
        Defendants.               )
                                  )

# EXHIBIT A

----START MESSAGE---- Subject: eFOIA Request Received Sent: 2017-03-08T03:42:52.281777+00:00 Status: pending Message:

# Individual Information

| | |
|---|---|
| **Prefix** | Mr. |
| **First Name** | Ty |
| **Middle Name** | |
| **Last Name** | Clevenger |
| **Suffix** | |
| **Email** | tyclevenger@yahoo.com |
| **Phone** | 979-985-5289 |
| **Location** | United States |

# Domestic Address

| | |
|---|---|
| **Address Line 1** | P.O. Box 20753 |
| **Address Line 2** | |

**City**    Brooklyn

**State**    New York

**Postal**    11202-0753

# Agreement to Pay

**How you will pay**    I am requesting a fee waiver for my request and have reviewed the FOIA reference guide. If my fee waiver is denied, I am willing to pay additional fees and will enter that maximum amount in the box below.

**Allow up to $**    50

# Proof Of Affiliation for Fee Waiver

**Waiver Explanation**    The investigation of Hillary Clinton's emails was an issue of widespread media attention. I am a blogger (LawFlog.com), and I plan to write about the issue on my blog. The public will have significant interest in whether the investigation was properly handled or whether it was subjected to political influences.

**Documentation Files**

# Non-Individual FOIA Request

**Request Information**   Please see the attached FOIA request and the letter that it references.

# Expedite

**Expedite Reason**   The investigation of Hillary Clinton's emails was an issue of widespread media attention. I am a blogger (LawFlog.com), and I plan to write about the issue on my blog. The public will have significant interest in whether the investigation was properly handled or whether it was subjected to political influences.

----END MESSAGE----

# TY CLEVENGER

P.O. Box 20753
Brooklyn, New York 11202-0753

*telephone: 979.985.5289*
*facsimile: 979.530.9523*

*tyclevenger@yahoo.com*
*Texas Bar No. 24034380*

March 7, 2016

U.S. Department of Justice
FOIA/PA Mail Referral Unit
*MRUFOIA.Requests@usdoj.gov*

Executive Offices of the U.S. Attorneys
U.S. Department of Justice
*usaeo.foia.requests@usdoj.gov*

Federal Bureau of Investigation
Records Management Division
Fax: (540) 868-4997

Office of Information Policy
U.S. Department of Justice
Fax: (202) 514-1009

Criminal Division
U.S. Department of Justice
*crm.foia@usdoj.gov*

Office of Legislative Affairs
U.S. Department of Justice
Fax: (202) 514-1009

Office of the Inspector General
U.S. Department of Justice
*oigfoia@usdoj.gov*

            Re:     Freedom of Information Act requests

To Whom It May Concern:

        On October 5, 2017, four Congressional committee chairmen sent a letter to then-Attorney General Loretta Lynch regarding correspondence between attorney Beth Wilkinson and the Department of Justice. I have attached a copy of that letter. As permitted by the Freedom of Information Act, I request an opportunity to view the June 10, 2016 letters described in the attached letter. I also request an opportunity to view the following:

        All other documents and correspondence exchanged between (1) the Department of Justice or any component (including the FBI) and (2) Beth Wilkinson (or any

other attorney or agent working with her) regarding Cheryl Mills and Heather Samuelson.

All documents and correspondence that were exchanged between (1) the Department of Justice or any component (including the FBI) and (2) Congress (or any of its committees) regarding any investigation Hillary Rodham Clinton's emails or email system. This request includes, but is not limited to, documents and correspondence exchanged between the Department and Congress regarding whether David Kendall, Cheryl Mills, and/or Heather Samuelson mishandled or destroyed Mrs. Clinton's emails.

All internal Department of Justice correspondence (including FBI correspondence) regarding my previous requests for information about Ms. Wilkinson (sometimes incorrectly identified as "Beth Wilkerson"), Ms. Mills, and Ms. Samuelson, particularly the requests identified as DOJ-2017-002113 and EMRUFOIA122116-1, as well as FBI Tracking No. 1365424-000.

Documents or correspondence indicating whether the Department's Office of Inspector General was or is investigating the FBI's or the Department's handling of (1) the investigation of Cheryl Mills's and/or Heather Samuelson's laptop computers and/or (2) their respective immunity agreements. I further request all documents and correspondence resulting from any such investigation by the Office of Inspector General.

All documents or correspondence resulting from the September 6, 2016 referral from Chairman Jason Chaffetz to U.S. Attorney Channing Phillips of the District of Columbia (a true and correct copy of that referral can be found at https://oversight.house.gov/wp-content/uploads/2016/09/US-Attorney-for-District-of-Columbia-Letter.pdf). This request includes, but is not limited to, (1) any evidence gathered by the FBI or other investigators working for the Department, and (2) any correspondence or records indicating whether the referral is still under investigation.

Each of the foregoing requests should be treated as separate requests, and if there is grounds for denying any part of those requests, the remaining documents should be produced. The term "documents" and "correspondence" include papers, emails, texts, and all other retrievable information, regardless of format (*e.g.*, electronic, optical, or paper). All of the foregoing requests are directed to all components of the Department of Justice, including the FBI.

Thank you in advance for your attention to these matters.

Sincerely,

Ty Clevenger

# Congress of the United States

## Washington, DC 20515

October 5, 2016

The Honorable Loretta E. Lynch
Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue N.W.
Washington, D.C. 20530

Dear Madam Attorney General:

Last week your staff made available, for an *in camera* review by our committees, two letters to the Department of Justice (DOJ) from attorney Beth Wilkinson, on behalf of her clients Cheryl Mills and Heather Samuelson (the Wilkinson letters). The Wilkinson letters—both dated June 10, 2016—were incorporated by reference into the immunity agreements for Ms. Mills and Ms. Samuelson related to the Federal Bureau of Investigation's (FBI) criminal investigation into former Secretary Hillary Clinton's email server. The letters set out the precise manner in which the Department and the FBI would access and use federal records and other information stored on .PST and .OST email archives from Ms. Mills' and Ms. Samuelson's laptops. We understand Ms. Wilkinson and lawyers from the Justice Department drafted the Wilkinson letters jointly before Ms. Wilkinson sent them to DOJ.[1]

We write to express our concerns about the process by which Congress was allowed to view the Wilkinson letters, that the letters inappropriately restrict the scope of the FBI's investigation, and that the FBI inexplicably agreed to destroy the laptops knowing that the contents were the subject of Congressional subpoenas and preservation letters.[2]

With respect to the viewing restrictions imposed on the Committees, as a condition of cooperating voluntarily, the Department limited access to the letters to only Members of certain committees and one or two staff, prohibited Members and staff from "tak[ing] notes or photos, or otherwise seek[ing] to record the information contained in the memos," and redacted the names of all DOJ and FBI personnel on the documents.[3] These onerous restrictions are not consistent with the high degree of transparency you and Director Comey promised to Congress.[4] Further, in previous *in camera* reviews these restrictions were not imposed, which calls into question why the Wilkinson letters were given special treatment. These extraordinary restrictions interfere with our constitutional obligation to conduct oversight of this matter. Thus far, the Department has not explained its rationale for imposing these restrictions.

---

[1] Briefing by Dep't of Justice staff to Committee staff (Sept. 29, 2016).
[2] *E.g., Oversight of the Federal Bureau of Investigation: Hearing before the H. Comm. on the Judiciary,* 114th Cong. (2016); *Fifteen Years after 9/11: Hearing before the S. Comm. on Homeland Sec. & Gov't Affairs,* 114th Cong. (2016).
[3] Email from Dep't of Justice staff to Committee staff (Sept. 29, 2016).
[4] *E.g., Oversight of the State Department: Hearing before the H. Comm. on Oversight and Government Reform,* 114th Cong. (2016).

The Honorable Loretta E. Lynch
October 5, 2016
Page 2

In his statements before Congress, Director Comey repeatedly assured us that the FBI investigated whether charges of obstruction of justice and intentional destruction of records were merited. The facts of this investigation call those assertions into question. For example, the Wilkinson letters only permitted the FBI to review email archives from Platte River Networks created after June 1, 2014, and before February 1, 2015, that included emails sent or received from Secretary Clinton's four email addresses during her tenure as Secretary of State. These limitations would necessarily have excluded, for example, any emails from Cheryl Mills to Paul Combetta in late 2014 or early 2015 directing the destruction or concealment of federal records. Similarly, these limitations would have excluded any email sent or received by Secretary Clinton if it was not sent or received by one of the four email addresses listed, or the email address was altered. Notably, in December 2014, Mr. Combetta deleted all Clinton emails older than 60 days, which was in effect all of Secretary Clinton's emails from January 2009 to October 2014. He admitted this "change in retention policy" during his second FBI interview in February 2016.

In addition, in March 2015, Mr. Combetta had two conference calls with David Kendall, attorney for Secretary Clinton, and Ms. Mills. Mr. Combetta admitted to the FBI in his third interview in May 2016 that after the second conference call on March 31, 2015, he used BleachBit to destroy any remaining copies of Clinton's emails and .PST files that he was able to locate. Per the agreement with Ms. Wilkinson, emails from around the time of the conference calls (and subsequent deletion of records) would not have been covered by the FBI's review of Ms. Mills' and Ms. Samuelson's laptops. Importantly, before the FBI agreed to the Wilkinson letters in June 2016, it already knew of the conference calls between Secretary Clinton's attorneys and Mr. Combetta, his use of BleachBit, and the resulting deletions, further casting doubt on why the FBI would enter into such a limited evidentiary scope of review with respect to the laptops.

The Wilkinson letters went on to provide that *the FBI would destroy* any records which it retrieved that were not turned over to the investigatory team, meaning the FBI might proceed to delete such an email, after determining it should not be sent to the investigatory team. Further, the Wilkinson letters memorialized the *FBI's agreement to destroy the laptops*. This is simply astonishing given the likelihood that evidence on the laptops would be of interest to congressional investigators.

The Wilkinson letters raise serious questions about why DOJ would consent to such substantial limitations on the scope of its investigation, and how Director Comey's statements on the scope of the investigation comport with the reality of what the FBI was permitted to investigate. So we can better understand the Department's basis for agreeing to these restrictions, please respond to the following questions as soon as possible, but no later than October 19, 2016:

1. What is the basis for the FBI's legal authority—in any circumstance—to destroy records which are subject to a congressional investigation or subpoena?

2. Why did the FBI agree to terms that allowed it to destroy both laptops?

3. Has the FBI, in fact, destroyed any evidence acquired from the laptops or the laptops themselves?

The Honorable Loretta E. Lynch
October 5, 2016
Page 3

4. Is there any circumstance in which an email from Ms. Mills to Mr. Combetta (and only Mr. Combetta) in December of 2014 or March of 2015 discovered on Ms. Mills' laptop or Ms. Samuelson's laptop would have been turned over to the investigative team under the terms of the Wilkinson letters? If so, please explain.

5. Given that the range of emails the FBI could view under the terms of the Wilkinson letters were only those sent or received while Secretary Clinton was Secretary of State, how did the FBI intend to investigate the laptop files for evidence of possible intentional destruction of records or obstruction of evidence given the fact many of those emails were out of the allowed date range?

6. Did the filter team identify any emails that were otherwise responsive but were not turned over to the investigative team because they were privileged? Did anyone create a privilege log for such emails?

7. How many total documents were reviewed by the filter team from both laptops? Of those, how many were deemed privileged? Of the total, how many were sent to the investigative team?

8. How many total documents were withheld from the investigative team because they fell out of the date range imposed by the June 10, 2016 agreements?

9. How many of the documents acquired by the FBI from both laptops were classified? Please list each document, the classification level, and the classifying agency.

10. The Wilkinson letters apparently provided for different treatment of email fragments from Secretary Clinton's email addresses on the "clintonemail.com" domain versus her email addresses on the "blackberry.net" domain. Specifically, email fragments without a date sent to or received by either of the clintonemail.com addresses were included, while email fragments without a date that were sent to or received by either of the blackberry.net addresses were excluded. Please explain the difference in treatment of these email addresses.

11. The Wilkinson letters included a caveat that the FBI was not assuming custody, control, or ownership of the laptops for the purpose of any request under the Freedom of Information Act (FOIA).

   a. How does that statement square with the reality that the FBI had both laptops in its possession?

   b. Has DOJ ever used that statement or a similar statement to avoid compliance with FOIA?

Please provide the Committees with unredacted copies of: the Wilkinson letters; the two immunity agreements for Mr. Bryan Pagliano; the immunity agreement for Mr. Paul Combetta;

The Honorable Loretta E. Lynch
October 5, 2016
Page 4

the immunity agreement for Mr. John Bentel; the immunity agreement for Ms. Cheryl Mills; and the immunity agreement for Ms. Heather Samuelson.

We understand from your staff that neither the DOJ nor the FBI plans to destroy any information obtained in the course of this investigation.[5] To ensure the integrity of the Committees' investigations, we request that you continue to preserve all documents that can reasonably be anticipated to be subject to a request for production from the Committee(s) related to their investigations. For the purposes of this request, "preserve" means taking reasonable steps to prevent the partial or full destruction, alteration, testing, deletion, shredding, incineration, wiping, relocation, migration, theft, or mutation of electronic records, as well as negligent or intentional handling that would make such records incomplete or inaccessible.

Thank you for your attention to this important matter. Please contact our staff with any questions about this request.

Sincerely,

Jason Chaffetz
Chairman
House Committee on Oversight and
Government Reform

Bob Goodlatte
Chairman
House Committee on the Judiciary

Charles E. Grassley
Chairman
Senate Committee on the Judiciary

Devin Nunes
Chairman
House Permanent Select Committee on
Intelligence

cc:    The Honorable Elijah E. Cummings, Ranking Minority Member
       House Committee on Oversight and Government Reform

       The Honorable John Conyers, Jr., Ranking Minority Member
       House Committee on the Judiciary

       The Honorable Patrick J. Leahy, Ranking Minority Member
       Senate Committee on the Judiciary

       The Honorable Adam Schiff, Ranking Minority Member
       House Permanent Select Committee on Intelligence

---

[5] Briefing by Dep't of Justice staff to Committee staff (Sept. 29, 2016).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| TY CLEVENGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 1:18-cv-01568-WFK-LB |
| | ) | |
| UNITED STATES DEPARTMENT OF JUSTICE, *ET AL.*, | ) | |
| | ) | |
| Defendants. | ) | |

# EXHIBIT B



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

March 17, 2017

MR. TY CLEVENGER
NUMBER 62
21 BENNETT AVENUE
NEW YORK, NY 10033

FOIPA Request No.: 1369076-000

Dear Mr. Clevenger:

This acknowledges receipt of your Freedom of Information Act (FOIA) request to the FBI which has been received for processing.   For administrative tracking purposes, additional FOIPA numbers may be assigned if it is determined your request seeks records about multiple subjects.   You will be notified of any additional tracking numbers if assigned.

☑     You submitted your request via the FBI's eFOIA system.

☑     We have reviewed your request and determined that it is compliant with the terms and conditions of the eFOIA system.   You will continue to receive correspondence online.

☐     We have reviewed your request and determined that it is not in compliance with the terms and conditions of the eFOIA system.   Future correspondence will be mailed to you.

☑     Your request for a fee waiver is being considered and you will be advised of the decision at a later date.   If your fee waiver is denied, you will be charged fees in accordance with the category designated below.

☑     For the purpose of assessing fees, we have made the following determination:

☐     As a commercial use requester, you will be charged applicable search, review, and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(I).

☐     As an educational institution, noncommercial scientific institution or representative of the news media requester, you will be charged applicable duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(II).

☑     As a general (all others) requester, you will be charged applicable search and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(III).

Under Department of Justice (DOJ) standards for expedited processing, it can only be granted in the following situations:

**28 C.F.R. §16.5 (e)(1)(i):** "Circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual."

**28 C.F.R. §16.5 (e)(1)(ii):** "An urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information."

**28 C.F.R. §16.5 (e)(1)(iii):** "The loss of substantial due process of rights."

**28 C.F.R. §16.5 (e)(1)(iv):** "A matter of widespread and exceptional media interest in which there exists possible questions about the government's integrity which affects public confidence."

You have not provided enough information concerning the statutory requirements permitting expedition; therefore, your request is denied.

