# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **TY CLEVENGER**, <br><br> Plaintiff, <br><br> vs. <br><br> **U.S. DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIATION, and NATIONAL SECURITY AGENCY,** <br><br> Defendants | Case No. 1:18-cv-1568-LB |

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO ENJOIN COMPLIANCE OR PERMIT DISCOVERY

NOW COMES the Plaintiff, Ty Clevenger, replying in support of his motion to enjoin compliance or permit discovery (Doc. No. 32):

### Introduction

The Plaintiff requests that the Court take judicial notice of the PLAINTIFF'S MOTION TO ACCEPT SUPPLEMENTAL EVIDENCE AND PLAINTIFF'S MOTION TO PERMIT DISCOVERY (hereinafter "PLAINTIFF'S MOTION") (Doc. No. 44) that was filed on today's date. As set forth therein, a former federal prosecutor admitted in an interview that the FBI had conducted an investigation of a computer belonging to Seth Rich. The Court will recall David M. Hardy's declarations wherein he testified that the FBI conducted a reasonable search for records pertaining to Mr. Rich, and that any records from the agency's Computer Analysis Response Team ("CART") would have been uncovered during that search. He further testified that no records were found. Mr. Hardy's testimony is no longer credible.

**Legal Argument**

In his response to the Defendants' motion for summary judgment, the Plaintiff directed the Court's attention to *Jett v. Fed. Bureau of Investigation*, wherein the FBI similarly refused to search its Electronic Surveillance Indices for records:

> Plaintiff further claims that, in addition to searching CRS, Defendant should have searched the Electronic Surveillance Indices ("ELSUR") database, a record-keeping system separate from CRS that the FBI uses to hold records pertaining to the agency's use of electronic or telephonic recordings that cannot be searched via the CRS database. Pl.'s Mem. at 8–9. As the FBI's affiant here, David Hardy, acknowledged in a declaration filed in another case, any responsive records within the ELSUR database would not be captured by a search of the CRS database. *See Shapiro v. DOJ*, 37 F.Supp.3d 7, 21 (D.D.C.2014) ("ELSUR indices also are automated, but constitute a separate system of records from CRS and cannot be retrieved through either the General Index or CRS."). According to Plaintiff, Defendant was on notice, "based upon its review of the responsive records that it located via its CRS database search, that the subject matter of this FOIA request involved several consensual interception[s] of telephonic voice recordings, which therefore required [an] additional search for records in the FBI's ELSUR record system." Pl.'s Mem. at 9. Upon learning of the existence of telephonic voice recordings, according to Plaintiff, the FBI "had a clear duty, as a component of its adequacy of search responsibilities, to follow-up on this lead, and search for any additional responsive records" within the ELSUR system. *Id*. (citing cases).

*Jett*, 139 F. Supp. 3d 352, 367–68 (D.D.C. 2015). In their reply, the Defendants made much of the Plaintiff's concession that *Jett* was "not directly on point because Mr. Hardy maintains that CART would have indexed any records pertaining to Seth Rich." Well, things have changed, and now it appears that *Jett* is squarely on point. As he did in *Jett*, Mr. Hardy gave inaccurate testimony about the reasonableness of the FBI's search for records, but this time he may have gone a step further. He testified that there was no need to search for records in CART, but now that testimony appears to be inaccurate. If the FBI confirmed to a federal prosecutor that it investigated Mr. Rich's computer, then there must be a record of that investigation somewhere, and the most likely place is CART.

The Defendants' reply also objected to the declaration of Edward Butowsky on the grounds that his testimony was hearsay, but that objection cuts both ways because Mr. Hardy's declaration is also based on hearsay. Federal courts have, however, permitted hearsay testimony in FOIA cases, although the hearsay testimony usually comes from government defendants. *See Wisdom v. United States Tr. Program*, 232 F. Supp. 3d 97, 115 (D.D.C. 2017) ("Hearsay is... acceptable for FOIA affidavits"), citing *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991) and *Carney v. Dep't of Justice*, 19 F.3d 807, 814 (2d Cir. 1994) ("An affidavit from an agency employee responsible for supervising a FOIA search is all that is needed to satisfy Rule 56(e); there is no need for the agency to supply affidavits from each individual who participated in the actual search"). Given the unusual circumstances of FOIA litigation, there is no reason to treat individual plaintiffs differently from government defendants. In FOIA litigation, neither plaintiffs nor defendants seek to conclusively establish facts for purposes of a regular judgment or verdict. Instead, the parties offer evidence about the reasonableness of the government's *search* for information (and the government is generally privy to far more relevant information than the requestor). Furthermore, basic principles of fairness and due process would caution against allowing hearsay testimony from one party but not the other. Mr. Hardy's declarations do not, for example, identify the FBI employees who searched for records and relayed the results to him. Accordingly, Mr. Butowsky should not be faulted because he withheld the identify of the government employee with whom he spoke. And given the revelations set forth in the PLAINTIFF'S MOTION, it now appears that Mr. Butowsky's source was right about the FBI having records pertaining to Seth Rich.

Respectfully submitted,

**/s/ Ty Clevenger**
Texas Bar No. 24034380
P.O. Box 20753
Brooklyn, New York 11202-0753
(979) 985-5289
(979) 530-9523 (fax)
*tyclevenger@yahoo.com*

PLAINTIFF PRO SE

# CERTIFICATE OF SERVICE

I certify that on October 8, 2019, I filed this document with the Court's ECF system, which should result in automatic notification to Kathleen A. Mahoney, counsel for the Defendants, at kathleen.mahoney@usdoj.gov.

**/s/ Ty Clevenger**
Ty Clevenger