SLR:RKH:KMA; 2018V00809

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

TY CLEVENGER,

                           Plaintiff,                Civil Action No. 18-CV-1568

   -against –

                                                     (Bloom, M.J.)

U.S. DEPARTMENT OF JUSTICE,
FEDERAL BUREAU OF INVESTIGATION,
and NATIONAL SECURITY AGENCY,

                           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

DEFENDANTS' MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S MOTION TO
ACCEPT SUPPLEMENTAL EVIDENCE AND
PLAINTIFF'S MOTION TO PERMIT DISCOVERY

                                                           RICHARD P. DONOGHUE
                                                           UNITED STATES ATTORNEY
                                                           Eastern District of New York
                                                           271-A Cadman Plaza East, 7th Floor
                                                           Brooklyn, New York  11201
                                                           October 15, 2019

KATHLEEN A. MAHONEY
Assistant U.S. Attorney
     (Of Counsel)

Defendants United States Department of Justice ("DOJ"), Federal Bureau of Investigation ("FBI), and National Security Agency ("NSA") (collectively "Defendants") respectfully submit this memorandum of law in opposition to Plaintiff's motion to accept supplemental evidence and to permit discovery (Plaintiff's Motion") in this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. *See* Dkt. #44, #45. As discussed below, Plaintiff's Motion should be denied.

Defendants' fully briefed motion for summary judgment and opposition to Plaintiff's motion to enjoin compliance or permit discovery were filed on October 1, 2019. Dkt. ##33-42; *see* Dkt. #32. On October 8, 2019, Plaintiff filed the instant motion concerning one of the two responses by the FBI to his FOIA requests that still remain at issue.[1] Despite the FBI having amply demonstrated that it conducted searches reasonably designed to locate responsive records if any existed, Plaintiff persists in maintaining that the FBI must have records concerning a deceased individual, Seth Conrad Rich ("Rich"), and that he should be permitted to conduct discovery related to his FOIA request. Dkt. #44 at 3-4. In addition, Plaintiff asks this Court to conduct an evidentiary hearing and compel the attendance of David Hardy (the FBI declarant and Section Chief of the FBI Record/Information Management Division) and "the CART chief" as witnesses. Dkt. #44 at 4.

The FBI demonstrated that, using methods calculated to locate records if any existed, it did not locate any record responsive to Plaintiff's FOIA request for records concerning Rich. *See* Defs. Reply & Opp. at 3-10; Memorandum of Law in Support of Defendants' Motion for

---

[1] *See* Memorandum of Law in Further Support of Defendants' Motion for Summary Judgment and in Opposition to Plaintiff's Motion for to Enjoin Compliance or Permit Discovery dated October 1, 2019 ("Defendants' Reply and Opposition") at 1-3 (summarizing the remaining issues); *see also* Dkt. #32.

1

Summary Judgment dated July 29, 2019 ("Defendants' Memorandum") at Point C. It is undisputed that the FBI performed different types of searches and did not locate any responsive records. The FBI searched its Central Records System ("CRS") recordkeeping system but did not locate any main or reference files for Rich, and it contacted the FBI Washington, D.C. field office to ascertain whether it had any records, which it did not. Defs. 56.1 ¶¶ 23, 30-33, 36; *see* Declaration of David M. Hardy dated October 3, 2018 (Dkt. #16-1) ("Hardy Decl.") ¶¶ 19-21, 22-23; Second Declaration of David M. Hardy dated July 29, 2019 (Dkt. #37) ("Second Hardy Declaration") ¶ 32 n.9.

As pointed out in Defendants' Reply and Opposition at n.2, Plaintiff failed to respond to Defendants' Statement Pursuant to Local Civil Rule 56.1 ("Defs. 56.1") as required by Local Civil Rule 56.1(b). Thus, pursuant to Local Civil Rule 56.1(c), Defendants' statements are deemed to be admitted. In addition, Plaintiff's response to Defendants' motion offered nothing more than Plaintiff's speculation and inadmissible hearsay concerning the possible existence of responsive records about Rich. *See* Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment and Plaintiff's Motion to Enjoin Compliance or Permit Discovery filed on September 17, 2019 (Dkt. #32) ("Plaintiff's Opposition") at 3-4. However, as shown in Defendants' Reply and Opposition at 3-9, Plaintiff's arguments were insufficient to rebut the presumption of good faith to be accorded to the facts stated in the agency declarations. *See, e.g., Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994).

