

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

SLR:KMA; 2018V00809

*271-A Cadman Plaza East, 7th Floor*
*Brooklyn, New York 11201*

October 31, 2019

BY ECF

Honorable Lois Bloom
United States Magistrate Judge
225 Cadman Plaza East
Brooklyn, New York  11201

      Re:    Ty Clevenger v. U.S. Department of Justice, *et al.*,
                Civil Action No. 18-CV-01568 (WFK) (LB)

Dear Judge Bloom:

      This letter is respectfully submitted in response to the document filed by Plaintiff that is misleadingly captioned "Unopposed Motion for Stay" (Dkt. #48) in this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(b). As stated below, Defendants do not object to Plaintiff's request for a stay, but do object to his request that the Court take judicial notice of "recent developments in two other cases." Dkt. #48 at 2.

      Defendants' fully briefed motion for summary judgment and opposition to Plaintiff's motion to enjoin compliance or permit discovery were filed on October 1, 2019. Dkt. ##33-42; *see* Dkt. #32. On October 18, 2019, Your Honor denied Plaintiff's motion to accept supplemental evidence and to permit discovery regarding one of the two responses by the Federal Bureau of Investigation ("FBI") to Plaintiff's FOIA requests that still remain at issue. *See* Dkt. #44, #45 (filed October 8, 2019).

      On October 24, 2019, Plaintiff advised the undersigned by email that he intended to ask for a stay of this action while conducting discovery in unrelated non-FOIA cases in Texas. As there did not appear to be a good reason to object, we responded that we would not oppose his application. In his email communication, Plaintiff made no mention of asking the Court to take judicial notice of anything.[1]

---

[1] A copy of the email chain is enclosed.

Defendants oppose Plaintiff's motion to the extent that it requests that the Court take judicial notice. Specifically, Plaintiff wants the Court to take judicial notice of a filing in an unrelated criminal proceeding and of various internet postings. Dkt. #48 at 2. Plaintiff's request is a poorly disguised backdoor attempt to introduce new "information" for the Court to consider in deciding the pending summary judgment motion. The Court should refuse to allow Plaintiff to supplement his opposition to Defendants' motion for summary judgment and deny any implied request to conduct discovery relating to the FBI's response to Plaintiff's FOIA request for records concerning Seth Conrad Rich ("Rich").

Exhibit 1 to Plaintiff's motion (Dkt. #48-1), a reply brief in support of a motion to compel production of *Brady* material in full and unredacted form in the criminal prosecution of former National Security Advisor Michael Flynn, is wholly unrelated to Rich or Plaintiff's FOIA request. The reply brief in the Flynn prosecution provides no information, let alone evidence, to support Plaintiff's assertion that the FBI should have located documents in its search for records responsive to his FOIA request for records about Rich.

The same is true of the three internet postings cited by Plaintiff; none of them offers any suggestion, let alone evidence, that the FBI has records responsive to Plaintiff's FOIA request. Dkt. #48 at 2. The first cited item, the "Under the Radar" blog dated May 24, 2019, is about a defamation action brought by a woman against an alleged FBI informant and four news outlets who allegedly linked her to Russian efforts to influence President Trump's 2016 campaign. At most, the blog posting fleetingly mentions Rich in the context of stating that the plaintiff's attorney had also sued NPR and individuals on behalf of Ed Butowsky (Plaintiff Clevenger's client) with respect to his advancing of conspiracy theories about Rich's death. There is no mention of the FBI at all, let alone in relation to Rich. The second, an article posted on *The Hill* website (thehill.com) on July 9, 2019, simply reiterates conspiracy theories that have been promulgated and perpetuated about Rich's death. Again, nothing about the FBI. The third is a press release from Judicial Watch dated October 29, 2019, concerning the 13 pages (out of 42 responsive pages) that it received in response to a FOIA request for communications between Peter Strzok (FBI) and Bruce Ohr (Department of Justice ("DOJ")). The press release and the linked documents are not related to Rich.

It appears that Plaintiff included the Judicial Watch press release, which states that the DOJ initially responded that it found no records of communications between Strzok and Ohr, to argue that the FBI conceals records and, therefore, is concealing records about Rich that are responsive to his FOIA request. *See* Dkt. 48 at 3. As an initial matter, the FBI strenuously objects to Plaintiff's *ad hominem* attacks. Moreover, Plaintiff's assertion that the FBI refused to search for records about Rich in the locations where they most likely would be found is baseless. As the FBI has uncontestably demonstrated, it used methods reasonably calculated to locate records if any existed: it searched its Central Records System recordkeeping system but did not locate any main or reference files for Rich (including CART records), and it contacted the FBI Washington, D.C. field office to ascertain whether it had any records, which it did not. Defendants' Statement Pursuant to Local Rule 56.1 ¶¶ 23, 30-33, 36; *see* Declaration of David M. Hardy dated October 3, 2018 ¶¶ 19-21, 22-23 (Dkt. #16-1); Second Declaration of David M. Hardy dated July 29, 2019 ¶ 32 n.9 (Dkt. #37); *see also* Memorandum of Law in Support of Defendants' Motion for

Summary Judgment dated July 29, 2019 at Point C (Dkt. #35); Memorandum of Law in Further Support of Defendants' Motion for Summary Judgment and in Opposition to Plaintiff's Motion for to Enjoin Compliance or Permit Discovery dated October 1, 2019 at 3-10 (Dkt. #41).

In sum, while Defendants do not oppose a stay of this case if it would not convenience the Court, Plaintiff's request that Your Honor take judicial notice of the matters identified in his motion should be denied.

Thank you for Your Honor's consideration of this submission.

Respectfully submitted,

RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
Attorney for Defendants

By:  s/*Kathleen A. Mahoney*
KATHLEEN A. MAHONEY
Assistant U.S. Attorney
(718) 254-6026
kathleen.mahoney@usdoj.gov

Enclosure

cc:   By ECF

   Ty Clevenger
   Plaintiff Pro Se