SLR:SDE:KMA; 2018V00809

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

TY CLEVENGER,

                          Plaintiff,                        Civil Action No. 18-CV-1568

    -against –

                                                         (Bloom, M.J.)

U.S. DEPARTMENT OF JUSTICE,
FEDERAL BUREAU OF INVESTIGATION,
and NATIONAL SECURITY AGENCY,

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X


DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR EVIDENTIARY HEARING
AND MOTION FOR *IN CAMERA* REVIEW


                                                                   RICHARD P. DONOGHUE
                                                                   UNITED STATES ATTORNEY
                                                                     Eastern District of New York
                                                                     271-A Cadman Plaza East, 7th Floor
                                                                     Brooklyn, New York  11201
                                                                     February 10, 2020


KATHLEEN A. MAHONEY
Assistant U.S. Attorney
    (Of Counsel)

**PRELIMINARY STATEMENT**

Defendants respectfully submit this memorandum of law in opposition to Plaintiff's motion for an evidentiary hearing and motion for *in camera* review (Dkt. #53) in this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. As discussed below, Plaintiff has not demonstrated that he is entitled to the relief he is seeking, and his motions should be denied.

**STATEMENT OF THE CASE
AND PROCEDURAL HISTORY**

On March 18, 2018, Plaintiff filed this action challenging the responses or, in some instances, lack of response to several multi-part FOIA requests that he had made to multiple Department of Justice ("DOJ") components, including the Federal Bureau of Investigation ("FBI"), and to the National Security Agency ("NSA"). *See* Dkt. #1; *see also* Dkt. # 15 (status report recounting Plaintiff's requests). Defendants filed their answer on May 16, 2018. Dkt. #7. Plaintiff filed a First Amended Complaint ("FAC") on June 6, 2018. Dkt. #9. Defendants' filed their answer to the FAC on July 11, 2018. Dkt. #13.

At the time of the initial conference on July 17, 2018, Defendants were still processing some requests, although not the one at issue in the instant motion. *See* Dkt. #15. During a telephonic status conference on August 23, 2018, Plaintiff disputed the FBI's "no records" response to his request for records pertaining to Seth Conrad Rich ("the Rich request"),[1] insisting that the FBI had been involved in the investigation of his death. *See* Dkt. #16 at 6.

---

[1] A copy of the Rich request dated September 1, 2017, for all records and correspondence pertaining to Seth Conrad Rich ("Rich"), who was murdered in the District of Columbia on or about July 10, 2016, is Exhibit A to the Declaration of David M. Hardy dated October 3, 2018 ("Hardy Declaration") (Dkt. #16-1).

1

The Court directed the FBI to provide a declaration setting forth information about its search efforts with respect to the Rich request. *See id.* On October 9, 2018, Defendants filed a status report (Dkt. #16) and the Hardy Declaration (Dkt. #16-1), which described the FBI's search efforts in responding to the Rich request.

The Court conducted a telephonic status on October 11, 2018. With respect to the FOIA requests still being processed, Defendants filed their next status report on November 28 (Dkt. #18), and the Court conducted another telephonic status conference on December 5. As of December 12, 2018, Defendants had provided full responses to all of Plaintiff's FOIA requests. *See* Dkt. #18 at 2; Dkt. #33-1 ¶ 47.

On December 21, 2018, Plaintiff and Defendants' counsel met and conferred to identify which responses Plaintiff was still challenging and narrow the issues for motion practice. *See* Dkt. #14 at 1. On January 18, 2019, the parties consented to jurisdiction by the Magistrate Judge. Dkt. #20; *see* Dkt. #23. By letter dated January 22, 2019, Defendants requested a pre-motion conference for their contemplated motion for summary judgment with respect to the remaining claims. The Court determined that a conference was not necessary and established a briefing schedule, which subsequently was extended several times.[2]

Defendants served their motion for summary judgment on July 29, 2019. *See* Dkt. #26. On September 17, Plaintiff filed his motion for partial summary judgment and opposition to Defendants' motion. Dkt. #32 (Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment and Plaintiff's Motion to Enjoin Compliance or Permit Discovery). Plaintiff's opposition addressed only two of the FOIA responses (both by the FBI), including

---

[2] During this period, the parties were able to further narrow the disputes to be briefed.

