IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

TY CLEVENGER,

    Plaintiff,

vs.

U.S. DEPARTMENT OF JUSTICE,
FEDERAL BUREAU OF
INVESTIATION, and NATIONAL
SECURITY AGENCY,

    Defendants

Case No. 1:18-cv-1568-LB

## MOTION FOR RECONSIDERATION

NOW COMES the Plaintiff, Ty Clevenger, moving the Court reconsider its April 3, 2020 Memorandum & Order (hereinafter "Order") (Doc. No. 58) as permitted by Fed. R. Civ. P. 59:

### Introduction

In his March 29, 2020 Notice (Doc. No. 57), the Plaintiff informed the Court about the March 20, 2020 deposition of former Asst. U.S. Attorney Deborah Sines, and he further told the Court that he would provide a copy of Ms. Sines's testimony after it became available. The Order was released on April 3, 2020, before the Plaintiff filed the transcript, but he has attached as Exhibit 1 to this motion a true and correct transcript of Ms. Sines's testimony (hereinafter "Transcript").[1] The Plaintiff respectfully moves the Court to reconsider the Order, particularly pages 15-19, in light of Ms. Sines's testimony. Even without her testimony, however, the Plaintiff can establish that the government was not entitled to summary judgment.

---

[1] The Plaintiff declares under penalty of perjury under the laws of the United States, as witnessed by his signature below, that Exhibit 1 is a true and correct copy of the March 20, 2020 deposition of Deborah Sines.

## Argument

As the Order indicates, FBI Section Chief David M. Hardy testified by affidavit that the FBI was unable to locate any records about Seth Conrad Rich after conducting a reasonable search. *See* Order 16-17, citing Declaration of David M. Hardy ("Hardy Declaration"). FBI personnel searched various computer index systems for records referencing Mr. Rich, according to Mr. Hardy, and if Mr. Rich had been the subject of any sort of investigation, then responsive records would have been found by the index search. *Id*. According to Ms. Sines's testimony, however, the FBI <u>did</u> investigate matters pertaining to Mr. Rich. She testified to the following:

- Following Mr. Rich's death, the FBI investigated attempts to hack into his electronic accounts. Transcript 38-39. The FBI also examined Mr. Rich's laptop computer. *Id*. at 37-38.

- She exchanged emails with FBI personnel regarding Seth Rich. *Id*. at 35.

- She reported her concerns about Seth Rich to Special Counsel Robert Mueller, and she was interviewed by a prosecutor and an FBI agent assigned to Mr. Mueller's team. *Id*. at 30-31.

The last point is particularly significant, because the agent should have submitted an FD-302 form recording Ms. Sines's statements regarding the Seth Rich matter. *See* "FBI's Interview Report Form FD-302," *Thomson Reuters Practical Law* (https://content.next.westlaw.com/Document/I5a46ff877ecc11e8a5b3e3d9e23d7429/View/FullText.html?contextData=(sc.Default)&transitionType=Default&firstPage=true&bhcp=1). Regardless, there certainly <u>was</u> an investigation pertaining to Seth Rich, and Mr. Hardy's testimony – *i.e.*, that Mr. Rich's name would appear in the vaunted index systems if an investigation pertained to him – is clearly false. Accordingly, a "reasonable search," at least under the circumstances of this case, would require a lot more than relying exclusively on the FBI's flawed index systems.

On January 27, 2020, the Plaintiff made the Court aware of FBI emails about Seth Rich that were produced (accidentally?) to Judicial Watch, Inc. in response to a FOIA request for communications between FBI lawyer Lisa Page and Special Agent Peter Strzok. *See* January 27, 2020 Notice (Doc. No. 51). The Plaintiff subsequently moved the Court to permit an evidentiary hearing and conduct an *in camera* review. *See* Motion for Evidentiary Hearing and Motion for *In Camera* Review (Doc. No. 53). The Plaintiff adopts that motion herein by reference as if fully set forth herein, and he has attached a copy of the emails that were produced to Judicial Watch. *See* Exhibit 2, pp. 123-124. The Order makes no reference to those e-mails, much less the fact that they originated exactly where the Plaintiff said the FBI should search, *i.e.*, the Washington Field Office. The Plaintiff respectfully asks the Court to address their relevance. The FBI did not dispute the authenticity of the emails nor the fact that they originated in the Washington Field Office, yet it still refused to search for additional emails or other responsive records in the very place where they were *known* to exist, *i.e.*, the Washington Field Office.[2] As such, the Order cannot be reconciled with established case law:

> [A]n agency must search all locations likely to contain responsive records; not simply where the records are "most likely" to be found. *See Schwartz*, 2017 WL 78482, at *7, 2017 U.S. Dist. LEXIS 2316, at *19-20; *Nat'l Day Laborer Org. Network v. U.S. Immigration & Customs Enf't Agency*, 877 F. Supp. 2d 87, 98 (S.D.N.Y. 2012) ("[T]he government is not required to search only the files ... 'most likely' to have responsive records; it must also search other locations that are reasonably likely to contain records.")(citations omitted) *DiBacco v. United States Army*, 795 F.3d 178, 190 (D.C. Cir. 2015) (" '[M]ost likely' is not the relevant metric")(citations omitted); *Mobley v. C.I.A.*, 806 F.3d 568, 582, 420 U.S. App. D.C. 108 (D.C. Cir. 2015) ("Had the [agency] only searched the record systems 'most likely' to contain responsive records, its search would be inadequate.")

---

[2] Based on Ms. Sines's testimony, the FBI should also be required to search for (1) records from the agent who interviewed her on behalf of the special counsel and (2) emails that she exchanged with the FBI. *See* Transcript 35 (acknowledging that she exchanged communications with the FBI). Likewise, the FBI should be required to search for additional emails (or other responsive records) from Ms. Page and Agent Strzok.

*Knight First Amendment Inst. at Columbia Univ. v. U.S. Dep't of Homeland Sec.*, 407 F. Supp. 3d 311, 324 (S.D.N.Y. 2019). In his earlier motion (Doc. No. 53), the Plaintiff noted that, based on the exemption codes cited by the FBI when making redactions, it is clear that the FBI was investigating something pertaining to Seth Rich (after all, the header in the email string is "Seth Rich"). That means only one of two things: either the FBI's index systems are not nearly so reliable as Mr. Hardy suggests, or the FBI is *deliberately* hiding records about Seth Rich. In either case, the FBI's request for summary judgment on this issue should be denied, and the FBI should be ordered to search "all locations likely to contain responsive records," *Knight*, 407 F. Supp. 3d at 324. That is particularly true for places like the Washington Field Office, where responsive records have already leaked out. The Plaintiff moves the Court to modify the Order accordingly.

Respectfully submitted,

**/s/ Ty Clevenger**
Ty Clevenger
Texas Bar No. 24034380
P.O. Box 20753
Brooklyn, New York 11202-0753
(979) 985-5289
(979) 530-9523 (fax)
*tyclevenger@yahoo.com*

PLAINTIFF PRO SE

## CERTIFICATE OF SERVICE

I certify that on May 1, 2020, I filed this document with the Court's ECF system, which should result in automatic notification to Kathleen A. Mahoney, counsel for the Defendants, at kathleen.mahoney@usdoj.gov.

**/s/ Ty Clevenger**
Ty Clevenger