Please check the status of your FOIPA request at www.fbi.gov/foia by clicking on **FOIPA Status** and entering your FOIPA Request Number.   Status updates are adjusted weekly.   The status of newly assigned requests may not be available until the next weekly update.   If the FOIPA has been closed the notice will indicate that appropriate correspondence has been mailed to the address on file.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.   Your patience is appreciated.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site:   https://foiaonline.regulations.gov/foia/action/public/home.   Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@ic.fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so that it may be easily identified.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
    Dissemination Section
Records Management Division

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TY CLEVENGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. A. No. 1:18-cv-01568-WFK-LB |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| JUSTICE, *ET AL.,* | ) |
| | ) |
| Defendants. | ) |

# EXHIBIT C



U.S. Department of Justice

Federal Bureau of Investigation
*Washington, D.C. 20535*

April 18, 2017

MR. TY CLEVENGER
POST OFFICE BOX 20753
BROOKLYN, NY 11202-0753

Dear Mr. Clevenger:

    This is in response to your Freedom of Information Act (FOIA) request previously assigned FOIPA Request Number 1369076-000.  We have determined that your request seeks records about multiple subjects.   For administrative tracking purposes, additional FOIPA numbers were assigned to your request.

    **Original FOIPA Request No:** 1369076-000
    Subject: Beth Wilkinson Letters to FBI
    (June 10, 2016)

    **Additional FOIPA Request No**: 1371504-000
    Subject: Congressional Correspondence regarding E-mail Server Investigation

    **Additional FOIPA Request No:** 1371506-000
    Subject: Internal Correspondence regarding FOIA 1365424-0

    **Additional FOIPA Request No:** NFP-70900
    Subject: Any Documentation of DOJ Inspector General Investigation
    (FBI Investigations of Cheryl Mills or Heather Samuelson)

    **Additional FOIPA Request No:** 1371509-000
    Subject: Referral from Congressman Chaffetz to USA Phillips regarding Hillary Clinton
    (Evidence or Correspondence)

    Please check the status of your FOIPA requests at www.fbi.gov/foia by clicking on **FOIPA Status** and entering your FOIPA Request Number.   Status updates are adjusted weekly.   The status of newly assigned requests may not be available until the next weekly update.   If the FOIPA has been closed the notice will indicate that appropriate correspondence has been mailed to the address on file.

    For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.   Your patience is appreciated.

    You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site:  https://foiaonline.regulations.gov/foia/action/public/home.  Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@ic.fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so that it may be easily identified.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
     Dissemination Section
Records Management Division

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TY CLEVENGER,<br><br>    Plaintiff,<br><br>        v.<br><br>UNITED STATES DEPARTMENT OF<br>JUSTICE, *ET AL.,*<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civ. A. No. 1:18-cv-01568-WFK-LB |

# EXHIBIT D

## FOIPAQUESTIONS

| | |
|---|---|
| **From:** | FOIPAQUESTIONS |
| **Sent:** | Friday, October 06, 2017 11:27 AM |
| **To:** | 'Ty Clevenger' |
| **Subject:** | RE: request for status update |

Dear Mr. Clevenger,

**FOIA 1369076-000 and FOIA 1371504-000**

These requests are presently in Initial Processing, where the assigned analyst is searching for, retrieving and reviewing potentially responsive records. If appropriate, correspondence regarding the request and search results will be forthcoming.

Please check the status of your request online at http://vault.fbi.gov by clicking on the "Check Status of Your FOI/PA Request" link.    Status updates are performed on a weekly basis.

Requests are processed in the order in which they are received through our multi-track processing system, and the FBI receives a voluminous amount of requests on a daily, weekly, monthly, and annual basis. Requests are divided into two tracks--simple (under 50 pages of potentially responsive documents) and complex (over 50 pages of potentially responsive documents). Simple track requests typically require the least amount of time to process. Currently, simple track cases average approximately 80 days from the date of receipt for processing. Our complex requests in the large processing track are currently averaging approximately 774 days for processing.

The search for responsive records is ongoing for your request, so we do not yet know into which track it will fall. The estimated date of completion is therefore based on the median processing time of complex requests in the large processing track.   Accordingly, the estimated date on which the FBI will complete action on your request is 774 days from the date of your request. Once the search has been completed, we will be able to provide an updated estimated date of completion.

Information regarding the Freedom of Information Act/Privacy is available at http://www.fbi.gov/ or http://www.fbi.gov/foia/.

**FOIA 1371506-000**

This request was closed on July 11, 2017. Correspondence was mailed to you on this date, notifying you of this action.

**NFP-70900**

By letter dated April 20, 2017, you were notified the FBI re-routed this request to the Department of Justice – Office of the Inspector General

**FOIA 1371509-000**

This request was closed on August 28, 2017. Correspondence was mailed to you on this date, notifying you of this action.

Respectfully,

**Public Information Officer**
Record/Information Dissemination Section (RIDS) FBI-Records Management Division
170 Marcel Drive, Winchester, VA 22602-4843
Direct: (540) 868-4593
Fax: (540) 868-4391/4997
Questions E-mail: foipaquestions@fbi.gov

Do you have further questions about the FOI/PA process? Visit us at http://www.fbi.gov/foia

Please check the status of your request online at https://vault.fbi.gov/fdps-1/@@search-fdps   Status updates are performed on a weekly basis.

**From:** Ty Clevenger [mailto:tyclevenger@yahoo.com]
**Sent:** Thursday, October 05, 2017 4:36 PM
**To:** FOIPAQUESTIONS <FOIPAQUESTIONS@FBI.GOV>
**Subject:** request for status update

To Whom It May Concern:

I have attached a letter that David Hardy sent to me on April 18, 2017. I would like to know when I can expect responses to the FOIA requests identified in that letter. Thank you.

Ty Clevenger

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TY CLEVENGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civ. A. No. 1:18-cv-01568-WFK-LB |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| JUSTICE, *ET AL.*, | ) |
| | ) |
| Defendants. | ) |

# EXHIBIT E



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

January 12, 2018

MR. TY CLEVENGER
POST OFFICE BOX 20753
BROOKLYN, NY 11202-0753

FOIPA Request No.: 1369076-000
Subject: Beth Wilkinson Letters to FBI
(June 10, 2016)

Dear Mr. Clevenger:

The enclosed documents were reviewed under the Freedom of Information Act (FOIA), Title 5, United States Code, Section 552.   Below you will find check boxes under the appropriate statue headings which indicate the types of exemptions asserted to protect information which is exempt from disclosure.   The appropriate exemptions are noted on the enclosed pages next to redacted information.   The checked exemptions boxes used to withhold information are further explained in the enclosed Explanation of Exemptions.

|   | **Section 552** |   |   | **Section 552a** |
|---|---|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) |   | ☐ (d)(5) | |
| ☐ (b)(2) | ☐ (b)(7)(B) |   | ☐ (j)(2) | |
| ☐ (b)(3) | ☑ (b)(7)(C) |   | ☐ (k)(1) | |
| _____ | ☐ (b)(7)(D) |   | ☐ (k)(2) | |
| _____ | ☐ (b)(7)(E) |   | ☐ (k)(3) | |
|   | ☐ (b)(7)(F) |   | ☐ (k)(4) | |
| ☐ (b)(4) | ☐ (b)(8) |   | ☐ (k)(5) | |
| ☐ (b)(5) | ☐ (b)(9) |   | ☐ (k)(6) | |
| ☑ (b)(6) |   |   | ☐ (k)(7) | |

10 pages were reviewed and 10 pages are being released.

Below you will also find additional informational paragraphs about your request.   Where applicable, check boxes are used to provide you with more information about the processing of your request.   Please read each item carefully.

☐   Document(s) were located which originated with, or contained information concerning, other Government Agency (ies) [OGA].

☐   This information has been referred to the OGA(s) for review and direct response to you.
☐   We are consulting with another agency.   The FBI will correspond with you regarding this information when the consultation is completed.

☐   In accordance with standard FBI practice and pursuant to FOIA exemption (b)(7)(E) and Privacy Act exemption (j)(2) [5 U.S.C. § 552/552a (b)(7)(E)/(j)(2)], this response neither confirms nor denies the existence of your subject's name on any watch lists.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the Freedom of Information Act (FOIA).   See 5 U.S.C. § 552(c) (2006 & Supp. IV (2010).   This response is limited to those records that are subject to the requirements of the FOIA.   This is a standard notification given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist. Enclosed for your information is a copy of the Explanation of Exemptions.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request Number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following website:  https://foiaonline.regulations.gov/foia/action/public/home.   Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

☐   The enclosed material is from the main investigative file(s), meaning the subject(s) of your request was the focus of the investigation.   Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s).   Our experience has shown such additional references, if identified to the same subject of the main investigative file, usually contain information similar to the information processed in the main file(s).   As such, we have given priority to processing only the main investigative file(s) given our significant backlog.   If you would like to receive any references to the subject(s) of your request, please submit a separate request for the reference material in writing. The references will be reviewed at a later date, as time and resources permit.

☑   See additional information which follows.

Sincerely,

David M. Hardy
Section Chief
Record/Information
    Dissemination Section
Records Management Division

Enclosure(s)

This material is being provided to you at no charge.   It is unnecessary to adjudicate your request for a fee waiver because no fees are being assessed.

Please be advised that additional records responsive to your request may exist within the Hillary Clinton E-mail Server Investigation file.   This file is currently being processed.   You will be notified by separate correspondence if any such responsive material is posted to the Vault.   Your request will remain open while monthly releases are placed on the Vault on or about the first Friday of each month.

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal  privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service he release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TY CLEVENGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civ. A. No. 1:18-cv-01568-WFK-LB |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| JUSTICE, *ET AL.,* | ) |
| | ) |
| Defendants. | ) |

# EXHIBIT F



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

July 23, 2019

MR. TY CLEVENGER
POST OFFICE BOX 20753
NEW YORK, NY  11202-0753

FOIPA Request No.: 1369076-000
Subject: Beth Wilkinson Letters to FBI (June 10, 2016)

*Ty Clevenger v. U.S. Department of Justice*
*Civil Action No.: 1:18-cv-01568*

Dear Mr. Clevenger:

In response to your Freedom of Information Act (FOIA) request and subsequent civil action case pending in the U.S. District Court for the Eastern District of New York, enclosed is one (1) compact disc containing a supplemental release of records previously provided to you by letter dated January 12, 2018. The records have been bates-numbered FBI 18-cv-01568 287-296 and now contain coded exemptions as explained in the FBI's Declaration.

While conducting an additional review of the aforementioned responsive records, it was determined additional information was able to be segregated for release to you on four (4) pages, bates-numbered FBI 18-cv-01568 287-290.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. **"Part 1"** of the Addendum includes standard responses that apply to all requests. **"Part 2"** includes additional standard responses that apply to all requests for records on individuals. **"Part 3"** includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

Please direct any further inquiries about this case to the Attorney representing the Government in this matter. Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

Sincerely,

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Information Management Division

Enclosure(s)

## FBI FOIPA Addendum

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum includes information applicable to your request. Part 1 of the Addendum includes standard responses that apply to all requests. Part 2 includes additional standard responses that apply to all requests for records on individuals. Part 3 includes general information about FBI records. For questions regarding Parts 1, 2, or 3, visit the www.fbi.gov/foia website under "Contact Us." Previously mentioned appeal and dispute resolution services are also available at the web address.

**Part 1: The standard responses below apply to all requests:**

(i) **5 U.S.C. § 552(c).** Congress excluded three categories of law enforcement and national security records from the requirements of the FOIA [5 U.S.C. § 552(c) (2006 & Supp. IV (2010)]. FBI responses are limited to those records subject to the requirements of the FOIA. Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii) **National Security/Intelligence Records.** The FBI can neither confirm nor deny the existence of national security and foreign intelligence records pursuant to FOIA exemptions (b)(1), (b)(3), and PA exemption (j)(2) as applicable to requests for records about individuals [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2); 50 U.S.C § 3024(i)(1)]. The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)]. This is a standard response and should not be read to indicate that national security or foreign intelligence records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i) **Requests for Records about any Individual—Watch Lists.** The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)]. This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii) **Requests for Records for Incarcerated Individuals.** The FBI can neither confirm nor deny the existence of records which could reasonably be expected to endanger the life or physical safety of any incarcerated individual pursuant to FOIA exemptions (b)(7)(E), (b)(7)(F), and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (b)(7)(F), and (j)(2)]. This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i) **Record Searches.** The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching those systems or locations where responsive records would reasonably be found. Most requests are satisfied by searching the Central Records System (CRS), an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled and maintained by the FBI in the course of fulfilling its dual law enforcement and intelligence mission as well as the performance of agency administrative and personnel functions. The CRS spans the entire FBI organization and encompasses the records of FBI Headquarters (FBIHQ), FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide. A CRS search includes Electronic Surveillance (ELSUR) records.

(ii) **FBI Records.** Founded in 1908, the FBI carries out a dual law enforcement and national security mission. As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii) **Requests for Criminal History Records or Rap Sheets.** The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheets. These criminal history records are not the same as material in an investigative "FBI file." An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service. For a fee, individuals can request a copy of their Identity History Summary Check. Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks. Additionally, requests can be submitted electronically at www.edo.cjis.gov. For additional information, please contact CJIS directly at (304) 625-5590.

(iv) **The National Name Check Program (NNCP).** The mission of NNCP is to analyze and report information in response to name check requests received from federal agencies, for the purpose of protecting the United States from foreign and domestic threats to national security. Please be advised that this is a service provided to other federal agencies. Private citizens cannot request a name check.

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)  (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)  related solely to the internal personnel rules and practices of an agency;

(b)(3)  specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)  trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)  inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)  personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)  records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal  privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)  contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)  geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)  information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)  material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)  information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)  investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)  material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)  required by statute to be maintained and used solely as statistical records;

(k)(5)  investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)  testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)  material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

TY CLEVENGER,                          )
                                       )
          Plaintiff,                   )
                                       )
     v.                                )        Civ. A. No. 1:18-cv-01568-WFK-LB
                                       )
UNITED STATES DEPARTMENT OF            )
JUSTICE, *ET AL.,*                     )
                                       )
          Defendants.                  )
_____)

# EXHIBIT G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TY CLEVENGER,                    )
                                 )
        Plaintiff,               )
                                 )
        v.                       )        Civ. A. No. 1:18-cv-01568-WFK-LB
                                 )
UNITED STATES DEPARTMENT OF      )
JUSTICE, *et al.,*               )
                                 )
        Defendants.              )
                                 )

## DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1)     I am the Section Chief of the Record/Information Dissemination Section

("RIDS"), Information Management Division ("IMD"),[1] Federal Bureau of Investigation

("FBI"), in Winchester, Virginia.  I have held this position since August 1, 2002.  Prior to my

joining the FBI, from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate General

of the Navy for Civil Law.  In that capacity, I had direct oversight of Freedom of Information

Act ("FOIA") policy, procedures, appeals, and litigation for the Navy.  From October 1, 1980 to

April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked

with FOIA matters.  I am also an attorney who has been licensed to practice law in the State of

Texas since 1980.

(2)     In my official capacity as Section Chief of RIDS, I supervise approximately 244

employees who staff a total of twelve (12) Federal Bureau of Investigation Headquarters

---

[1] In May 2018, the name of IMD was changed from the Records Management Division
("RMD").

1

("FBIHQ") units and two (2) field operational service center units whose collective mission is to effectively plan, develop, direct, and manage responses to requests for access to FBI records and information pursuant to the FOIA as amended by the OPEN Government Act of 2007, the OPEN FOIA Act of 2009, and the FOIA Improvement Act of 2016; the Privacy Act of 1974; Executive Order 13526; Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3)     Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to Plaintiff's request for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552. Specifically, I am familiar with the FBI's handling of Plaintiff's FOIA request for records concerning Seth Conrad Rich (deceased).

(4)     The FBI submits this declaration in response to the Court's August 23, 2018 Order and to provide the Court and Plaintiff with an explanation of its recordkeeping system, the procedures it used to search for potentially responsive records to Plaintiff's request, and to confirm it located no records responsive to Plaintiff's FOIA request to the FBI seeking all records and correspondence pertaining to Seth Conrad Rich (deceased).