In the instant motion seeking to supplement his prior response and to further support his motion to permit discovery, Plaintiff now asserts that the FBI acted in bad faith. Pl. Motion at 2-3. Relying on information purportedly discovered the day that Defendants filed their fully briefed motion, Plaintiff asserts that unsworn statements – including more hearsay - made

2

during a Conspiracyland podcast on July 30, 2019 (four weeks prior to service of Plaintiff's Opposition) establish that the FBI has responsive records.

Plaintiff's new "evidence" fails to cast doubt on the FBI declarations, let alone demonstrate bad faith on the part of the agency. Although during the selected excerpt of the podcast conversation, Ms. Sines emphatically stated there was no truth to the story that Rich had leaked Democratic National Committee emails to Wikileaks, she never expressly or unequivocally stated that the FBI had conducted an investigation, as Plaintiff claims. *See* Pl. Motion at 2, 3. At most, she referred to "allegations . . . that the FBI was looking into that." It was the statements made by the other party to the conversation that assumed the FBI had examined Rich's computer.

Further, even if the FBI had examined Rich's computer – which it does not concede that it did – that would not show that the FBI has any records responsive to Plaintiff's FOIA request that should have been located during its searches. Contrary to Plaintiff's assertion, in responding to Plaintiff's FOIA request, the FBI did not refuse to search the CART (the FBI component that Plaintiff believes conducted the alleged examination of Rich's computer) for records. *See* Pl. Motion at 3. The FBI conducted searches reasonably designed to locate records, including CART records, concerning Rich. FBI records that have investigative significance are serialized by agency and placed in the CRS for recordkeeping and future retrieval. Defs. 56.1 ¶ 25; *see* Hardy Decl. ¶¶ 11-14; *see also* Defs. Mem. at 18-21; Defs. Reply & Opp. at 4. The CRS encompasses the entire FBI organization (FBI Headquarters, Field Offices, and Legal Attaché Offices worldwide) and includes records of investigative, intelligence, personnel, administrative, applicant, and general files compiled and maintained by the FBI, indexed so they can be retrieved in the future. Defs. 56.1 ¶ 24; *see* Hardy Decl.

¶¶ 11, 12. The FBI's search of the CRS, the recordkeeping system on which it relies to fulfill essential functions such as conducting criminal, counterterrorism and national security investigations, would have located responsive records, including CART records, concerning Rich. *See* Def. 56.1 ¶ 28; *see also* Hardy Decl. ¶ 15, n.3. However, the FBI's search did not locate any main or reference files for Rich. Defs. 56.1 ¶¶ 30-32; *see* Hardy Decl. ¶¶ 19-20 and n.6. In other words, the FBI did not locate a file concerning Rich, *i.e.*, a main entry in the CRS indexed to Rich. Defs. 56.1 ¶¶ 30-31; *see* Hardy Decl. ¶¶ 19-20; *see also* Hardy Decl. ¶ 13.a. Nor did the FBI locate a reference file, *i.e.*, a file in which Rich is mentioned or cross-referenced. Defs. 56.1 ¶¶ 30-31; *see* Hardy Decl. ¶¶ 19-20; *see also* Hardy Decl. ¶ 13.b. Thus, there is no support for Plaintiff's conjecture that there are records referring to Rich filed under "Aaron Rich" that would demonstrate bad faith on the part of the FBI. *See* Pl. Motion at n.2.

In conclusion, Plaintiff has not shown bad faith on the part of the FBI that would warrant discovery or provide tangible evidence that summary judgment in favor of Defendants is otherwise appropriate. Accordingly, the Court should deny Plaintiff's motion to supplement and his request that the Court permit him to conduct discovery.

## CONCLUSION

For the foregoing reasons and those set forth in Defendants' Memorandum dated July 29, 2019 and Defendants' Reply and Opposition dated October 1, 2019, the Court should deny Plaintiff's motion to enjoin compliance or permit discovery, deny Plaintiff's motion to accept supplemental evidence and permit discovery, grant Defendants' motion for summary judgment, and dismiss this action in its entirety.

Dated: Brooklyn, New York
   October 15, 2019

                Respectfully submitted,

                RICHARD P. DONOGHUE
                UNITED STATES ATTORNEY
                Eastern District of New York
                Attorney for Defendants
                271-A Cadman Plaza East, 7th Floor
                Brooklyn, New York  112101
                (718) 254-6026/6498

s/*Kathleen A. Mahoney*
KATHLEEN A. MAHONEY
Assistant U.S. Attorney
  (Of Counsel)