2

the Rich request, and did not mention any of the arguments in Defendants' motion concerning the other responses.[3] *See* Dkt. #32 at 2-5; *see also* Dkt. #41 n.1. Defendants served their reply and filed their fully briefed motion and opposition to Plaintiff's motion to enjoin compliance or permit discovery on October 1. Dkt. #33-#42; *see also* Dkt. #16-1.

On October 8, 2019, Plaintiff filed Plaintiff's Motion to Accept Supplemental Evidence and Plaintiff's Motion to Permit Discovery. Dkt. #44. Plaintiff also filed Plaintiff's Reply in Support of Motion to Enjoin Compliance or Permit Discovery (Dkt. #45), which asked the Court to take judicial notice of information in the motion.[4] Both filings concerned the FBI's response to the Rich request (the response that is also the subject of the instant motion). Defendants opposed Plaintiff's motions. Dkt. #46. During a telephonic conference on October 18, 2019, the Court denied Plaintiff's motion (Dkt. #44), concluding that Plaintiff's proffers did not rise to the level of bad faith required to justify the discovery that he seeks.

On October 30, 2019, Plaintiff filed a motion to stay proceedings. Dkt. 48. Defendants did not oppose the stay but did oppose Plaintiff's request that the Court to take judicial notice of a filing in an unrelated criminal proceeding and several internet postings. Dkt. #49.

On January 27, 2020, Plaintiff filed a "Notice" in which he stated that he was "giving notice" to the Court that he sent a letter to several DOJ officials "regarding a possible fraud on

---

[3] Plaintiff is not challenging the responses by the DOJ Executive Office for United States Attorneys, DOJ Office of Information Policy, or DOJ Criminal Division to requests made to them for records pertaining to Rich.

[4] Plaintiff never requested a briefing schedule for a cross-motion or a date for a reply. The briefing schedules established by the Court for Defendants' motion did not provide for any reply by Plaintiff. *See* Docket Orders dated January 25, 2019, March 7, 2019, June 7, 2019, July 19, 2019, and August 29, 2019. Plaintiff's motion for an extension filed on August 28, 2019, sought only additional time to respond to Defendants' motion. Dkt. #28.

this Court" by the FBI employee who provided declarations in support of Defendants' motion for summary judgment. Dkt. #51. Exhibit 1 to the "Notice" is a letter dated January 27, 2020, to several DOJ officials in which Plaintiff stated that he wanted to file a criminal complaint regarding false statements made by the FBI declarant. Dkt. #51-1. In his letter, Plaintiff referenced a link to an email chain containing Rich's name that purportedly was sent to another FOIA requester. On January 29, Defendants filed a response that included the email chain on the pages at the link that Plaintiff identified in his letter.[5] Dkt. #52.

On February 3, 2020, at approximately 11:35 p.m., Plaintiff filed the instant combined motions for an evidentiary hearing and *in camera* review. Dkt. #53.

## ARGUMENT

### PLAINTIFF IS NOT ENTITLED TO THE RELIEF SOUGHT IN HIS MOTIONS

As shown below, Plaintiff's motions, which are virtually devoid of substantive argument, fail to demonstrate that he is entitled to an evidentiary hearing. Further, Plaintiff does not have standing to request that the Court conduct *in camera* review of a record released to another FOIA requester. Accordingly, Plaintiff's motions should be denied.