## ADMINISTRATIVE HISTORY OF PLAINTIFF'S REQUEST (NUMBER 1384180-000)

(5)     By letter dated September 1, 2017, Plaintiff submitted a FOIA request to the FBI seeking all records and correspondence pertaining to Seth Conrad Rich, who was murdered in the District of Columbia on or about July 10, 2016. Plaintiff further advised his request

2

included, but was not limited to, any records or correspondence that resulted from any investigation of his murder.  (*See* **Exhibit A.**)

(6)     By letter dated September 19, 2017, the FBI advised Plaintiff it was unable to identify main file records responsive to his FOIA request.  However, should Plaintiff provide additional information that the subject of his request was of investigative interest to the Bureau, an additional search would be conducted.  Additionally, the FBI advised Plaintiff in accordance with standard FBI practice, pursuant to FOIA exemption (b)(7)(E), 5 U.S.C. § 552(b)(7)E), it neither confirmed nor denied the existence of his subject's name on any watch lists.  Furthermore, the FBI advised Plaintiff he could: 1) visit the www.fbi.gov/foia website under "Contact Us" for questions regarding the FBI's determination; 2) appeal the FBI's decision by submitting an appeal, by mail or online with the Director, Office of Information Policy ("OIP"), within ninety days from the date of the letter; or 3) seek dispute resolution services by contacting the Office of Government Information Services ("OGIS") by telephone or by emailing ogis@nara.gov.  (*See* **Exhibit B.**)

(7)     On September 30, 2017, by electronic submission via the OIP online portal, Plaintiff submitted an administrative appeal of the FBI's September 19, 2017 determination.  Specifically, Plaintiff alleged the FBI limited its search to the Central Records System ("CRS") for main file records.  Additionally, Plaintiff noted that any responsive records likely would be found in emails, hard copy documents, and other files in the FBI's Washington Field Office; therefore, the FBI should be directed to conduct a thorough search, to include emails and other records in the Washington Field Office.  (*See* **Exhibit C.**)

(8)     By letter dated October 2, 2017, OIP acknowledged receipt of Plaintiff's appeal assigning it appeal number DOJ-AP-2017-006942.  (*See* **Exhibit D.**)

(9)     By letter executed on November 9, 2017, OIP advised Plaintiff it affirmed the

FBI's determination.  OIP further advised Plaintiff that to the extent his request sought access to

records that would either confirm or deny an individual's placement on any government watch

list, the FBI properly refused to confirm or deny the existence of any such records because their

existence is protected from disclosure pursuant to 5 U.S.C. § 552(b)(7)(E).  Additionally, OIP

advised Plaintiff of his right to file a lawsuit in the federal district court if he was dissatisfied

with its action on the appeal, or use the mediation services of OGIS to help resolve any disputes.

(*See* **Exhibit E**)

(10)    On March 14, 2018, Plaintiff filed a Complaint in the instant action.  (*See* **ECF

No. 1.**)

## **EXPLANATION OF CENTRAL RECORDS SYSTEM ("CRS")**

(11)    The Central Records System ("CRS") is an extensive system of records consisting

of applicant, investigative, intelligence, personnel, administrative, and general files compiled and

maintained by the FBI in the course of fulfilling its integrated missions and functions as a law

enforcement, counterterrorism, and intelligence agency to include performance of administrative

and personnel functions.  The CRS spans the entire FBI organization and encompasses the

records of FBI Headquarters ("FBIHQ"), FBI Field Offices, and FBI Legal Attaché Offices

("Legats") worldwide.

(12)    The CRS consists of a numerical sequence of files, called FBI "classifications,"

which are organized according to designated subject categories.  The broad array of CRS file

classification categories include types of criminal conduct and investigations conducted by the

FBI, as well as categorical subjects pertaining to counterterrorism, intelligence,

counterintelligence, personnel, and administrative matters.  For identification and retrieval

purposes across the FBI, when a case file is opened, it is assigned a Universal Case File Number

4

("UCFN") consisting of three sequential components:  (a) the CRS file classification number, (b) the abbreviation of the FBI Office of Origin ("OO") initiating the file, and (c) the assigned individual case file number for that particular subject matter.[2]  Within each case file, pertinent documents of interest are "serialized," or assigned a document number in the order which the document is added to the file, typically in chronological order.

### THE CRS GENERAL INDICES AND INDEXING

(13)     The general indices to the CRS are the index or "key" to locating records within the enormous amount of information contained in the CRS.  The CRS is indexed in a manner which meets the FBI's investigative needs and priorities, and allows FBI personnel to reasonably and adequately locate pertinent files in the performance of their law enforcement duties.  The general indices are arranged in alphabetical order and comprise an index on a variety of subject matters to include individuals, organizations, events, or other subjects of investigative interest that are indexed for future retrieval.  The entries in the general indices fall into two category types:

   a.  <u>Main entry</u>.  This entry pertains to records indexed to the main subject(s) of a file, known as "main file" records.  The "main" entry carries the name of an individual, organization, or other subject matter that is the designated subject of the file.

   b.  <u>Reference entry</u>.  This entry, or a "cross-reference," pertains to records that merely mention or reference an individual, organization, or other subject matter that is contained in a "main" file record about a different subject matter.

(14)     FBI Special Agents ("SA") and/or designated support personnel may index information in the CRS by individual (persons), by organization (organizational entities, places, and things), and by event (*e.g.,* a terrorist attack or bank robbery).  Indexing information in the

---

[2]  For example, in a fictitious file number of "11Z-HQ-56789;" the "11Z" component indicates the file classification, "HQ" indicates that FBI Headquarters is the FBI OO of the file, and "56789"is the assigned case specific file number.

CRS is based on operational necessity, and the FBI only indexes that information considered relevant and necessary for future retrieval. Accordingly, the FBI does not index every individual name or other subject matter in the general indices.

### AUTOMATED CASE SUPPORT

(15)    Automated Case Support ("ACS") is an electronic, integrated case management system that became effective for FBIHQ and all FBI Field Offices and Legats on October 1, 1995. As part of the ACS implementation process, over 105 million CRS records were converted from automated systems previously utilized by the FBI into a single, consolidated case management system accessible by all FBI offices. ACS has an operational purpose and design to enable the FBI to locate, retrieve, and maintain information in its files in the performance of its myriad missions and functions.[3]

(16)    The Universal Index ("UNI") is the automated index of the CRS and provides all offices of the FBI a centralized, electronic means of indexing pertinent investigative information to FBI files for future retrieval via index searching. Individual names may be recorded with applicable identifying information such as date of birth, race, sex, locality, Social Security Number, address, and/or date of an event. Moreover, ACS implementation built upon and incorporated prior automated FBI indices; therefore, a search employing the UNI application of ACS encompasses data that was already indexed into the prior automated systems superseded by ACS. As such, a UNI index search in ACS is capable of locating FBI records created before its 1995 FBI-wide implementation to the present day in both paper and electronic format.[4]

---

[3] ACS and the next generation Sentinel system are relied upon by the FBI daily to fulfill essential functions such as conducting criminal, counterterrorism, and national security investigations; background investigations; citizenship and employment queries; and security screening, to include Presidential protection.

[4] Older CRS records that were not indexed into UNI as a result of the 1995 ACS consolidation

Currently, UNI consists of approximately 120 million searchable records and is updated daily with newly indexed material.

### *ACS AND SENTINEL*

(17)     Sentinel is the FBI's next generation case management system that became effective FBI-wide on July 1, 2012.  Sentinel provides a web-based interface to FBI users, and it includes the same automated applications that are utilized in ACS.  After July 1, 2012, all FBI generated records are created electronically in case files via Sentinel; however, Sentinel did not replace ACS and its relevance as an important FBI search mechanism.  Just as pertinent information was indexed into UNI for records generated in ACS before July 1, 2012, when a record is generated in Sentinel, information is indexed for future retrieval.  Moreover, there is an index data sharing nexus between the Sentinel and ACS systems whereby components of information indexed into Sentinel are also replicated or "backfilled" into ACS.  In sum, the Sentinel case management system builds on ACS and shares its operational purpose; Sentinel provides another portal to locate information within the vast CRS for FBI records generated on or after July 1, 2012.

(18)     <u>Index Searching Generally</u>.  To locate CRS information, RIDS employs an index search methodology.  Index searches of the CRS are reasonably expected to locate responsive material within the vast CRS since the FBI indexes pertinent information into the CRS to facilitate retrieval based on operational necessity.  Given the broad range of indexed material in terms of both time frame and subject matter that it can locate in FBI files, the automated UNI

---

remain searchable by manual review of index cards, known as the "manual indices."  A search of the manual indices is triggered for requests on individuals if the person was born on or before January 1, 1958; and for requests seeking information about organizations or events on or before January 1, 1973.  In this case, the subject, Seth Conrad Rich was born in 1989; therefore, any responsive records would have been captured through a UNI search.

application of ACS is the mechanism RIDS employs to conduct CRS index searches. If a request seeks records that may have been generated on or after July 1, 2012, the FBI generally conducts an overlapping search of ACS using the UNI application and of Sentinel using the index search capability at the litigation stage to ensure adequacy of the initial CRS index search.

### SEARCH FOR RECORDS RESPONSIVE TO PLAINTIFF'S REQUEST

(19)    <u>CRS Search and Results</u>. In response to Plaintiff's request dated September 1, 2017, RIDS conducted an index search of the CRS for responsive main <u>and</u> reference file records employing the UNI application of ACS. The FBI searched the subject's name, "Seth Conrad Rich," in order to identify files responsive to Plaintiff's request and subject to the FOIA. The FBI's searches included a three-way phonetic breakdown[5] of the subject's name. These searches located no main <u>or</u> reference records responsive to Plaintiff's FOIA request.

(20)    Subsequently, the FBI conducted additional searches of the CRS via the UNI application of ACS and a Sentinel index search for both main <u>and</u> reference file records. The FBI used the same search terms it used in its original searches as described supra. This new search also resulted in no main or reference file records being located responsive to Plaintiff's FOIA request.

(21)    <u>Scope of Search</u>. RIDS conducted searches reasonably calculated to locate responsive records subject to the FOIA. First, given its comprehensive nature and scope, the CRS is the principal records system searched by RIDS to locate information responsive to most

---

[5] With a three-way search, the computer automatically breaks a name down and searches the index for three different combinations of the name entered: (1) First Name, Last Name; (2) Last Name, First Name; and (3) First Name, Middle Name, Last Name. With the phonetic search function, the computer breaks names down based on their phonetic characteristics and will return results based on whether they phonetically match a certain percentage of the first and last names entered.

FOIA/Privacy Act requests, because the CRS is where the FBI indexes information about individuals, organizations, events, and other subjects of investigative interest for future retrieval. *See* ¶ 14, *supra*. Second, given Plaintiff's request sought information about an individual subject, Seth Conrad Rich, murdered in the District of Columbia on or about July 10, 2016, such information would reasonably be expected to be located in the CRS via the index search methodology if records existed.

(22)     Targeted Search/Inquiry of the Washington Field Office ("WFO"). In addition to the above search efforts, and prior to Plaintiff's appeal or instant litigation, the FBI contacted WFO on June 21, 2017, and confirmed WFO did not open an investigation into the murder of Seth Conrad Rich, as the matter was under investigation by the Metropolitan Police Department ("MPD"). Soon after the murder of Seth Conrad Rich, WFO Criminal Division contacted MPD and offered its assistance; however, MPD declined the offer. Due to the high profile nature of the murder in Washington, D.C., WFO's Office of Public Affairs ("OPA") received a high volume of media inquiries relating to the murder. All media requests were, and continue to be referred to MPD, the investigating agency.

(23)     On April 4, 2018, the FBI again performed its due diligence and contacted WFO regarding records responsive to Plaintiff's request on Seth Conrad Rich. WFO again confirmed that they did not assist MPD, provide investigative or technical assistance (including Computer Analysis and Response Team [CART] assistance[6]) to MPD, or open an FBI investigation into the murder of Seth Conrad Rich.

---

[6] If responsive CART records existed, they would have been located through the FBI's CRS searches. *See* ¶¶ 18-20, *supra*.

## PLAINTIFF'S SUGGESTION THAT THE FBI CONDUCT AN EMAIL SEARCH

(24)    Plaintiff suggested in his appeal to OIP, that the FBI conduct a search of its emails in the FBI's Washington Field Office to locate responsive records. The FBI is not required to search all systems of records nor is it obligated to search all places suggested by Plaintiff. The FBI is only required to search those locations reasonably calculated to locate responsive records. Even though Plaintiff suggested the FBI search its email systems in its WFO, there is no reasonable basis to conclude that responsive records would be located by such a search. Emails that have investigative significance are serialized by agents and placed in the CRS for record-keeping and future retrieval. As explained above, the FBI searched all logical locations and inquired with the WFO, on two separate occasions, in an effort to locate responsive records, and no responsive records were located.

### CONCLUSION

(25)    The FBI conducted an adequate and reasonable search for records responsive to Plaintiff's FOIA request; however, no records were located. First given its comprehensive nature and scope, the CRS is the principle records system searched by RIDS, to locate information responsive to most FOIA/Privacy Act requests, as the CRS is where the FBI indexes information about individuals, organizations, and events for future retrieval. *See* ¶ 14, *supra.* Second, the CRS is the FBI recordkeeping system where investigative records responsive to this request would reasonably be found. Given Plaintiff's request sought information about an individual subject, Seth Conrad Rich, who was murdered in the District of Columbia on or about July 10, 2016, such information would reasonably be expected to be located in the CRS via the index search methodology. Finally, the office likely to conduct or assist in such an investigation

-- WFO -- confirmed that it did not open an investigation or provide investigative or technical assistance into the murder of Seth Conrad Rich, as the matter was under investigation by the MPD, who declined the FBI's assistance.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, and that Exhibits A – E attached hereto are true and correct copies.

Executed this ___3rd___ day of October, 2018.

DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Information Management Division
Federal Bureau of Investigation
Winchester, Virginia

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TY CLEVENGER,                              )
                                          )
        Plaintiff,                         )
                                          )
        v.                                 )        Civ. A. No. 1:18-cv-01568-WFK-LB
                                          )
UNITED STATES DEPARTMENT OF                )
JUSTICE, *ET AL.,*                         )
                                          )
        Defendants.                        )
                                          )

# EXHIBIT H

----START MESSAGE---- Subject: eFOIA Request Received Sent: 2017-10-02T01:22:00.390445+00:00 Status: pending Message:

# Individual Information

| | |
|---|---|
| **Prefix** | |
| **First Name** | Ty |
| **Middle Name** | |
| **Last Name** | Clevenger |
| **Suffix** | |
| **Email** | tyclevenger@yahoo.com |
| **Phone** | 979-985-5289 |
| **Location** | United States |

# Domestic Address

| | |
|---|---|
| **Address Line 1** | P.O. Box 20753 |
| **Address Line 2** | |

| | |
|---|---|
| **City** | Brooklyn |
| **State** | New York |
| **Postal** | 11202 |

# Agreement to Pay

**How you will pay**  I am requesting a fee waiver for my request and have reviewed the FOIA reference guide. If my fee waiver is denied, I am willing to pay additional fees and will enter that maximum amount in the box below.

**Allow up to $**  50

# Proof Of Affiliation for Fee Waiver

**Waiver Explanation**  I am a blogger (LawFlog.com), and my FOIA requests pertaining to the Hillary Clinton email investigation have been picked up by Fox News and the Washington Times, among others. I intend to inform the public about a matter of public concern.

**Documentation Files**

## Non-Individual FOIA Request

**Request Information**   I have attached a letter describing the items that I seek.

## Expedite

**Expedite Reason**   Please see my attached letter.

----END MESSAGE----

**TY CLEVENGER**
P.O. Box 20753
Brooklyn, New York 11202-0753

*telephone: 979.985.5289*
*facsimile: 979.530.9523*

*tyclevenger@yahoo.com*
*Texas Bar No. 24034380*

October 1, 2017

Federal Bureau of Investigation
935 Pennsylvania Avenue, N.W.
Washington, D.C. 20535
*Via electronic submission*

      Re:     Freedom of Information Act request

To Whom It May Concern:

      On September 25, 2017, Senator Charles Grassley sent a letter to FBI Director
Christopher Wray concerning a non-disclosure agreement ("NDA") between the FBI and
Office of Special Counsel (https://www.grassley.senate.gov/news/news-
releases/watchdog-agency-made-sign-non-disclosure-agreements-get-information-fbi). I
wish to see documents related to that letter. In particular, I request the opportunity to see
the following documents and /or records (regardless of whether they are in electronic or
any other format):

      1.  Since January 1, 2010, all NDAs between the FBI and any other government
      entity that prohibit the release of information to Congress, any of its agencies, or
      any Freedom of Information Act requestors.