**A. Plaintiff's Request for an "Evidentiary Hearing" Must be Denied**

Plaintiff's request that the Court conduct an evidentiary hearing does not identify the purpose of such a hearing. *See* Dkt. #53 at 7-8. Consequently, both the Court and Defendants

---

[5] In the instant motion, Plaintiff inexplicably makes much of this submission, contending that the FBI effectively stipulated that the email chain is what the FBI sent to the other requester (Judicial Watch). Dkt. #53 at 6-7. The response to Plaintiff's "Notice" simply was attempting to provide context to the Court for Plaintiff's "Notice" (something Plaintiff had not done), and was not intended to constitute verification of the authenticity of the materials posted at the link by Judicial Watch.

are left to guess what Plaintiff thinks would be accomplished by the conducting of a hearing. If Plaintiff's purpose is to prove "fraud on the court," such an exercise would be a waste of the Court's time and resources. Plaintiff cannot demonstrate that the FBI has engaged in fraud that seriously affects the integrity of the normal process of adjudication. To the extent that Plaintiff is seeking discovery of David M. Hardy, the FBI declarant, deposing him would serve no purpose.

As this Court has explained, "[t]he basic tenet of a fraud upon the court is when a party lies to the court and his adversary intentionally, repeatedly, and about issues that are central to the truth-finding process. . . . fraud upon the court occurs where a party has acted knowingly in attempt to hinder the fact finder's fair adjudication of the case and his adversary's defense of the action." *Abbott Laboratories v. Adelphia Supply USA*, 15-CV-5826 (CBA)(LB), 2019 WL 3281324, at *3 (E.D.N.Y. May 2, 2019) (citations and internal quotation marks omitted) (Report & Recommendation on motion for sanctions).

Here, the FBI has not lied or played word games in an attempt to conceal responsive records as Plaintiff implausibly contends. *See* Pl. Motion at 2. To the contrary, in its multiple filings with this Court, the FBI has not been anything other than forthright, transparent, and unvarying in its statements about its searches for records responsive to the Rich request.

The FBI has consistently stated that:

(1) prior to receipt of Plaintiff's September 1, 2017 FOIA request, the Record/Information Dissemination Section ("RDIS"), Information Management Division, had contacted the FBI Washington, D.C. Field Office ("WFO") on June 21, 2017, in connection with a request from another FOIA requester for records concerning Rich's murder, and was told that the District of Columbia Police Department ("DC Metro Police") had declined the WFO's offer to assist in their investigation of Rich's murder and that the WFO had not opened an investigation into Rich's murder;

5

(2) to locate records, if any, responsive to Plaintiff's request, the RDIS searched the FBI's Central Records System ("CRS") recordkeeping system, which is an extensive system of records comprising applicant, investigative, intelligence, personnel, administrative, and general files compiled and maintained by the FBI of records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices worldwide;

(3) the CRS searches would have located any main entry indexed to records for "Seth Rich," "Rich, Seth" or "Seth Conrad Rich" (*i.e.,* files in which Rich is the designated subject);

(4) the CRS searches would have located any reference entry "Seth Rich," "Rich, Seth" or "Seth Conrad Rich" (*i.e.*, files about a different subject in which Rich is cross-referenced);

(5) the CRS searches did not locate any main or reference file for Rich;

(6) the CRS searches included and would have located any responsive Computer Analysis and Response Team ("CART") records;

(7) the CRS searches included and would have located any emails of investigative significance concerning Rich;

(8) by letter dated September 19, 2017, the RIDS responded to Plaintiff's FOIA request dated September 1, 2017, that they had conducted a search of the CRS and were unable to identify any main file records responsive to his request; and

(9) after receipt of the Complaint filed in this action (on March 18, 2018), the RDIS contacted the WFO again on April 4, 2018, and confirmed that the WFO did not provide the District of Columbia Metropolitan Police Department with investigative or technical assistance (including CART assistance) or open an FBI investigation into Rich's murder.

Defendants' Statement Pursuant to Local Civil Rule 56.1 ("Defs. 56.1") (Dkt. #33-1)

¶¶ 23-34;[6] Hardy Decl. ¶¶ 11-24 and n.6, Ex. B; Second Declaration of David M. Hardy dated

---

[6] Despite having been served with Defendants' Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment (Dkt. #34), Plaintiff, an attorney, failed to respond to Defendants' 56.1 Statement as required by Local Civil Rule 56.1(b). Thus, Defendants' statements concerning the Rich request are deemed to be admitted. Local Civil Rule 56.1(c).