      2. All records, documents, correspondence, or other materials sent to Senator
      Grassley or his representatives in response to his September 25, 2017 letter.

      3. All emails, printed correspondence or other records indicating who was
      involved in drafting the NDA or NDAs referenced in Senator Grassley's
      September 25, 2017 letter.

Each of the foregoing paragraphs should be treated as a separate request. I have also
attached a September 26, 2017 story from CNN regarding the letter from Senator
Grassley to Mr. Wray. As indicated by that story, my FOIA request pertains to matters of
widespread public interest, therefore I ask that you expedite the response.

      Thank you in advance for your assistance.

      Sincerely,

Ty Clevenger

# Senate Judiciary leaders ramp up fight with FBI over Comey

By Tal Kopan, **CNN**

Updated 4:38 PM ET, Tue September 26, 2017



## STORY HIGHLIGHTS

Grassley was referencing the FBI entering
a nondisclosure agreement with the
Office of Special Counsel

Feinstein also revealed that she had
asked the CIA to turn over relevant
classified intelligence

**Washington (CNN)** — The leaders of the Senate Judiciary
Committee on Tuesday escalated their feud with the FBI and
Justice Department, accusing the bureau of obstructing their
ability to investigate the firing and actions of former Director
James Comey.

Republican Chairman Chuck Grassley excoriated the FBI for
putting in place what he said amounted to "gag orders,"
demanding the bureau turn over what his committee has asked
for regarding Comey, his firing and statements he made
publicly during the campaign about the investigation into
former Secretary of State Hillary Clinton's email server.

"Why now? Why was the FBI so focused on keeping Congress
in the dark? Why is it so afraid of shining the light of day on the controversial decisions Mr. Comey made in the
months before he was fired?" Grassley said at the beginning of a hearing on legislation that would protect special
counsels.

Grassley and Democratic Sen. Dianne Feinstein have flexed their muscle on possibly subpoenaing witnesses and
documents related to Russian interference in the election and any possible obstruction of justice.

9/30/2017 — Senators ramp up fight with FBI over Comey - CNNPolitics



**Related Article:** White House stonewalls Capitol Hill over records in Russia probe

Grassley was specifically referencing the move by the FBI to enter into a nondisclosure agreement with the Office of Special Counsel before turning over information related to a personnel investigation of him by the Office of Special Counsel (which is unrelated to Special Counsel Robert Mueller.) The FBI only turned information over to the counsel's office on the grounds it wouldn't be shared with Congress, per the agreement, according to Grassley.

The Office of Special Counsel declined to comment.

"Nondisclosure agreements are essentially gag orders -- plain and simple," Grassley said. "They thwart transparency, accountability and seek to obstruct congressional oversight."

Grassley referenced "two heavily redacted witness interviews" the committee obtained that suggested Comey had begun drafting his Clinton statement in advance. He added this is the first time OSC recalled this happening with the FBI or any agency.

He reiterated his request for the FBI to turn over all witness interviews and documents related to Comey's decisionmaking on the statement he ultimately delivered mid-campaign clearing Clinton while still calling her behavior deeply concerning.



**Related Article:** Chuck Grassley preparing subpoenas for two FBI officials

"The executive branch cannot avoid congressional oversight by assigning agreements," Grassley said. "If there's any whiff of partisan or political influence in these institutions under any president or any party, this committee has a responsibility to get to the bottom of it."

Feinstein said she agreed with the "general thrust" of what Grassley said -- and said she had asked the CIA to turn over classified intelligence that she believes is relevant to the committee's work.

Feinstein noted she sent a letter to CIA Director Mike Pompeo, co-signed by Grassley, on Monday asking for the Judiciary Committee to have access to materials given to the Senate Intelligence Committee for its Russian election interference investigation that she has reviewed from her position on that committee.

"I have been privy to certain pieces of intelligence ... that when I saw it, it was relevant to this committee's oversight and yet this committee cannot receive it," Feinstein said.

*CNN's Liz Stark and Manu Raju contributed to this report.*



## Spectacular abandoned castles around the world

 This Republican Senator needs a way better answer on Roy Moore

 'I think the President's mad as hell': Hill Republicans fume over Price's...

 Picking up the pieces

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TY CLEVENGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| JUSTICE, *ET AL.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Civ. A. No. 1:18-cv-01568-WFK-LB

# EXHIBIT I



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

October 13, 2017

MR. TY CLEVENGER
POST OFFICE BOX 20753
BROOKLYN, NY 11202-0753

FOIPA Request No.: 1386556-000
Subject: Senator Grassley's letter to Director
Wray concerning non-disclosure agreement

Dear Mr. Clevenger:

This acknowledges receipt of your Freedom of Information Act (FOIA) request to the FBI which has been received for processing.   For administrative tracking purposes, additional FOIPA numbers may be assigned if it is determined your request seeks records about multiple subjects.   You will be notified of any additional tracking numbers if assigned.

☑    You submitted your request via the FBI's eFOIA system.

☑    We have reviewed your request and determined that it is compliant with the terms and conditions of the eFOIA system.   You will continue to receive correspondence online.

☐    We have reviewed your request and determined that it is not in compliance with the terms and conditions of the eFOIA system.   Future correspondence will be mailed to you.

☑    Your request for a fee waiver is being considered and you will be advised of the decision at a later date.   If your fee waiver is denied, you will be charged fees in accordance with the category designated below.

☑    For the purpose of assessing fees, we have made the following determination:

☐    As a commercial use requester, you will be charged applicable search, review, and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(I).

☐    As an educational institution, noncommercial scientific institution or representative of the news media requester, you will be charged applicable duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(II).

☑    As a general (all others) requester, you will be charged applicable search and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(III).

Please check the status of your FOIPA request at www.fbi.gov/foia by clicking on **FOIPA Status** and entering your FOIPA Request Number.   Status updates are adjusted weekly.   The status of newly assigned requests may not be available until the next weekly update.   If the FOIPA has been closed the notice will indicate that appropriate correspondence has been mailed to the address on file.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.   Your patience is appreciated.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site:  https://foiaonline.regulations.gov/foia/action/public/home.   Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so that it may be easily identified.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TY CLEVENGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. A. No. 1:18-cv-01568-WFK-LB |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| JUSTICE, *ET AL.*, | ) |
| | ) |
| Defendants. | ) |

# EXHIBIT J



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

October 23, 2017

MR. TY CLEVENGER
POST OFFICE BOX 20753
BROOKLYN, NY 11202-0753

FOIPA Request No.: 1386556-000
Subject: Senator Grassley's letter to Director Wray
concerning non-disclosure agreement

Dear Mr. Clevenger:

This is in reference to your letter to the FBI, in which you requested expedited processing for the above-referenced Freedom of Information Act (FOIA) request.   Under Department of Justice (DOJ) standards, expedited processing can only be granted in the following situations.

You have requested expedited processing according to:

☐    **28 C.F.R. §16.5 (e)(1)(i):** "Circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual."

☐    **28 C.F.R. §16.5 (e)(1)(ii):** "An urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information."

☐    **28 C.F.R. §16.5 (e)(1)(iii):** "The loss of substantial due process of rights."

☑    **28 C.F.R. §16.5 (e)(1)(iv):** "A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence."

You have not provided enough information concerning the statutory requirements for expedition; therefore, your request is denied. Specifically, you have not proven that there is widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.   Your patience is appreciated.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site:  https://foiaonline.regulations.gov/foia/action/public/home.   Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so that it may be easily identified.

Sincerely,

David M. Hardy
Section Chief
Record/Information
   Dissemination Section
Records Management Division

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| _____ )<br><br>TY CLEVENGER, )<br>   )<br>   Plaintiff, )<br>   )<br>   v. )<br>   )<br>UNITED STATES DEPARTMENT OF )<br>JUSTICE, *ET AL.,* )<br>   )<br>   Defendants. )<br>_____ ) | Civ. A. No. 1:18-cv-01568-WFK-LB |

# EXHIBIT K



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

March 8, 2018

MR. TY CLEVENGER
POST OFFICE BOX 20753
BROOKLYN, NY 11202-0753

FOIPA Request No.: 1386556-000
Subject: Senator Grassley's letter to Director
Wray concerning non-disclosure agreement

Dear Mr. Clevenger:

This is in response to your Freedom of Information Act (FOIA) request previously assigned FOIPA Request Number 1386556-000. We have determined that your request seeks records about multiple subjects. For administrative tracking purposes, an additional FOIPA number was assigned to your request.

**Additional FOIPA Request No:** NFP-91785
Subject: All non-disclosure agreements between the FBI and other government entities preventing the release of information to FOIA requesters (January 1, 2010-Present)

**Additional FOIPA Request No:** 1398016-0
Subject: Records regarding the drafting of the non-disclosure agreement referenced in Senator Grassley's September 25, 2017 letter

Please check the status of your FOIPA requests at www.fbi.gov/foia by clicking on **FOIPA Status** and entering your FOIPA Request Number. Status updates are adjusted weekly. The status of newly assigned requests may not be available until the next weekly update. If the FOIPA has been closed, the notice will indicate correspondence has been mailed to the address on file.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request. Please use this number in all correspondence concerning your request.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov. Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov. If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TY CLEVENGER,                                )
                                             )
        Plaintiff,                           )
                                             )
        v.                                   )        Civ. A. No. 1:18-cv-01568-WFK-LB
                                             )
UNITED STATES DEPARTMENT OF                  )
JUSTICE, *ET AL.,*                           )
                                             )
        Defendants.                          )
                                             )

# EXHIBIT L

**Appeal Details**
**Request Type :** *FOIA*

Status : *Closed*     Due Date : *N/A*

🕐 0

Submitted — Evaluation — Assignment — Processing — Closed

## Appeal Details

| | |
|---|---|
| Tracking Number : DOJ-AP-2018-000376 | Submitted Date : 10/24/2017 |
| Requester : Mr. Ty Clevenger | Last Assigned Date : 10/24/2017 |
| Organization : N/A | Appeal Track : TBD |
| Requester Has Account : Yes | Due Date : N/A |
| Created on behalf of : Ty O Clevenger | Assigned To : Marilyn Cunningham (Appeals) |
| Email Address : tyclevenger@yahoo.com | Last Assigned By : Sean O'Neill (Appeals) |
| Phone Number : 979-985-5289 | |
| Fax Number : 979-530-9523 | |
| Address : 212 South Oxford Street Apt. 7D | |
| City : Brooklyn | |
| State/Province : NY | |
| Zip Code/Postal Code : 11217 | |

## Request Details

| | |
|---|---|
| Tracking Number : 1386556-000 | Request Phase : Submitted |
| Requester : Ty Clevenger | Request Track : Simple |
| Date Submitted : 10/01/2017 | Final Disposition : n/a |

Request Description :

1. Since January 1, 2010, all NDAs between the FBI and any other government entity that prohibit the release of information to Congress, any of its agencies, or any Freedom of Information Act requestors. 2. All records, documents, correspondence, or other materials sent to Senator Grassley or his representatives in response to his September 25, 2017 letter. 3. All emails, printed correspondence or other records indicating who was involved in drafting the NDA or NDAs referenced in Senator Grassley's September 25, 2017 letter.

| Submission Details | Case File | Admin Cost | Assigned Tasks | Comments (3) | Review |
|---|---|---|---|---|---|

## Appeal Handling

| | | |
|---|---|---|
| Requester Info Available to the Public : | No | |
| | | Appeal Received : No |
| Appeal Track : Select Track | Acknowledgement Sent Date : | |
| Fee Category : N/A | Litigation : No | |
| Based on Fee Waiver : ☐ | | |
| Based on Expedited Processing : ☐ | | |
| Expedited Processing Requested : Yes | | |
| Expedited Processing Status : Deny | | |

## Basis for Appeal

Short Description :

I requested expedited processing on the grounds that my request pertained to a "matter of widespread and exceptional media interest..." The subject matter of my request has been reported by a number of national publications and has been the subject of Congressional hearings.

Basis Available to the Public : No    Has Basis Been Modified? ☐

## Additional Information

Source Request Tracking
Number :
Expedited Type : Select Expedited Type
Sub-Office : Federal Bureau of Investigation

## Attached Supporting Files

Attachments Available to the
Public : No

| Attached File | Type | Size (MB) | Remove |
|---|---|---|---|
| *2017.10.01 FBI FOIA request (merged).pdf* | PDF | 0.47 | ☒ |
| *2017.10.24 Denial of expedited request.pdf* | PDF | 0.51 | ☒ |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TY CLEVENGER,      ) | |
|                          ) | |
|      Plaintiff,      ) | |
|                          ) | |
|      v.      ) | Civ. A. No. 1:18-cv-01568-WFK-LB |
|                          ) | |
| UNITED STATES DEPARTMENT OF      ) | |
| JUSTICE, *ET AL.*,      ) | |
|                          ) | |
|      Defendants.      ) | |

# EXHIBIT M



**U.S. Department of Justice**
Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

Mr. Ty Clevenger
Apartment 7D
212 South Oxford Street                 Re:     Appeal No. DOJ-AP-2018-000376
Brooklyn, NY 11217                              Request No. 1386556
tyclevenger@yahoo.com                           MWH:MTC

**VIA: FOIAonline**

Dear Mr. Clevenger:

      This is to advise you that your administrative appeal from the action of the Federal
Bureau of Investigation was received in this Office on October 24, 2017. You appealed from the
FBI's denial of your request for expedited treatment of your Freedom of Information Act request.

      In your appeal letter, you assert that your request is entitled to expedited treatment
pursuant to the fourth standards enumerated in the Department of Justice's regulations. Under
the fourth standard, you must show that the subject matter of your request is a "matter of
widespread and exceptional media interest in which there exist possible questions about the
government's integrity that affect public confidence." Id. at § 16.5(e)(1)(iv). This Office makes
determinations regarding the first three standards, while the Department's Director of Public
Affairs makes determinations regarding the fourth standard. See id. at § 16.5(e)(2).

      The Director of Public Affairs considered your request for expedited processing under the
fourth standard and determined that your request should be denied. I agree with the
determination of the Director of Public Affairs that expedited treatment of your request is not
warranted under this standard because you have failed to sufficiently demonstrate that the subject
of your request is "[a] matter of widespread and exceptional media interest in which there exist
possible questions about the government's integrity which affect public confidence." 28 C.F.R.
§ 16.5(e)(1)(iv) (2017). Accordingly, the Director of Public Affairs properly determined that
you failed to meet your burden under the fourth standard for expedited processing.[1]

      Please be advised that this Office's decision was made only after a full review of this
matter. Your appeal was assigned to an attorney with this Office who thoroughly reviewed and
analyzed your appeal, your underlying request, and the action of the FBI in response to your
request for expedited processing.

---

[1] For the same reasons, expedited processing of your appeal is not warranted.

- 2 -

If you are dissatisfied with my action on your appeal for expedited treatment of your request, you may file a lawsuit in accordance with 5 U.S.C. § 552(a)(6)(E)(iii).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. If you have any questions regarding the action this Office has taken on your appeal, you may contact this Office's FOIA Public Liaison for your appeal. Specifically, you may speak with the undersigned agency official by calling (202) 514-3642.

Sincerely,

11/9/2017

X _____

Matthew Hurd, Associate Chief, for
Sean O'Neill, Chief, Administrative Appeals Staff
Signed by: MATTHEW HURD

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TY CLEVENGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. A. No. 1:18-cv-01568-WFK-LB |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| JUSTICE, *ET AL.*, | ) |
| | ) |
| Defendants. | ) |

# EXHIBIT N



U.S. Department of Justice

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

March 13, 2018

MR. TY CLEVENGER
POST OFFICE BOX 20753
BROOKLYN, NY 11202-0753

Request No.: NFP-91785
Subject: All non-disclosure agreements between the
FBI and other government entities preventing the
release of information to FOIA requesters

Dear Mr. Clevenger:

Item one of your request dated October 1, 2017 seeking various purported non-disclosure agreements (NDAs) since January 1, 2010 is overbroad, vague, and lacks sufficient detail for agency personnel to locate records with a reasonable amount of effort as such information is of a type not searchable via Central Records System indices.   See 28 CFR § 16.3(b).   This item of your request is closed.   Should you resubmit this item of your request, please provide more narrowed and detailed information that would enable personnel to locate any such material, such as identifying specific records or agreements with specific dates.