July 29, 2019 (Dkt. #37) ("Second Hardy Decl.") ¶ 32 n.9; *see also* Dkt. #35 at 18-20; Dkt. #41 at 4, 6, 7; Dkt. #46 at 1-4.

Thus, there is nothing to support Plaintiff's claim of "fraud on the court." To the extent that Plaintiff is arguing that the FBI did not conduct an adequate search for responsive records, nothing would be accomplished by an evidentiary hearing or deposing Mr. Hardy. The facts concerning the extent, nature, and rationale for the FBI's searches are already in the record before the Court. Nevertheless, Plaintiff continues to grasp at straws in an unavailing effort to undermine the FBI's argument that it has discharged its obligations under the FOIA.[7] The most that Plaintiff is now proffering is a stray email -- not a substantive email concerning Rich that would have been indexed (and, therefore, located during the CRS searches) -- that was released to another requester in response to a request that did not seek records about Rich.

To prevail on its motion for summary judgment in a FOIA action, the agency must show that it conducted an adequate search for responsive records. *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994). Agency declarations supplying facts indicating that the agency conducted a thorough search are sufficient to sustain the agency's burden, and are accorded a presumption of good faith. *Id.* (citation omitted); *see also Kuzma v. U.S. Dep't of Justice*, 692 F. Appx. 30, 32 (2d Cir. 2017). When a FOIA plaintiff questions the adequacy of

---

[7] Plaintiff's prior submissions advanced obviously incorrect arguments based on speculation and vague, unsworn statements. For example, Plaintiff maintained that the FBI acted in bad faith by arbitrarily refusing to contact the CART or search for CART records (Dkt. #32 at 3; Dkt. #44 at 3) even though Defendants made clear from the start that the FBI's searches of the CRS would have located responsive CART records. *See* Defs. 56.1 ¶ 32. Plaintiff also contended, without any factual basis, that there are records referring to Rich filed under "Aaron Rich" even though the descriptions of the CRS searches in the Hardy Declaration had shown that even if Plaintiff's speculation were true, Rich would have been located as a cross-reference entry in such a file if one existed. *See* Dkt. #44 at 2.

7

an agency's search, the factual question raised is whether the search was reasonably designed to discover the requested records. *Grand Central Partnership*, *Inc. v. Cuomo*, 166 F.3d 473, 489 (2d Cir. 1999) (citation omitted); *see also Kuzma,* 692 F. Appx. at 32 (A search is adequate if it was reasonably calculated to discover the requested documents). Once an agency shows that its search was adequate, in order to justify discovery relating to the search, the plaintiff must make a showing of bad faith on the part of the agency sufficient to impugn the agency's declarations. *Carney*, 19 F. 3d at 812 (citation omitted); *Flores v. U.S. Dep't of Justice*, 15-CV-2627 (JMA) (RLM), 2016 WL 7856423, at *9 (E.D.N.Y. Oct. 4, 2016) (Report and Recommendation).[8]

It is well established that "an agency's search need not be perfect, but rather need only be reasonable." *Grand Central Partnership*, 166 F.3d at 489 (citation omitted); *Conti v. U.S. Dep't of Homeland Security*, No. 12 Civ. 5827 (AT), 2014 WL 1274517, at *13 (S.D.N.Y. Mar. 24, 2014) (same). Adequacy turns on the search method employed and not whether the search uncovered every document extant. *Grand Central Partnership,* 166 F.3d at 489; *see Kuzma,* 692 F. Appx. at 32 (same). The Second Circuit has made clear that "a search is not inadequate because it does not identify all responsive records." *New York Times Co. v. U.S. Dep't of Justice*, 756 F.3d 100, 124 (2d Cir. 2014); *see also Adamowicz v. Internal Revenue Service*, 402 F. Appx. 648, 651 (2d Cir. 2010) ("an agency need not show that its search uncovered every extant responsive document"); *Garcia v. U.S. Dep't of Justice, Office of Information and Privacy*, 181 F. Supp. 2d 356, 368 (S.D.N.Y. 2002) (A search is reasonable and adequate even if it fails to produce all relevant material). "An agency is not expected to

---

[8] *adopted* 2017 WL 238425 (E.D.N.Y. Jan. 18, 2017), *aff'd* 712 F. Appx. 107 (2d Cir. 2018).