It is unnecessary to adjudicate your request for a fee waiver.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.   See 5 U. S. C. § 552(c) (2006 & Supp. IV (2010).   This response is limited to those records that are subject to the requirements of the FOIA.   This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

For questions on how to reasonably describe your request, please email us at foipaquestions@fbi.gov.   You may also visit www.fbi.gov and select "Services," "Records Management," and "Freedom of Information/Privacy Act" for additional guidance.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's eFOIA portal at http://www.justice.gov/oip/efoia-portal.html.   Your appeal must be received by OIP within ninety (90) days from the date of this letter in order to be considered timely.   The envelope and the letter should be clearly marked "Freedom of Information Appeal."   Please cite the FOIPA Request Number in any correspondence to us for proper identification of your request.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so that it may be easily identified.

Sincerely,

David M. Hardy
Section Chief
Record/Information
   Dissemination Section
Records Management Division

Enclosure(s)

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)  (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)  related solely to the internal personnel rules and practices of an agency;

(b)(3)  specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)  trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)  inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)  personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)  records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)  contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)  geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)  information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)  material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)  information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)  investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)  material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)  required by statute to be maintained and used solely as statistical records;

(k)(5)  investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)  testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service he release of which would compromise the testing or examination process;

(k)(7)  material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ



# FBI FACT SHEET

- **The primary functions of the FBI are national security and law enforcement.**

- **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920s.**

- **FBI files generally contain reports** of FBI investigations of a wide range of matters, including counterterrorism, counter-intelligence, cyber crime, public corruption, civil rights, organized crime, white collar crime, major thefts, violent crime, and applicants.

- **The FBI does not issue clearances or non-clearances for anyone other than its own personnel or persons having access to FBI facilities.** Background investigations for security clearances are conducted by many different Government agencies. Persons who received a clearance while in the military or employed with some other government agency should contact that entity. Most government agencies have websites which are accessible on the internet which have their contact information.

- **An identity history summary check or "rap sheet" is NOT the same as an "FBI file."** It is a listing of information taken from fingerprint cards and related documents submitted to the FBI in connection with arrests, federal employment, naturalization or military service. The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI CJIS Division – Summary Request, 1000 Custer Hollow Road, Clarksburg, WV 26306. Along with a specific written request, the individual must submit a new full set of his/her fingerprints in order to locate the record, establish positive identification, and ensure that an individual's records are not disseminated to an unauthorized person. The fingerprint submission must include the subject's name, date and place of birth. There is a required fee of $18 for this service, which must be submitted by money order or certified check made payable to the Treasury of the United States. A credit card payment option is also available. Forms for this option and additional directions may be obtained by accessing the FBI Web site at www.fbi.gov/about-us/cjis/identity-history-summary-checks.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index (UNI) to identify any information contained in FBI records that may be associated with an individual and provides the results of that search to a requesting federal, state or local agency. Names are searched in a multitude of combinations and phonetic spellings to ensure all records are located. The NNCP also searches for both "main" and "cross reference" files. A main file is an entry that carries the name corresponding to the subject of a file, while a cross reference is merely a mention of an individual contained in a file. The results from a search of this magnitude can result in several "hits" and "idents" on an individual. In each instance where UNI has identified a name variation or reference, information must be reviewed to determine if it is applicable to the individual in question.

- **The Record/Information Dissemination Section (RIDS)** searches for records and provides copies of FBI files responsive to Freedom of Information or Privacy Act (FOIPA) requests for information. RIDS provides responsive documents to requesters seeking "reasonably described information." For a FOIPA search, the subject's name, event, activity, or business is searched to determine whether there is an associated investigative file. This is called a "main file search" and differs from the **NNCP** search.

**FOR GENERAL INFORMATION ABOUT THE FBI, VISIT OUR WEBSITE AT**
**www.fbi.gov**

7/18/16

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TY CLEVENGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. A. No. 1:18-cv-01568-WFK-LB |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| JUSTICE, *ET AL.,* | ) |
| | ) |
| Defendants. | ) |
| | ) |

# EXHIBIT O

# TY CLEVENGER
P.O. Box 20753
Brooklyn, New York 11202-0753

*telephone: 979.985.5289*
*facsimile: 979.530.9523*

*tyclevenger@yahoo.com*
*Texas Bar No. 24034380*

March 14, 2018

Office of Information Policy
U.S. Department of Justice
1425 New York Avenue, N.W., Suite 11050
Washington, D.C. 20530

<u>Via facsimile and email</u>
(202) 514-1009 and *DOJ.OIP.FOIA@usdoj.gov*

   Re: Freedom of Information Act Appeal

To Whom It May Concern:

  I wish to file an appeal from the attached decision by the FBI. It is not plausible to suggest that the FBI Office of General Counsel is unable to search for non-disclosure agreements that it executed with other agencies, and it should not matter whether the documents are logged into the "Central Records System."

  The subject matter of my request has been the subject of national media coverage, and it relates to questions about corruption and impropriety in the federal government. Accordingly, I request that my appeal be expedited. I attempted to file this appeal online, but the web portal twice failed to submit the appeal due to technical problems.

  Thank you in advance for your consideration.

Sincerely,

Ty Clevenger



U.S. Department of Justice

Federal Bureau of Investigation
*Washington, D.C. 20535*

March 13, 2018

MR. TY CLEVENGER
POST OFFICE BOX 20753
BROOKLYN, NY 11202-0753

Request No.: NFP-91785
Subject: All non-disclosure agreements between the
FBI and other government entities preventing the
release of information to FOIA requesters

Dear Mr. Clevenger:

Item one of your request dated October 1, 2017 seeking various purported non-disclosure agreements (NDAs) since January 1, 2010 is overbroad, vague, and lacks sufficient detail for agency personnel to locate records with a reasonable amount of effort as such information is of a type not searchable via Central Records System indices.   See 28 CFR § 16.3(b).   This item of your request is closed.   Should you resubmit this item of your request, please provide more narrowed and detailed information that would enable personnel to locate any such material, such as identifying specific records or agreements with specific dates.

It is unnecessary to adjudicate your request for a fee waiver.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.   See 5 U.S. C. § 552(c) (2006 & Supp. IV (2010).   This response is limited to those records that are subject to the requirements of the FOIA.   This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

For questions on how to reasonably describe your request, please email us at foipaquestions@fbi.gov.   You may also visit www.fbi.gov and select "Services," "Records Management," and "Freedom of Information/Privacy Act" for additional guidance.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's eFOIA portal at http://www.justice.gov/oip/efoia-portal.html.   Your appeal must be received by OIP within ninety (90) days from the date of this letter in order to be considered timely.   The envelope and the letter should be clearly marked "Freedom of Information Appeal."   Please cite the FOIPA Request Number in any correspondence to us for proper identification of your request.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so that it may be easily identified.

Sincerely,

David M. Hardy
Section Chief
Record/Information
   Dissemination Section
Records Management Division

Enclosure(s)

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual  pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government  service he release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the  person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ



# FBI FACT SHEET

- **The primary functions of the FBI are national security and law enforcement.**

- **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920s.**

- **FBI files generally contain reports** of FBI investigations of a wide range of matters, including counterterrorism, counter-intelligence, cyber crime, public corruption, civil rights, organized crime, white collar crime, major thefts, violent crime, and applicants.

- **The FBI does not issue clearances or non-clearances for anyone other than its own personnel or persons having access to FBI facilities.**   Background investigations for security clearances are conducted by many different Government agencies.   Persons who received a clearance while in the military or employed with some other government agency should contact that entity.   Most government agencies have websites which are accessible on the internet which have their contact information.

- **An identity history summary check or "rap sheet" is NOT the same as an "FBI file."** It is a listing of information taken from fingerprint cards and related documents submitted to the FBI in connection with arrests, federal employment, naturalization or military service.   The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI CJIS Division – Summary Request, 1000 Custer Hollow Road, Clarksburg, WV 26306.   Along with a specific written request, the individual must submit a new full set of his/her fingerprints in order to locate the record, establish positive identification, and ensure that an individual's records are not disseminated to an unauthorized person.   The fingerprint submission must include the subject's name, date and place of birth.   There is a required fee of $18 for this service, which must be submitted by money order or certified check made payable to the Treasury of the United States.   A credit card payment option is also available.   Forms for this option and additional directions may be obtained by accessing the FBI Web site at www.fbi.gov/about-us/cjis/identity-history-summary-checks.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index (UNI) to identify any information contained in FBI records that may be associated with an individual and provides the results of that search to a requesting federal, state or local agency.   Names are searched in a multitude of combinations and phonetic spellings to ensure all records are located.   The NNCP also searches for both "main" and "cross reference" files.   A main file is an entry that carries the name corresponding to the subject of a file, while a cross reference is merely a mention of an individual contained in a file.   The results from a search of this magnitude can result in several "hits" and "idents" on an individual.   In each instance where UNI has identified a name variation or reference, information must be reviewed to determine if it is applicable to the individual in question.

- **The Record/Information Dissemination Section (RIDS)** searches for records and provides copies of FBI files responsive to Freedom of Information or Privacy Act (FOIPA) requests for information.   RIDS provides responsive documents to requesters seeking "reasonably described information."   For a FOIPA search, the subject's name, event, activity, or business is searched to determine whether there is an associated investigative file.   This is called a "main file search" and differs from the **NNCP** search.

**FOR GENERAL INFORMATION ABOUT THE FBI, VISIT OUR WEBSITE AT**
**www.fbi.gov**

7/18/16

**TY CLEVENGER**
P.O. Box 20753
Brooklyn, New York 11202-0753

*telephone: 979.985.5289*
*facsimile: 979.530.9523*

*tyclevenger@yahoo.com*
*Texas Bar No. 24034380*

October 1, 2017

Federal Bureau of Investigation
935 Pennsylvania Avenue, N.W.
Washington, D.C. 20535
*Via electronic submission*

      Re:    Freedom of Information Act request

To Whom It May Concern:

      On September 25, 2017, Senator Charles Grassley sent a letter to FBI Director Christopher Wray concerning a non-disclosure agreement ("NDA") between the FBI and Office of Special Counsel (https://www.grassley.senate.gov/news/news-releases/watchdog-agency-made-sign-non-disclosure-agreements-get-information-fbi). I wish to see documents related to that letter. In particular, I request the opportunity to see the following documents and /or records (regardless of whether they are in electronic or any other format):

      1. Since January 1, 2010, all NDAs between the FBI and any other government entity that prohibit the release of information to Congress, any of its agencies, or any Freedom of Information Act requestors.

      2. All records, documents, correspondence, or other materials sent to Senator Grassley or his representatives in response to his September 25, 2017 letter.

      3. All emails, printed correspondence or other records indicating who was involved in drafting the NDA or NDAs referenced in Senator Grassley's September 25, 2017 letter.

Each of the foregoing paragraphs should be treated as a separate request. I have also attached a September 26, 2017 story from CNN regarding the letter from Senator Grassley to Mr. Wray. As indicated by that story, my FOIA request pertains to matters of widespread public interest, therefore I ask that you expedite the response.

      Thank you in advance for your assistance.

      Sincerely,

Ty Clevenger

# Senate Judiciary leaders ramp up fight with FBI over Comey

By Tal Kopan, **CNN**

Updated 4:38 PM ET, Tue September 26, 2017



**STORY HIGHLIGHTS**

Grassley was referencing the FBI entering a nondisclosure agreement with the Office of Special Counsel

Feinstein also revealed that she had asked the CIA to turn over relevant classified intelligence

**Washington (CNN)** — The leaders of the Senate Judiciary Committee on Tuesday escalated their feud with the FBI and Justice Department, accusing the bureau of obstructing their ability to investigate the firing and actions of former Director James Comey.

Republican Chairman Chuck Grassley excoriated the FBI for putting in place what he said amounted to "gag orders," demanding the bureau turn over what his committee has asked for regarding Comey, his firing and statements he made publicly during the campaign about the investigation into former Secretary of State Hillary Clinton's email server.

"Why now? Why was the FBI so focused on keeping Congress in the dark? Why is it so afraid of shining the light of day on the controversial decisions Mr. Comey made in the months before he was fired?" Grassley said at the beginning of a hearing on legislation that would protect special counsels.

Grassley and Democratic Sen. Dianne Feinstein have flexed their muscle on possibly subpoenaing witnesses and documents related to Russian interference in the election and any possible obstruction of justice.



**Related Article:** White House stonewalls Capitol Hill over records in Russia probe

Grassley was specifically referencing the move by the FBI to enter into a nondisclosure agreement with the Office of Special Counsel before turning over information related to a personnel investigation of him by the Office of Special Counsel (which is unrelated to Special Counsel Robert Mueller.) The FBI only turned information over to the counsel's office on the grounds it wouldn't be shared with Congress, per the agreement, according to Grassley.

The Office of Special Counsel declined to comment.

"Nondisclosure agreements are essentially gag orders -- plain and simple," Grassley said. "They thwart transparency, accountability and seek to obstruct congressional oversight."

Grassley referenced "two heavily redacted witness interviews" the committee obtained that suggested Comey had begun drafting his Clinton statement in advance. He added this is the first time OSC recalled this happening with the FBI or any agency.

He reiterated his request for the FBI to turn over all witness interviews and documents related to Comey's decisionmaking on the statement he ultimately delivered mid-campaign clearing Clinton while still calling her behavior deeply concerning.



**Related Article:** Chuck Grassley preparing subpoenas for two FBI officials

"The executive branch cannot avoid congressional oversight by assigning agreements," Grassley said. "If there's any whiff of partisan or political influence in these institutions under any president or any party, this committee has a responsibility to get to the bottom of it."

Feinstein said she agreed with the "general thrust" of what Grassley said -- and said she had asked the CIA to turn over classified intelligence that she believes is relevant to the committee's work.

Feinstein noted she sent a letter to CIA Director Mike Pompeo, co-signed by Grassley, on Monday asking for the Judiciary Committee to have access to materials given to the Senate Intelligence Committee for its Russian election interference investigation that she has reviewed from her position on that committee.

"I have been privy to certain pieces of intelligence ... that when I saw it, it was relevant to this committee's oversight and yet this committee cannot receive it," Feinstein said.

*CNN's Liz Stark and Manu Raju contributed to this report.*



## Spectacular abandoned castles around the world



This Republican Senator needs a way better answer on Roy Moore



'I think the President's mad as hell': Hill Republicans fume over Price's...



Picking up the pieces

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TY CLEVENGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. A. No. 1:18-cv-01568-WFK-LB |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| JUSTICE, *ET AL.,* | ) |
| | ) |
| Defendants. | ) |
| | ) |

# EXHIBIT P

## FOIPAQUESTIONS

| | |
|---|---|
| **From:** | FOIPAQUESTIONS |
| **Sent:** | Thursday, March 15, 2018 12:09 PM |
| **To:** | 'Ty Clevenger' |
| **Subject:** | RE: RE: files not available |

Dear Mr. Clevenger,

**1386556-000:**
Thank you for your inquiry regarding the status of your Freedom of Information Act/Privacy (FOIPA) request.  A review of your request has determined the following:

The request is presently awaiting assignment to a Disclosure analyst who will then review the records to determine if any redactions are required pursuant to subsections of Title 5, U. S. Code, Section 552 and 552a.

**1398016-000:**
The request is presently in Initial Processing, where the assigned analyst is searching for, retrieving and reviewing potentially responsive records.

*You may check the status of your request online at http://vault.fbi.gov by clicking on the **'Check Status of Your FOI/PA Request'** link.  Online status reports are updated weekly.*

**NFP-91785:**

By letter dated March 13, 2018, the FBI responded via the electronic foia portal.

Should you have further questions, please feel free to reach out.

Respectfully,

**Public Information Officer**
Record/Information Dissemination Section (RIDS) FBI-Records Management Division
170 Marcel Drive, Winchester, VA 22602-4843
Direct: (540) 868-4593
Fax: (540) 868-4391/4997
Questions E-mail: foipaquestions@fbi.gov

Do you have further questions about the FOI/PA process? Visit us at http://www.fbi.gov/foia

Please check the status of your request online at https://vault.fbi.gov/fdps-1/@@search-fdps   Status updates are performed on a weekly basis.

**Note:  This is a non-emergency email address.  If this is an emergency, please call 911 directly.  If you need to report a tip for immediate action, please contact FBI Tips at http://tips.fbi.gov/ or reach out to your local field office.**

**From:** Ty Clevenger [mailto:tyclevenger@yahoo.com]
**Sent:** Wednesday, March 14, 2018 3:00 PM

**To:** FOIPAQUESTIONS <FOIPAQUESTIONS@FBI.GOV>
**Subject:** Re: RE: files not available

NFP-91785 and 1386556-000

On Wednesday, March 14, 2018, 11:02:11 AM EDT, FOIPAQUESTIONS <FOIPAQUESTIONS@FBI.GOV> wrote:


Dear Mr. Clevenger,


Please provide the referenced FOIPA request number.