8

take extraordinary measures to find the requested records, nor is it obligated to search every record system or use all possible variants of a particular name or search term." *Zhao v. U.S. Dep't of State*, 320 F. Supp. 3d 505, 509 (E.D.N.Y. 2018) (internal quotation marks and citation omitted), aff'd 776 F. Appx. 733 (2d Cir. 2019).

Here, the FBI demonstrated that it conducted an adequate search using methods calculated to locate responsive records. *See* Dkt. #35 at 17-22; Dkt. #41 at 3-10; *see also* Dkt. #46 at 1-2. Plaintiff has not shown that the FBI's search was unreasonable. Further, Plaintiff not demonstrated that he is entitled to an evidentiary hearing or a deposition of the FBI declarant.

### B. Plaintiff's Request for *In Camera* Review Must be Denied

Plaintiff's motion for *in camera* review asks the Court to order the FBI to produce unredacted copies of the emails attached to Defendants' response to his Notice. Pl. Motion at 7. Plaintiff appears to be disputing redactions in a document that was received by another FOIA requester and urging the Court to determine whether FOIA exemptions were properly asserted. *See* Pl. Motion at 4. However, Plaintiff does not have standing to challenge those redactions.

It is incontrovertible that the email chain was not released to Plaintiff by the FBI in response to his September 1, 2017 FOIA request. *See* Defs. 56.1 (Dkt. #33-1) ¶¶ 22-36. Thus, Plaintiff has no standing to challenge the redactions made in that document that was released in response to another requester's FOIA request. A person whose name does not appear on a request for records does not have a right to challenge the agency's response to that request. *McDonnel v. United States*, 4 F.3d 1227, 1236-37 (3d Cir. 1993); *McKevitt v. Mueller,* 689 F. Supp. 2d 661, 667 (S.D.N.Y. 2010); *see Slaughter v. National Security Agency*, Civ. Action No. 15-5047, 2015 WL at *2 (E.D. Pa. Nov. 16, 2015) ("the right to challenge an agency's

9

adverse decision in federal court belongs exclusively to the requester"); *Klayman v. Clinton*, No: 15-cv-80388-Middlebrooks, 2015 WL 10857500, at n.2 (S.D. Fla. Aug. 11, 2015) ("that harm was suffered by Freedom Watch, the named requester associated with both FOIA requests, and not by Plaintiff"); *see also Smallwood v. U.S. Dep't of Justice*, 266 F. Supp. 3d 217, 220 (D.D.C. 2017).

Plaintiff does not stand in the shoes of the other FOIA requester and cannot challenge the FBI's redactions or assertions of exemptions made in response to that other FOIA requester. Accordingly, this Court should deny Plaintiff's motion requesting that it conduct *in camera* review.

## **CONCLUSION**

For the foregoing reasons and those set forth in Defendants' motion for summary judgment, the Court should deny Plaintiff's motions for an evidentiary hearing and for in camera review, deny Plaintiff's motion for partial summary judgment, grant Defendants' motion for summary judgment, and dismiss this action in its entirety.

Dated: Brooklyn, New York
February 10, 2020

                                               Respectfully submitted,

                                               RICHARD P. DONOGHUE
                                               UNITED STATES ATTORNEY
                                               Eastern District of New York
                                               Attorney for Defendants
                                               271-A Cadman Plaza East, 7th Floor
                                               Brooklyn, New York  112101
                                               (718) 254-6026
                                               kathleen.mahoney@usdoj.gov

s/*Kathleen A. Mahoney*
KATHLEEN A. MAHONEY
Assistant U.S. Attorney
   (Of Counsel)