Respectfully,




**Public Information Officer**

Record/Information Dissemination Section (RIDS) FBI-Records Management Division

170 Marcel Drive, Winchester, VA 22602-4843

Direct: (540) 868-4593

Fax: (540) 868-4391/4997

Questions E-mail: foipaquestions@fbi.gov


Do you have further questions about the FOI/PA process? Visit us at http://www.fbi.gov/foia


Please check the status of your request online at https://vault.fbi.gov/fdps-1/@@search-fdps    Status updates are performed on a weekly basis.


**Note:  This is a non-emergency email address.  If this is an emergency, please call 911 directly.  If you need to report a tip for immediate action, please contact FBI Tips at http://tips.fbi.gov/ or reach out to your local field office.**

2

**From:** Ty Clevenger [mailto:tyclevenger@yahoo.com]
**Sent:** Wednesday, March 14, 2018 10:50 AM
**To:** FOIPAQUESTIONS <FOIPAQUESTIONS@FBI.GOV>
**Subject:** files not available

I have searched the FOIA portal for both case numbers in the attached letters, but the system says they cannot be found. How do I determine the status?

------ Forwarded Message ------

**From:** efoia@subscriptions.fbi.gov <efoia@subscriptions.fbi.gov>

**To:** "tyclevenger@yahoo.com" <tyclevenger@yahoo.com>

**Sent:** Wednesday, March 14, 2018, 9:14:42 AM EDT

**Subject:** eFOIA files available

There are eFOIA files available for you to download.

You can download the files at:

- E15553c7dfe7d6374a8633a759f43ffbcb3a98e84_Q18815_D2004432.pdf
- E15553c7dfe7d6374a8633a759f43ffbcb3a98e84_Q29019_D2007741.pdf

**Please Note:**

The above link(s) are only active for 48hrs. After the link expires you will have the option to reactivate the link(s) for an additional 48hrs. The max renewal limit is two (2) times. Thereafter, the links can no longer be accessed.

You can renew the download files by logging into the efoia system and clicking the "Renew" button in the file list.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

―――――――――――――――――――――――

TY CLEVENGER,                              )
                                          )
        Plaintiff,                        )
                                          )
              v.                          )        Civ. A. No. 1:18-cv-01568-WFK-LB
                                          )
UNITED STATES DEPARTMENT OF               )
JUSTICE, *ET AL.,*                        )
                                          )
        Defendants.                       )
―――――――――――――――――――――――

# EXHIBIT Q

1425 New York Avenue N.W.
Suite 11050
Washington, DC 20005

Ty Clevenger
POB 20753
Brooklyn, NY 11202-0753

March 15, 2018

Dear Ty Clevenger,

This is to advise you that your administrative appeal from the action of the FBI regarding Request No. NFP-91785 was received by this Office on 03/14/2018.

The Office of Information Policy has the responsibility of adjudicating such appeals. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number DOJ-AP-2018-003303. Please mention this number in any future correspondence to this Office regarding this matter. Please note that if you provide an e-mail address or another electronic means of communication with your request or appeal, this Office may respond to your appeal electronically even if you submitted your appeal to this Office via regular U.S. Mail.

We will notify you of the decision on your appeal as soon as we can. If you have any questions about the status of your appeal, you may contact me at (202) 514-3642. If you have submitted your appeal through FOIAonline, you may also obtain an update on the status of your appeal by logging into your account.

Sincerely,

# PRISCILLA JONES

Digitally signed by
PRISCILLA JONES
Date: 2018.03.15 08:41:46
-04'00'

Priscilla Jones

Supervisory Administrative Specialist

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TY CLEVENGER,                           )
                                        )
        Plaintiff,                      )
                                        )
        v.                              )        Civ. A. No. 1:18-cv-01568-WFK-LB
                                        )
UNITED STATES DEPARTMENT OF             )
JUSTICE, *ET AL.,*                      )
                                        )
        Defendants.                     )
                                        )

# EXHIBIT R



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

October 9, 2018

MR. TY CLEVENGER
P.O. BOX 20753
NEW YORK, NY 12202-0753

> FOIPA Request No.: 1386556-000
> Subject: Senator Grassley's letter to Director Wray
> concerning Non-Disclosure Agreement
> (September 25, 2017)
>
> FOIPA Request No.: 1398016-000
> Subject: Records regarding the drafting of the Non-
> Disclosure Agreement referenced in Senator
> Grassley's September 25, 2017 Letter
>
> *Ty Clevenger v. U.S. Department of Justice*
> Civil Action No.: 1:18-cv-01568

Dear Mr. Clevenger:

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. 286 pages were reviewed and 4 pages are being released to you in their entirety with no excisions made by the FBI.

Below you will also find additional informational paragraphs about your request. Where applicable, check boxes are used to provide you with more information about the processing of your request. Please read each item carefully.

☑ Documents were located which originated with, or contained information concerning, other Government Agencies [OGA].

☐ This information has been referred to the OGA(s) for review and direct response to you.
☑ We are consulting with other agencies. The FBI will correspond with you regarding this information when the consultations are completed.

☐ In accordance with standard FBI practice and pursuant to FOIA exemption (b)(7)(E) and Privacy Act exemption (j)(2) [5 U.S.C. § 552/552a (b)(7)(E)/(j)(2)], this response neither confirms nor denies the existence of your subject's name on any watch lists.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the Freedom of Information Act (FOIA). See 5 U.S. C. § 552(c) (2006 & Supp. IV (2010). This response is limited to those records subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist. Enclosed for your information is a copy of the Explanation of Exemptions.

For questions regarding our determinations, please contact the attorney representing the Government in this matter.  Please also cite civil action number 18-cv-01568 in all correspondence so it will be easily identified.

☐   The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation.   Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s).   Our experience has shown such additional references, if identified to the same subject of the main investigative file, usually contain information similar to the information processed in the main file(s).   As such, we have given priority to processing only the main investigative file(s) given our significant backlog.   If you would like to receive any references to the subject(s) of your request, please submit a separate request for the reference material in writing.   The references will be reviewed at a later date, as time and resources permit.

☑   See additional information which follows.

Sincerely,

David M. Hardy
Section Chief
Record/Information
   Dissemination Section
Information Management Division

Enclosure(s)

The enclosed document represents the first interim release of information responsive to the above referenced Freedom of Information/Privacy Acts (FOIPA) requests.

As previously indicated, documents were located which originated with, or contained information concerning other agencies.  We are consulting with the other agencies and are awaiting their responses.  Our office has processed all other information currently in our possession.   The FBI will correspond with you regarding those documents when the consultations are completed.

This material is being provided to you at no charge.   It is unnecessary to adjudicate your request for a fee waiver, as no fees are being assessed.

Finally, pursuant to the Status Conference held on August 23, 2018, the FBI has scoped approximately 1,768 pages or records it received from the United States Office of Special Counsel for review and processing in response to your September 30, 2017 FOIA request submitted to their office.   The FBI has determined that those records are not responsive to the litigated requests herein.

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal  privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)   information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)   information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)   investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)   material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)   required by statute to be maintained and used solely as statistical records;

(k)(5)   investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TY CLEVENGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. A. No. 1:18-cv-01568-WFK-LB |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| JUSTICE, *ET AL.,* | ) |
| | ) |
| Defendants. | ) |

# EXHIBIT S



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

November 9, 2018

MR. TY CLEVENGER
P. O. BOX 20753
NEW YORK, NY 12202-0753

*Ty Clevenger v. DOJ*
Civil Action No. 1:18-cv-01568

FOIPA Request No.: 1398016-000
Subject: Records regarding the drafting of the Non-
Disclosure Agreement referenced in Senator
Grassley's September 25, 2017 Letter

Dear Mr. Clevenger:

You were previously advised we were consulting with another agency concerning information related to your Freedom of Information/Privacy Acts (FOIPA) request.

A portion of that information has been returned to the FBI and is enclosed. The documents were reviewed under the FOIA/FOIPA, Title 5, United States Code, Sections (s) 552/552a. Below you will find check boxes under the appropriate statute headings which indicate the types of exemptions asserted to protect information which is exempt from disclosure. The appropriate exemptions are noted on the enclosed pages next to redacted information. The checked exemptions used to withhold information are further explained in the enclosed Explanation of Exemptions.

|  **Section 552** | | **Section 552a** |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☐ (b)(3) | ☑ (b)(7)(C) | ☐ (k)(1) |
| _____ | ☐ (b)(7)(D) | ☐ (k)(2) |
| _____ | ☑ (b)(7)(E) | ☐ (k)(3) |
| _____ | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☑ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) | | ☐ (k)(7) |

50 pages were reviewed and 42 pages are being released.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the Freedom of Information Act (FOIA). See 5 U.S. C. § 552(c) (2006 & Supp. IV (2010). This response is limited to those records subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist. Enclosed for your information is a copy of the Explanation of Exemptions.

Please direct any further inquiries about this case to the Attorney representing the Government in this matter. Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

☐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation. Our search located additional references, in files relating to other

individuals, or matters, which may or may not be about your subject(s).   Our experience has shown
such additional references, if identified to the same subject of the main investigative file, usually contain
information similar to the information processed in the main file(s).   As such, we have given priority to
processing only the main investigative file(s) given our significant backlog.   If you would like to receive
any references to the subject(s) of your request, please submit a separate request for the reference
material in writing.   The references will be reviewed at a later date, as time and resources permit.

☑   See additional information which follows.

Sincerely,

David M. Hardy
Section Chief
Record/Information
    Dissemination Section
Information Management Division

Enclosure(s)

        The enclosed documents represent the second interim release of information responsive to your Freedom of
Information/Privacy Acts (FOIPA) request.

        As previously indicated, documents were located which originated with, or contained information concerning
other agencies.  We are consulting with the other agencies and are awaiting their response.  Our office has
processed all other information currently in our possession.   The FBI will correspond with you regarding those
documents when the consultation is completed.

## EXPLANATION OF EXEMPTIONS

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)     (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)     related solely to the internal personnel rules and practices of an agency;

(b)(3)     specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)     trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)     inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)     personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)     records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal  privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)     contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)     geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)     information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)     material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)     information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)     investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)     material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)     required by statute to be maintained and used solely as statistical records;

(k)(5)     investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)     testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)     material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TY CLEVENGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. A. No. 1:18-cv-01568-WFK-LB |
| | ) |
| UNITED STATES DEPARTMENT OF JUSTICE, *ET AL.,* | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

# EXHIBIT T



U.S. Department of Justice

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

November 27, 2018

MR. TY CLEVENGER
P.O. BOX 20753
NEW YORK, NY 12202-0753

FOIPA Request No.: 1398016-000
Subject: Records regarding the drafting of
the Non-Disclosure Agreement referenced in
Senator Grassley's September 25, 2017
Letter

*Ty Clevenger v. US Department of Justice*
Civil Action No.:   1:18-cv-01568

Dear Mr. Clevenger:

The FBI's November 9, 2018 release letter represented its final release of information responsive to your FOIA request 1398016-000.   The additional paragraphs included in this letter following the word "Enclosure(s)" were inaccurate.   A corrected release letter is attached hereto for your records.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the Freedom of Information Act (FOIA).   See 5 U.S. C. § 552(c) (2006 & Supp. IV (2010).   This response is limited to those records subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

For questions regarding our determinations, please contact the attorney representing the Government in this matter.   Please also cite civil action number 1:18-cv-01568 in all correspondence so it will be easily identified.

Enclosed for your information is a copy of the FBI Fact Sheet and Explanation of Exemptions.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
 Dissemination Section
Records Management Division

Enclosure(s)



# FBI FACT SHEET

- **The primary functions of the FBI are national security and law enforcement.**

- **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920s.**

- **FBI files generally contain reports** of FBI investigations of a wide range of matters, including counterterrorism, counter-intelligence, cyber crime, public corruption, civil rights, organized crime, white collar crime, major thefts, violent crime, and applicants.

- **The FBI does not issue clearances or non-clearances for anyone other than its own personnel or persons having access to FBI facilities.** Background investigations for security clearances are conducted by many different Government agencies. Persons who received a clearance while in the military or employed with some other government agency should contact that entity. Most government agencies have websites which are accessible on the internet which have their contact information.

- **An identity history summary check or "rap sheet" is NOT the same as an "FBI file."** It is a listing of information taken from fingerprint cards and related documents submitted to the FBI in connection with arrests, federal employment, naturalization or military service. The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI CJIS Division – Summary Request, 1000 Custer Hollow Road, Clarksburg, WV 26306. Along with a specific written request, the individual must submit a new full set of his/her fingerprints in order to locate the record, establish positive identification, and ensure that an individual's records are not disseminated to an unauthorized person. The fingerprint submission must include the subject's name, date and place of birth. There is a required fee of $18 for this service, which must be submitted by money order or certified check made payable to the Treasury of the United States. A credit card payment option is also available. Forms for this option and additional directions may be obtained by accessing the FBI Web site at www.fbi.gov/about-us/cjis/identity-history-summary-checks.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index (UNI) to identify any information contained in FBI records that may be associated with an individual and provides the results of that search to a requesting federal, state or local agency. Names are searched in a multitude of combinations and phonetic spellings to ensure all records are located. The NNCP also searches for both "main" and "cross reference" files. A main file is an entry that carries the name corresponding to the subject of a file, while a cross reference is merely a mention of an individual contained in a file. The results from a search of this magnitude can result in several "hits" and "idents" on an individual. In each instance where UNI has identified a name variation or reference, information must be reviewed to determine if it is applicable to the individual in question.

- **The Record/Information Dissemination Section (RIDS)** searches for records and provides copies of FBI files responsive to Freedom of Information or Privacy Act (FOIPA) requests for information. RIDS provides responsive documents to requesters seeking "reasonably described information." For a FOIPA search, the subject's name, event, activity, or business is searched to determine whether there is an associated investigative file. This is called a "main file search" and differs from the **NNCP** search.

**FOR GENERAL INFORMATION ABOUT THE FBI, VISIT OUR WEBSITE AT**
**www.fbi.gov**

7/18/16

## EXPLANATION OF EXEMPTIONS

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)   information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)   information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)   investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)   material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)   required by statute to be maintained and used solely as statistical records;

(k)(5)   investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service he release of which would compromise the testing or examination process;

(k)(7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ



U.S. Department of Justice

---

Federal Bureau of Investigation

*Washington, D.C. 20535*

November 9, 2018

MR. TY CLEVENGER                    **(REVISED)**
P. O. BOX 20753
NEW YORK, NY 12202-0753

*Ty Clevenger v. DOJ*
Civil Action No. 1:18-cv-01568

FOIPA Request No.: 1398016-000
Subject: Records regarding the drafting of the Non-
Disclosure Agreement referenced in Senator
Grassley's September 25, 2017 Letter

Dear Mr. Clevenger:

You were previously advised we were consulting with another agency concerning information related to your Freedom of Information/Privacy Acts (FOIPA) request.

A portion of that information has been returned to the FBI and is enclosed.  The documents were reviewed under the FOIA/FOIPA, Title 5, United States Code, Sections (s) 552/552a.  Below you will find check boxes under the appropriate statute headings which indicate the types of exemptions asserted to protect information which is exempt from disclosure. The appropriate exemptions are noted on the enclosed pages next to redacted information.  The checked exemptions used to withhold information are further explained in the enclosed Explanation of Exemptions.

| **Section 552** | | | **Section 552a** |
|---|---|---|---|
| ☐ (b)(1) | ☐ | (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ | (b)(7)(B) | ☐ (j)(2) |
| ☐ (b)(3) | ☑ | (b)(7)(C) | ☐ (k)(1) |
| ———————— | ☐ | (b)(7)(D) | ☐ (k)(2) |
| ———————— | ☑ | (b)(7)(E) | ☐ (k)(3) |
| ———————— | | | |
| ☐ (b)(4) | ☐ | (b)(7)(F) | ☐ (k)(4) |
| ☑ (b)(5) | ☐ | (b)(8) | ☐ (k)(5) |
| ☑ (b)(6) | ☐ | (b)(9) | ☐ (k)(6) |
| | | | ☐ (k)(7) |

50 pages were reviewed and 42 pages are being released.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the Freedom of Information Act (FOIA).  <u>See</u> 5 U.S. C. § 552(c) (2006 & Supp. IV (2010).  This response is limited to those records subject to the requirements of the FOIA.  This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist. Enclosed for your information is a copy of the Explanation of Exemptions.

Please direct any further inquiries about this case to the Attorney representing the Government in this matter. Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

☐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation. Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s). Our experience has shown such additional references, if identified to the same subject of the main investigative file, usually contain information similar to the information processed in the main file(s). As such, we have given priority to processing only the main investigative file(s) given our significant backlog. If you would like to receive any references to the subject(s) of your request, please submit a separate request for the reference material in writing. The references will be reviewed at a later date, as time and resources permit.

☑
See additional information which follows.

Sincerely,

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Information Management Division

Enclosure(s)

The enclosed documents represent the final release of information responsive to your Freedom of Information/Privacy Acts (FOIPA) request.

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)  (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)  related solely to the internal personnel rules and practices of an agency;

(b)(3)  specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)  trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)  inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)  personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)  records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)  contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)  geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)  information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)  material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,  or reduce crime or apprehend criminals;

(k)(1)  information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)  investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)  material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)  required by statute to be maintained and used solely as statistical records;

(k)(5)  investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)  testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)  material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TY CLEVENGER,                          )
                                       )
        Plaintiff,                     )
                                       )
        v.                             )          Civ. A. No. 1:18-cv-01568-WFK-LB
                                       )
UNITED STATES DEPARTMENT OF            )
JUSTICE, *ET AL.,*                     )
                                       )
        Defendants.                    )
                                       )

# EXHIBIT U



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

December 12, 2018

MR. TY CLEVENGER
P.O. BOX 20753
NEW YORK, NY 12202-0753

FOIPA Request No.: 1386556-000
Subject: Senator Grassley's letter to Director Wray
concerning Non-Disclosure Agreement
(September 25, 2017)

*Ty Clevenger v. U.S. Department of Justice*
*Civil Action No.: 1:18-cv-01568*

Dear Mr. Clevenger:

You were previously advised we were consulting with another agency concerning information located as a result of your Freedom of Information/Privacy Acts (FOIPA) request.

This consultation is complete and the enclosed material is being released to you with the appropriate exemption noted next to the redacted information pursuant to Title 5, United States Code, Section(s) 552/552a as noted below.    Below you will find checked boxes under statute headings indicating the appropriate exemptions asserted to protect information which is exempt from disclosure.   The checked exemption boxes used to withhold the information are further explained in the enclosed Explanation of Exemptions.

|  | **Section 552** |  |  | **Section 552a** |
|---|---|---|---|---|
| ☐ (b)(1) | ☑ (b)(7)(A) |  | ☐ (d)(5) | |
| ☐ (b)(2) | ☐ (b)(7)(B) |  | ☐ (j)(2) | |
| ☐ (b)(3) | ☑ (b)(7)(C) |  | ☐ (k)(1) | |
| _____ | ☐ (b)(7)(D) |  | ☐ (k)(2) | |
| _____ | ☑ (b)(7)(E) |  | ☐ (k)(3) | |
| _____ | ☐ (b)(7)(F) |  | ☐ (k)(4) | |
| ☐ (b)(4) | ☐ (b)(8) |  | ☐ (k)(5) | |
| ☑ (b)(5) | ☐ (b)(9) |  | ☐ (k)(6) | |
| ☑ (b)(6) |  |  | ☐ (k)(7) | |

232 pages were reviewed and 230 pages are being released.

☑   The appropriate redactions were made by the Department of Justice Office of Information Policy (OIP) and the Executive Office for United States Attorneys (EOUSA).

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the Freedom of Information Act (FOIA).   See 5 U.S.C. § 552(c) (2006 & Supp. IV (2010).  This response is limited to those records subject to the requirements of the FOIA.   This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist. Enclosed for your information is a copy of the Explanation of Exemptions.

Please direct any further inquiries about this case to the attorney representing the Government in this matter.  Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

☑   See additional information which follows.

Sincerely,

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Information Management Division

Enclosure(s)

The enclosed documents represent the final release of information responsive to your Freedom of Information Act (FOIA) request.   This material is being provided to you at no charge.

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal  privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TY CLEVENGER,                                )
                                             )
        Plaintiff,                           )
                                             )
        v.                                   )     Civ. A. No. 1:18-cv-01568-WFK-LB
                                             )
UNITED STATES DEPARTMENT OF                  )
JUSTICE, *ET AL.*,                           )
                                             )
        Defendants.                          )

# EXHIBIT V



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

July 23, 2019

MR. TY CLEVENGER
POST OFFICE BOX 20753
NEW YORK, NY  11202-0753

FOIPA Request No.:  1386556-000
Subject: Senator Grassley's letter to Director Wray
concerning Non-Disclosure Agreement
(September 25, 2017)

FOIPA Request No.: 1398016-000
Subject:   Records regarding the drafting of the Non-Disclosure
Agreement referenced in Senator Grassley's September 25,
2017 Letter

*Ty Clevenger v. U.S. Department of Justice*
*Civil Action No.: 1:18-cv-01568*

Dear Mr. Clevenger:

In response to your Freedom of Information Act (FOIA) request and subsequent civil action case pending in the U.S. District Court for the District of Columbia, enclosed is one (1) compact disc containing a supplemental release of records previously provided to you by letters dated November 9, 2018 and December 12, 2018.

While conducting an additional review of these responsive records, it was determined by the Federal Bureau of Investigation that additional information was able to be segregated for release to you on twenty-three (23) pages, bates-numbered FBI 18-cv-01568 6, 8, 42, 122, 124-126, 241-243, 250, 252-254, 260, 265-268, 273, 278-279, and 283.   In addition, the United States Office of Special Counsel determined that additional information was able to be segregated for release to you on nine (9) pages, bates-numbered FBI 18-cv-01568 12, 28, 30, 31, 33, 34, 36, 52 and 54.

Finally, the FBI has withdrawn certain underlying exemptions it asserted to withhold information on bates-numbered pages FBI 18-cv-01568 85-86, 177-179, 197-198, 272, 275-277, 282, and 284.   Notwithstanding the same, the FBI continues to rely on other applicable exemptions to continue to withholding this information.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request.   **"Part 1"** of the Addendum includes standard responses that apply to all requests.   **"Part 2"** includes additional standard responses that apply to all requests for records on individuals.   **"Part 3"** includes general information about FBI records that you may find useful.   Also enclosed is our Explanation of Exemptions.

Please direct any further inquiries about this case to the Attorney representing the Government in this matter.   Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

Sincerely,

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Information Management Division

Enclosure(s)

### FBI FOIPA Addendum

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum includes information applicable to your request. Part 1 of the Addendum includes standard responses that apply to all requests. Part 2 includes additional standard responses that apply to all requests for records on individuals. Part 3 includes general information about FBI records. For questions regarding Parts 1, 2, or 3, visit the www.fbi.gov/foia website under "Contact Us." Previously mentioned appeal and dispute resolution services are also available at the web address.

**Part 1: The standard responses below apply to all requests:**

(i) **5 U.S.C. § 552(c).** Congress excluded three categories of law enforcement and national security records from the requirements of the FOIA [5 U.S.C. § 552(c) (2006 & Supp. IV (2010)]. FBI responses are limited to those records subject to the requirements of the FOIA. Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii) **National Security/Intelligence Records.** The FBI can neither confirm nor deny the existence of national security and foreign intelligence records pursuant to FOIA exemptions (b)(1), (b)(3), and PA exemption (j)(2) as applicable to requests for records about individuals [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2); 50 U.S.C § 3024(i)(1)]. The mere acknowledgement of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)]. This is a standard response and should not be read to indicate that national security or foreign intelligence records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i) **Requests for Records about any Individual—Watch Lists.** The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)]. This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii) **Requests for Records for Incarcerated Individuals.** The FBI can neither confirm nor deny the existence of records which could reasonably be expected to endanger the life or physical safety of any incarcerated individual pursuant to FOIA exemptions (b)(7)(E), (b)(7)(F), and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (b)(7)(F), and (j)(2)]. This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i) **Record Searches.** The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching those systems or locations where responsive records would reasonably be found. Most requests are satisfied by searching the Central Records System (CRS), an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled and maintained by the FBI in the course of fulfilling its dual law enforcement and intelligence mission as well as the performance of agency administrative and personnel functions. The CRS spans the entire FBI organization and encompasses the records of FBI Headquarters (FBIHQ), FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide. A CRS search includes Electronic Surveillance (ELSUR) records.

(ii) **FBI Records.** Founded in 1908, the FBI carries out a dual law enforcement and national security mission. As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii) **Requests for Criminal History Records or Rap Sheets.** The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheets. These criminal history records are not the same as material in an investigative "FBI file." An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service. For a fee, individuals can request a copy of their Identity History Summary Check. Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks. Additionally, requests can be submitted electronically at www.edo.cjis.gov. For additional information, please contact CJIS directly at (304) 625-5590.

(iv) **The National Name Check Program (NNCP).** The mission of NNCP is to analyze and report information in response to name check requests received from federal agencies, for the purpose of protecting the United States from foreign and domestic threats to national security. Please be advised that this is a service provided to other federal agencies. Private citizens cannot request a name check.

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal   privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)   information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)   information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)   investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)   material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)   required by statute to be maintained and used solely as statistical records;

(k)(5)   investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TY CLEVENGER,<br><br>　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF<br>JUSTICE, *ET AL.,*<br><br>　　Defendants. | )<br>)<br>)<br>)<br>)<br>)　Civ. A. No. 1:18-cv-01568-WFK-LB<br>)<br>)<br>)<br>)<br>)<br>) |

# EXHIBIT W

*TY CLEVENGER v. UNITED STATES DEPARTMENT OF JUSTICE, ET AL.*
1:18-CV-01568
UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

## *Vaughn Index*

| SUMMARY OF FOIA EXEMPTION JUSTIFICATION CATEGORIES | |
|---|---|
| **CODED CATEGORIES** | **INFORMATION WITHELD** |
| **EXEMPTION (b)(3)** | **INFORMATION PROTECTED BY STATUE** |
| (b)(3)-1 | This Coded Category is no longer being applied to withhold information on Bates-numbered pages FBI 18-cv-01568-6, 8, and 42. |
| **EXEMPTION (b)(5)** | **PRIVILEGED INFORMATION** |
| (b)(5)-1 | Deliberative Process Privilege |
| (b)(5)-2 | Attorney Work Product Privilege |
| (b)(5)-3 | Attorney-Client Privilege |
| **EXEMPTION (b)(6) and EXEMPTION (b)(7)(C)** | **CLEARLY UNWARRANTED INVASION OF PERSONAL PRIVACY AND UNWARRANTED INVASION OF PERSONAL PRIVACY** |
| (b)(6)-1 and (b)(7)(C)-1 | Names and Identifying Information of FBI Special Agents and Professional Staff |
| (b)(6)-2 and (b)(7)(C)-2 | Names and Identifying Information of Non-FBI Federal Government Personnel |
| (b)(6)-3 and (b)(7)(C)-3 | Names and Identifying Information of Third Parties Merely Mentioned |
| **EXEMPTION (b)(7)(A)** | **PENDING LAW ENFORCEMENT PROCEEDINGS** |

| | |
|---|---|
| (b)(7)(A)-1 | Information Which, if Disclosed, Could Reasonably be Expected to Interfere with Pending Law Enforcement Proceedings<br>*[cited at times in conjunction with FOIA Exemption 7(E)]* |
| **EXEMPTION (b)(7)(E)** | **INVESTIGATIVE TECHNIQUES AND PROCEDURES** |
| (b)(7)(E)-1 | This Coded Category is no longer being applied to withhold information on Bates-numbered pages FBI 18-cv-01568-6, 8, and 42. |
| (b)(7)(E)-2 | Numbers of Personnel, Identity and/or Location of FBI Units and Divisions |
| (b)(7)(E)-3 | This Coded Category is no longer being applied to withhold information on Bates-numbered pages FBI 18-cv-01568-85, 86, 122, 124-126, 177-179, 197-198, 250, 252-254, 260, 265-268, 272-273, 275-277, 282, and 284. |
| (b)(7)(E)-4 | Investigative Focus of Specific Investigation |
| (b)(7)(E)-7 | Collection and Analysis |

## INDEX KEY

RIF: Released in Full

RIP: Released in Part

WIF: Withheld in Full

FOIA WIF: Withheld in full pursuant to FOIA Exemptions

Per [OGA]: Information was withheld by [OGA]


## FBI DOCUMENT TYPES

| |
|---|
| FBI Letters:  The FBI letter is the formal correspondence format used to communicate with non-FBI entities, including but not limited to, other federal agencies, other non-federal law enforcement agencies, commercial businesses, and/or private citizens.  Its format is identical to business letters utilized by commercial agencies, except that it contains the FBI Seal at the top of the first page. |

Electronic Mail Messages (E-mails):  These documents consist of E-mails between FBI personnel, between FBI personnel and private citizens/corporations, and between FBI personnel and Other Government Agency (OGA) personnel. Several of the emails contain attachments.

Other:  Copies of U.S. Office of Special Counsel transcripts of recorded interviews taken of FBI personnel.

| Document Description | Bates | b5 1 | b5 2 | b5 3 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 7E 2 | 7E 4 | Per OGA | RIF | RIP | FOIA WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Released in Full | 1 | | | | | | | | | | X | | |
| | 2 | | | | | | | | | | X | | |
| Released in Full | 3 | | | | | | | | | | X | | |
| | 4 | | | | | | | | | | X | | |
| Released In Part | 5 | X | X | | X | | | | | | | X | |
| | 6 | X | X | | | | | | | | | X | |
| | 7 | | | | X | | | | | | | X | |
| Released In Part | 8 | X | X | | X | | | | | b5-Per EOUSA | | X | |
| | 9 | X | | | X | | | | | | | X | |
| Released In Part | 10 | | | | X | | | | | b5-Per EOUSA | | X | |
| | 11 | | | | | | | | | | X | | |
| | 12 | | | | | | | | | | X | | |
| Released In Part | 13 | | | | X | | | | | b5-Per EOUSA | | X | |
| | 14 | | | | | | | | | b5-Per EOUSA | | | X |
| | 15 | | | | | | | | | b5-Per EOUSA | | | X |
| Released In Part | 16 | | | | X | | | | | b5-Per EOUSA | | X | |
| | 17 | | | | | | | | | b5-Per EOUSA | | | X |
| | 18 | | | | | | | | | b5-Per EOUSA | | | X |
| Released In Part | 19 | | | | X | | | | | b5-Per EOUSA | | X | |
| | 20 | | | | X | | | | | b5-Per EOUSA | | X | |
| | 21 | | | | | | | | | b5-Per EOUSA | | | X |
| | 22 | | | | | | | | | b5-Per EOUSA | | | X |
| Released In Part | 23 | X | | | X | | | | | b5-Per EOUSA | | X | |
| | 24 | | | | X | | | | | b5-Per EOUSA | | X | |

| Document Description | Bates | b5 1 | b5 2 | b5 3 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 7E 2 | 7E 4 | Per OGA | RIF | RIP | FOIA WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
|  | 25 |  |  |  |  |  |  |  |  | b5-Per EOUSA |  |  | X |
|  | 26 |  |  |  |  |  |  |  |  | b5-Per EOUSA |  |  | X |
| Released In Part | 27 |  |  |  | X |  |  |  |  | b5; b6-Per EOUSA |  | X |  |
| Released In Part | 28 |  |  |  | X |  |  |  |  |  |  | X |  |
|  | 29 |  |  |  |  |  |  |  |  |  | X |  |  |
|  | 30 |  |  |  |  |  |  |  |  |  | X |  |  |
| Released In Part | 31 |  |  |  | X |  |  |  |  |  |  | X |  |
|  | 32 |  |  |  |  |  |  |  |  |  | X |  |  |
|  | 33 |  |  |  |  |  |  |  |  |  | X |  |  |
| Released In Part | 34 |  |  |  | X |  |  |  |  | b5-Per EOUSA |  | X |  |
|  | 35 |  |  |  |  |  |  |  |  |  | X |  |  |
|  | 36 |  |  |  |  |  |  |  |  |  | X |  |  |
| Released In Part | 37 | X |  |  | X |  |  |  |  | b5-Per EOUSA |  | X |  |
| Released In Part | 38 | X |  |  | X |  |  |  |  | b5-Per EOUSA |  | X |  |
|  | 39 | X |  |  | X |  |  |  |  | b5-Per EOUSA |  | X |  |
|  | 40 |  |  |  | X |  |  |  |  | b5-Per EOUSA |  | X |  |
| Released In Part | 41 | X |  |  | X |  |  |  |  |  |  | X |  |
|  | 42 | X | X |  | X |  |  |  |  | b5-Per EOUSA |  | X |  |
|  | 43 | X |  |  | X |  |  |  |  |  |  | X |  |
| Released In Part | 44 | X |  |  | X |  |  |  |  | b5-Per EOUSA |  | X |  |
|  | 45 |  |  |  | X |  |  |  |  | b5-Per EOUSA |  | X |  |
| Released In Part | 46 | X |  |  | X |  |  |  |  | b5-Per EOUSA |  | X |  |
|  | 47 |  |  |  | X |  |  |  |  | b5-Per EOUSA |  | X |  |

| Document Description | Bates | b5 1 | b5 2 | b5 3 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 7E 2 | 7E 4 | Per OGA | RIF | RIP | FOIA WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Released In Part | 48 | X | | | X | | | | | b5-Per EOUSA | | X | |
| | 49 | | | | X | | | | | b5-Per EOUSA | | X | |
| Released In Part | 50 | | | | X | | | | | b5; b6-Per EOUSA | | X | |
| | 51 | | | | | | | | | | X | | |
| | 52 | | | | | | | | | | X | | |
| | 53 | | | | | | | | | | X | | |
| | 54 | | | | | | | | | | X | | |
| Released In Part | 55 | | | | | | | | | | X | | |
| | 56 | | | | | | | | | | X | | |
| | 57 | | | X | | | | | | | | X | |
| | 58 | | | | | | | | | | X | | |
| | 59 | | | | | | | X | | | | X | |
| | 60 | | | | X | | | | | | | X | |
| | 61 | | | | | | | | | | X | | |
| | 62 | | | | | | | | | | X | | |
| | 63 | | | | X | | | | | | | X | |
| | 64 | | | | X | | | | | | | X | |
| | 65 | | | | | | | | | | X | | |
| | 66 | | | | | | | | | | X | | |
| | 67 | | | | | | | | | | X | | |
| | 68 | | | | | | | | | | X | | |
| | 69 | | | | | | | | | | X | | |
| | 70 | | | | | | | | | | X | | |
| | 71 | | | | | | | | | | X | | |
| | 72 | | | | | | | | | | X | | |
| | 73 | | | | | | | | | | X | | |
| | 74 | | | | | | | | | | X | | |
| | 75 | X | | X | X | | | | | | | X | |
| | 76 | X | | | | | | | | | | X | |
| | 77 | | | | | | | | | | X | | |
| | 78 | | | | | | | | | | X | | |
| | 79 | | | | | | | | | | X | | |
| | 80 | | | | | | | | | | X | | |
| | 81 | | | | | | | | | | X | | |

| Document Description | Bates | b5 1 | b5 2 | b5 3 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 7E 2 | 7E 4 | Per OGA | RIF | RIP | FOIA WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 82 | | | | | | | | | | X | | |
| | 83 | | | | | | | | | | X | | |
| | 84 | | | | | | | | | | X | | |
| | 85 | | X | | | | | | | | | X | |
| | 86 | | X | | | | | | | | | X | |
| | 87 | | | | X | | | | | | | X | |
| | 88 | | | | | | | | | | X | | |
| | 89 | | | | | | | | | | X | | |
| | 90 | | | | | | | | | | X | | |
| | 91 | | | | | | | | | | X | | |
| | 92 | | | | | | | | | | X | | |
| | 93 | | | | | | | | | | X | | |
| | 94 | | | | | | | | | | X | | |
| | 95 | X | | | | | | | | | | X | |
| | 96 | X | | X | | | | | | | | X | |
| | 97 | | | | | | | | | | X | | |
| | 98 | | | | | | | | | | X | | |
| | 99 | | | | | | | | | | X | | |
| | 100 | | | | | | | | | | X | | |
| | 101 | | | | X | | | | | | | X | |
| | 102 | | | | | | | | | | X | | |
| | 103 | | | X | X | | | | | | | X | |
| | 104 | | | X | | | | | | | | X | |
| | 105 | | | | | | | | | | X | | |
| | 106 | | | | | | | | | | X | | |
| | 107 | | | | | | | | | | X | | |
| | 108 | | | | | | | | | | X | | |
| | 109 | | | | | | | | | | X | | |
| | 110 | | | | | | | | | | X | | |
| | 111 | | | | | | | | | | X | | |
| | 112 | | | | | | | | | | X | | |
| | 113 | | | | | | | | | | X | | |
| | 114 | | | | | | | | | | X | | |
| | 115 | | | X | | | | | | | | X | |
| | 116 | | | X | | | | | | | | X | |
| | 117 | | | | | | | | | | X | | |
| | 118 | | | | | | | | | | X | | |
| | 119 | | | | | | | | | | X | | |

| Document Description | Bates | b5 1 | b5 2 | b5 3 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 7E 2 | 7E 4 | Per OGA | RIF | RIP | FOIA WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 120 | | | | X | | | | | | | X | |
| | 121 | | | | | | | | | | X | | |
| | 122 | | | | | | | | | | X | | |
| | 123 | | | | | | | | | | X | | |
| | 124 | | | | | | | | | | X | | |
| | 125 | | | | | | | | | | X | | |
| | 126 | | | | | | | | | | X | | |
| | 127 | | | | | | | | | | X | | |
| | 128 | | | | | | | | | | X | | |
| Released In Part | 129 | | | | | | | | | | X | | |
| | 130 | | | | | | | | | | X | | |
| | 131 | | | | | | | | | | X | | |
| | 132 | | | | | | | | | | X | | |
| | 133 | | | | | | | | | | X | | |
| | 134 | | | | | | | | | | X | | |
| | 135 | | | | | | | X | | | | X | |
| | 136 | | | | | | | | | | X | | |
| | 137 | | | | | | | | | | X | | |
| | 138 | | | | | | | | | | X | | |
| | 139 | | | | X | | | | | | | X | |
| | 140 | | | | | | | | | | X | | |
| | 141 | | | | | | | | | | X | | |
| | 142 | | | | | | | | | | X | | |
| | 143 | | | | | | | | | | X | | |
| | 144 | | | | | | | | | | X | | |
| | 145 | | | | | | | | | | X | | |
| | 146 | | | | | | | | | | X | | |
| | 147 | | | | | | | | | | X | | |
| | 148 | | | | | | | | | | X | | |
| | 149 | | | | | | | | | | X | | |
| | 150 | | | | | | | | | | X | | |
| | 151 | | | | | | | | | | X | | |
| | 152 | | | | | | | | | | X | | |
| | 153 | X | | | | | | | | | | X | |
| | 154 | | | | | | | | | | X | | |
| | 155 | | | | | | | | | | X | | |
| | 156 | | | | | | | | | | X | | |
| | 157 | | | | | | | | | | X | | |

| Document Description | Bates | b5 1 | b5 2 | b5 3 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 7E 2 | 7E 4 | Per OGA | RIF | RIP | FOIA WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 158 | | | | | | | | | | X | | |
| | 159 | X | | | | | | | | | | X | |
| | 160 | X | | | | | | | | | | X | |
| | 161 | | | | | | | | | | X | | |
| | 162 | | | | | | | | | | X | | |
| | 163 | | | | | | | | | | X | | |
| | 164 | | | | | | | | | | X | | |
| | 165 | | | | | | | | | | X | | |
| | 166 | | | | | | | | | | X | | |
| | 167 | | | | | | | | | | X | | |
| | 168 | | | | | | | | | | X | | |
| | 169 | | | | | | | | | | X | | |
| | 170 | | | | | | | | | | X | | |
| | 171 | | | | | | | | | | X | | |
| | 172 | | | | | | | | | | X | | |
| | 173 | | | | | | | | | | X | | |
| | 174 | | | | | | | | | | X | | |
| | 175 | | | | | | | | | | X | | |
| | 176 | | | | | | | | | | X | | |
| | 177 | | X | | | | | | | | | X | |
| | 178 | | X | | | | | | | | | X | |
| | 179 | | X | | | | | | | | | X | |
| | 180 | | | | | | | | | | X | | |
| | 181 | | | | | | | | | | X | | |
| | 182 | | | | | | | | | | X | | |
| | 183 | | | | | | | | | | X | | |
| | 184 | X | | X | | | | | | | | X | |
| | 185 | X | | | X | | | | | | | X | |
| | 186 | X | | | | | | | | | | X | |
| | 187 | | | | | | | | | b5-per OIP | | X | |
| | 188 | X | | | | | | | | b5-per OIP | | X | |
| | 189 | | | | | | | | | | X | | |
| | 190 | | | | | | | | | | X | | |
| | 191 | | | | | | | | | | X | | |
| | 192 | | | | | | | | | | X | | |
| | 193 | | | | | | | | | | X | | |

| Document Description | Bates | b5 1 | b5 2 | b5 3 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 7E 2 | 7E 4 | Per OGA | RIF | RIP | FOIA WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 194 | | | | | | | | | | X | | |
| | 195 | | | | | | | | | | X | | |
| | 196 | | | | | | | | | | X | | |
| | 197 | | | | | | | | X | | | | X | |
| | 198 | | | | | | | | X | | | | X | |
| | 199 | | | | | | | | | | | X | | |
| | 200 | | | | | | | | | | | X | | |
| | 201 | X | | | | | | | | | | | X | |
| | 202 | X | | | | | | | | | | | X | |
| | 203 | | | | | | | | | | | X | | |
| | 204 | | | | | | | | | | | X | | |
| | 205 | | | X | | | | | | | | | X | |
| | 206 | | | | | | | | | | b5-per OIP | | X | |
| | 207 | | | | | | | | | | b5-per OIP | | X | |
| | 208 | | | | | | | | | | b5-per OIP | | X | |
| | 209 | | | | | | | | | | b5-per OIP | | X | |
| | 210 | | | | | | | | | | b5-per OIP | | X | |
| | 211 | | | | | | | | | | b5-per OIP | | X | |
| | 212 | | | | | | | | | | b5-per OIP | | X | |
| | 213 | | | | | | | | | | | X | | |
| | 214 | | | | | | | | | | | X | | |
| | 215 | | | | | | | | | | | X | | |
| | 216 | | | | | | | | | | | X | | |
| | 217 | | | | | | | | | | | X | | |
| | 218 | | | | | | | | | | | X | | |
| | 219 | | | | | | | | | | | X | | |
| | 220 | | | | | | | | | | | X | | |
| | 221 | | | | | | | | | | | X | | |
| | 222 | | | | | | | | | | | X | | |
| | 223 | | | | | | | | | | | X | | |

| Document Description | Bates | b5 1 | b5 2 | b5 3 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 7E 2 | 7E 4 | Per OGA | RIF | RIP | FOIA WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 224 | | | | | | | | | b5-per OIP | | X | |
| | 225 | | | | | | | | | b5-per OIP | | | X |
| | 226 | | | | | | | | | b5-per OIP | | X | |
| | 227 | | | | | | | | | b5-per OIP | | X | |
| | 228 | | | | | | | | | b5-per OIP | | X | |
| | 229 | | | | | | | | | b5-per OIP | | X | |
| | 230 | | | X | X | | | | | b5-per OIP | | X | |
| | 231 | | | X | | | | | | b5-per OIP | | X | |
| | 232 | | | | | | | | | | X | | |
| | 233 | | | | | | | | | | X | | |
| | 234 | | | | | | | | | | X | | |
| | 235 | | | | | | | | | | X | | |
| | 236 | | | | | | | | | | X | | |
| | 237 | | | | | | | | | | X | | |
| | 238 | | | | | | | | | | X | | |
| | 239 | | | | | | | | | | X | | |
| | 240 | | | | | | | | | | X | | |
| | 241 | | | | | | | | | | X | | |
| | 242 | | | | X | | | X | | | | | X | |
| | 243 | | | | | | | | | | X | | |
| | 244 | | | | | | | | | | X | | |
| | 245 | | | | | | | | | | X | | |
| | 246 | | | | | | | | | b5-per OIP | | X | |
| | 247 | | | | | | | | | b5-per OIP | | X | |
| | 248 | | | | | | | | | | X | | |
| | 249 | | | | X | | | | | | | X | |
| | 250 | | | | | | | | | | X | | |
| | 251 | | | | | | | | | | X | | |

8

| Document Description | Bates | b5 1 | b5 2 | b5 3 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 7E 2 | 7E 4 | Per OGA | RIF | RIP | FOIA WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 252 | | | | | | | | | | X | | |
| | 253 | | | | | | | | | | X | | |
| | 254 | | | | | | | | | | X | | |
| | 255 | | | | | | | | | | X | | |
| | 256 | X | | | | | | | | | | X | |
| | 257 | | | | | | | | | | X | | |
| | 258 | | | | | | | | | | X | | |
| | 259 | | | | | | | | | | X | | |
| | 260 | | | | | | | | | | X | | |
| | 261 | | | | | | | | | | X | | |
| | 262 | | | | | | | | | | X | | |
| | 263 | | | | | | | | | | X | | |
| | 264 | | | | | | | | | | X | | |
| | 265 | X | | | | | X | | X | | | X | |
| | 266 | | | | | | | | X | | | X | |
| | 267 | X | | | | | | | | | | X | |
| | 268 | | | | | | | | | | X | | |
| | 269 | X | | | | | | | | | | X | |
| | 270 | X | | | X | | | | | | | X | |
| | 271 | | | | | | | | | | X | | |
| | 272 | | | | X | | | | | b5-per OIP | | X | |
| | 273 | | X | | | | | | X | | | X | |
| | 274 | | | | | | | | | | X | | |
| | 275 | | | | X | | | | X | b5-per OIP | | X | |
| | 276 | X | X | X | | | | | | b5-per OIP | | X | |
| | 277 | | | | X | | | | X | | | X | |
| | 278 | X | | | X | | X | | | b5-per OIP | | X | |
| | 279 | X | | | X | | | | | | | X | |
| | 280 | | | | | | | | | b5-per OIP | | X | |
| | 281 | X | | | X | | | | | b5-per OIP | | X | |
| | 282 | | | | | | | | | | X | | |
| | 283 | | | | | | | | X | | | X | |

| Document Description | Bates | b5 1 | b5 2 | b5 3 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 7E 2 | 7E 4 | Per OGA | RIF | RIP | FOIA WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 284 | | X | | | | | | X | | | X | |
| | 285 | | | | | | | | | b5-per OIP | | X | |
| | 286 | | | | | | | | | | X | | |
| Released In Part | 287 | | | | | | X | | | | | X | |
| | 288 | | | | | | | | | | X | | |
| Released In Part | 289 | | | | X | | X | | | | | X | |
| | 290 | | | | X | X | | | | | | X | |
| Released In Part | 291 | | | | | X | X | | | | | X | |
| | 292 | | | | | | | | | | X | | |
| Released In Part | 293 | | | | | X | | | | | | X | |
| | 294 | | | | | | X | | | | | X | |
| Released In Part | 295 | | | | X | X | | | | | | X | |
| | 296 | | | | | | | | | | X | | |

# 1:18-CV-01568
## Page Disposition Totals

| **Page Disposition Totals** |
|:---:|
| **Total: 296** |
| RIF: 178 |
| RIP: 109 |
| WIF: 9 |
| • FOIA Exemption(s):        9 |

| Document Description | Bates | 6/7C3 | 7A1 | 7E7 | RIF | RIP |
|---|---|---|---|---|---|---|
| Released in Part | 1 | | | | X | |
| | 2 | | | X | | X |
| | 3 | | | | X | |
| Released in Part | 4 | | | | X | |
| | 5 | X | | | | X |
| | 6 | | | | X | |
| Released In Full | 7 | | | | X | |
| | 8 | | | | X | |
| | 9 | | | | X | |
| | 10 | | | | X | |
| | 11 | | | | X | |
| | 12 | | | | X | |
| | 13 | | | | X | |
| | 14 | | | | X | |
| | 15 | | | | X | |
| | 16 | | | | X | |
| | 17 | | | | X | |
| Released In Part | 18 | | | | X | |
| | 19 | | X | X | | X |
| | 20 | | X | X | | X |
| | 21 | | X | X | | X |
| | 22 | | | | X | |